UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 08-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEONARD LAWSON, CHARLES WILLIAM NIGHBERT and BRIAN RUSSELL BILLINGS, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of a motion to dismiss the indictment based on Defendants Leonard Lawson, Charles Nighbert, and Brian Billings' ("Defendants") contention that the United States violated Rule 6(e) of the Federal Rules of Criminal Procedure which governs the secrecy of grand jury proceedings. [Record No. 85] As a result of this alleged violation, the Defendants ask the Court to dismiss the indictment against them. For the reasons discussed below, the Court will deny the Defendants' motion.

## I.   BACKGROUND

Rule 6(e) prohibits "an attorney for the government" or "any government personnel . . . that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law" from disclosing "a matter occurring before the grand jury." FED. R. CRIM. PRO. 6(e)(2) and (3). At issue is the government's public disclosure of FBI Special Agent T. Clay Mason's application and affidavit for a search warrant (the "affidavit").

-1-

This affidavit contained grand jury material that summarized the government's investigation of the Defendants' alleged illegal activities. Various newspaper reporters obtained copies of the affidavit from the Clerk's Office in London, Kentucky in early August 2008. [Record Nos. 85, 99] Both before and after the Lexington grand jury returned the indictment on September 3, 2008, numerous newspapers, television news reports, and internet websites featured details of the government's investigation of the Defendants. The Defendants allege that this publicity portrayed them in a negative light to those who were exposed to it – namely, the Lexington jury division from which the grand jurors were drawn. Further, the Defendants contend that the publicity was extensive enough to have influenced the jury's decision to indict. As a remedy for the alleged violation, the Defendants request: (1) a transcription of all grand jury proceedings; (2) an evidentiary hearing on the circumstances surrounding the disclosure of the affidavit; and (3) dismissal of the indictment. In the alternative, the Defendants ask for any other appropriate remedies, including disqualification of any member of the United States Attorney's office or FBI agent who is found to have violated Rule 6(e).

## II. ANALYSIS

### A. Rule 6(e)

Rule 6(e) specifies that an attorney for the government may not disclose grand jury materials. "A knowing violation of Rule 6 . . . may be punished as a contempt of court." FED. R. CRIM. PRO. 6(e)(7). However, a government attorney may disclose such information to any government personnel who is "necessary to assist in performing that attorney's duty to enforce federal criminal law." FED. R. CRIM. PRO. 6(e)(3)(A)(ii). In this matter, the government points

out that an FBI agent's disclosure of grand jury material in a search warrant is clearly central to its duty of enforcing federal criminal law. The Court agrees that the government's inclusion of grand jury material in the search warrant affidavit is indeed a permissible disclosure of grand jury material. However, the issue here is not with the government's disclosure of grand jury material in the search warrant, but rather with the government's alleged disclosure of that search warrant information to the press.

The United States offers an argument that essentially excludes a search warrant affidavit from the definition of "grand jury materials." The Sixth Circuit provides a helpful description of these materials:

> Documents obtained by the grand jury . . . are presumed to be matters occurring before the grand jury and therefore protected from disclosure. Mere contact with a grand jury, however, does not change every document into a matter 'occurring before a grand jury' within the meaning of Rule 6. A moving party has the opportunity to rebut the presumption by showing that **the information is public or was not obtained through coercive means or that disclosure would be otherwise available by civil discovery and would not reveal the nature, scope, or direction of the grand jury inquiry**.

*United States v. Rutherford*, 509 F.3d 791, 795 (6th Cir. 2007) (emphasis added). Thus, a party may rebut the presumption that documents are grand jury material by showing that: (1) the information is public; (2) the information was not obtained through coercive means; or (3) civil discovery would otherwise bring about disclosure, without revealing details of the grand jury inquiry. The government bases its argument on the first rebuttal option – that the affidavit was public information. In support, it points to an "established procedure" followed in the Eastern District of Kentucky whereby a search warrant and affidavit are automatically unsealed after the warrant is executed and returned. [Record No. 99] Unless a party moves to seal the file, the

warrant and affidavit are unsealed and, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, filed in the District Court Clerk's office. Rule 41(i) directs "the magistrate judge to whom the warrant is returned . . . to attach to the warrant a copy of the return, of the inventory, and of all other related papers and must deliver them to the clerk in the district where the property was seized." FED. R. CRIM. PRO. 41(i). All papers filed with the clerk are public records. Therefore, unless the government requests a sealing order, the warrant materials become public records like any other document filed with the court. Both the Eighth and Ninth Circuits have recognized that "search warrant applications and receipts are routinely filed with the clerk of court without seal." *McDonnell Douglas*, 855 F.2d at 573; *see also Times Mirror*, 873 F.2d at 1214. Thus it is the exception, rather than the norm, that the government moves the court to seal a warrant upon return.

In this case, the Rule 41 procedure was carried out as usual and the United States apparently saw no need to move for the subject affidavit to be sealed once the magistrate judge sent the file to the clerk's office. The government argues that, under this procedure, failure to move to seal the affidavit – a public document – cannot be the basis for a Rule 6(e) violation. In fact, it contends that moving to seal the affidavit would have been an unwarranted measure harmful to the public. The government lays out a full analysis based on a line of cases addressing public right of access to court documents, urging this Court to adopt the balancing test formulated in a D.C. district court case, *In re Search Warrants*, No. 87-186, 1990 WL113874 (D.D.C. July 26, 1990). These cases only serve to illustrate the conflict between many different courts regarding whether there is a First Amendment right of access to search

warrant affidavits. And as relevant points of analyses, they are limited in their applicability. In each case, either the government or a magistrate judge sought or ordered the search warrant affidavit sealed, and another party – usually the press – sought to have the document unsealed. Here, neither the United States nor the Magistrate Judge made attempts to seal the affidavit and the Defendants are not attempting to gain access to the document. Instead, the Defendants are attempting to hold the government responsible for having allowed others access. In essence, the cited cases address the question of whether the press has a First Amendment right to search warrants that a court has sealed in the interests of the government's investigation. These cases do not address the subtly different question at issue here: whether and how Rule 41 procedures concerning search warrants are affected by Rule 6(e)'s secrecy requirements.

Because of these differing inquiries, the Court cannot accept the government's "balancing test" for public right of access to grand jury materials. In its response to the Defendants' motion to dismiss, the United States argues that this balancing test trumps the plain meaning of Rule 6(e):

> The defendants imply that there is a hard and fast rule that prohibits the disclosure of court documents containing grand jury material until the indictment has been returned. Because in the usual case the balancing test favors continued secrecy until an indictment is handed down, it is easy to understand how one might reach that conclusion.

[Record No. 99] However, Rule 6(e) *is* a hard and fast rule prohibiting disclosure of grand jury materials. Further, Rule 6(e) does address the sealing and unsealing of documents containing grand jury materials. "Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure

of a matter occurring before a grand jury." FED. R. CRIM. PRO. 6(e)(6). Although the Court is inclined to believe that the search warrant affidavit is indeed a Rule 6(e) record for which there is no automatic public right of access, the Court is unable to conclude that the United States knowingly violated Rule 6(e) by failing to move to seal the affidavit.

In other disclosure cases, the government's attorney or another government agent actually provided information from grand jury proceedings to a member of the press. *See United States v. Van Engel*, 809 F. Supp. 1360 (E.D. Wis. 1992) (determining whether violation occurred when government agent met with reporters for an interview and spoke about contents of search warrant affidavit); *United States v. Smith*, 815 F.2d 24 (6th Cir. 1987) (determining appropriate jury instruction for contempt case in which DEA agent disclosed investigative reports to a newspaper reporter). Here, the government failed to move to seal the subject affidavit, the affidavit was filed in the clerk's office pursuant to Rule 41 where it was eventually viewed by members of the press.

In summary, the government's failure was an omission born of an established procedure in this district and many others. While it is clear that there is some discord between Rules 6(e) and 41, it is not the place of this Court to legislate. And although the Court agrees with the Defendants that these procedures could lead to potential government abuse, the Court cannot find that the United States abused Rule 41 procedures in order to intentionally leak grand jury information. Thus, the government's failure to move to seal the affidavit does not warrant sanctions.

However, in the interests of ensuring that the Defendants' motion has been fully considered, the Court will address the issue of the pre-trial publicity generated from the affidavit and its effect on the grand jury's decision to indict. Even absent a Rule 6(e) violation, the Court recognizes the possibility that the grand jury may have been prejudiced by information in the media.

### B. Alleged Prejudice to the Defendants

"Dismissal of the indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (internal citation omitted). The Sixth Circuit has long upheld a stringent standard for dismissal as well:

> "[A] court may not order dismissal of an indictment under its supervisory power unless the defendant demonstrates that prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in the district. In addition to demonstrating long-standing prosecutorial misconduct, a defendant who seeks dismissal of an indictment also must show that he was prejudiced by the prosecutor's actions.

*United States v. Goldsby*, 125 Fed. App'x 687, 691 (6th Cir. 2005) (unpublished) (citing *United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir. 1985)). Only if "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair" is there a presumption of prejudice. *Bank of Nova Scotia*, 487 U.S. at 257. Otherwise, "[b]ecause of the well-accepted principle that grand jury indictments are presumed valid, we exercise extreme caution in dismissing an indictment for alleged grand jury misconduct." *United States v. Overmyer*, 899 F.2d 457, 465 (6th Cir. 1990).

This Court is reluctant to further impinge on the secrecy of grand jury proceedings by granting the Defendants' request for both transcription and an evidentiary hearing. "The nature of a grand jury's work requires that its proceedings remain secret." *Application of Storer Communications, Inc.*, 828 F.2d 330, 336 (6th Cir. 1987). However, the Court recognizes that it is difficult to assess any prejudicial impact on a grand jury proceeding without knowledge of the contents of the proceeding itself. To this end, the Court will order transcription of the proceedings and review the transcript *in camera*. Upon reviewing the transcript, the Court will conduct an evidentiary hearing, or take other measures, if necessary. In reviewing the transcript, the Court will examine whether the jury's decision to indict was substantially influenced by the publicity surrounding the information.

### III. CONCLUSION

Having reviewed the record, the Court denies the Defendants' motion to dismiss the indictment and request for an evidentiary hearing. And because of the important concerns behind grand jury secrecy, the Court also denies the Defendants' request for transcription of grand jury proceedings. Instead, the Court will review the grand jury transcript *in camera*, and order an evidentiary hearing, if necessary, following such review. Accordingly, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss Indictment [Record No. 85] is **DENIED**, without prejudice, and subject to the Court's reconsideration following further review. The United States is directed to produce a copy of the grand jury transcript for the undersigned's *in camera* review.

This 24th day of December, 2008.



Signed By:
*Danny C. Reeves* DCR
**United States District Judge**