UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

CRIMINAL NO. 08-21-DCR

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                         MEMORANDUM OPINION AND ORDER

LEONARD V. LAWSON,
CHARLES WILLIAM NIGHBERT, and
BRIAN RUSSELL BILLINGS                                                                      DEFENDANTS

\*\* \*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the court on the motion of the United States to quash a third-party subpoena *duces tecum* which defendant Leonard V. Lawson ("Lawson") served to James Rummage.[1] This motion to quash [DE #33] has been fully briefed and was heard on November 10, 2008, in a combined hearing with other motions also being heard at that time.

The record also reflects that by Order of December 2, 2008, the Magistrate Judge established a protocol that the parties are required to follow in obtaining documents from third parties via subpoenas duces tecum. The Order establishing the protocol essentially rendered moot the foregoing motion identified as DE #33, and by Order of December 2, 2008, the Magistrate Judge denied the motion of the United States to quash the subpoena *duces tecum* served to James Rummage. However, defendant Lawson's subpoena *duces tecum* served to James Rummage was served to him in September of 2008, prior to the development of the protocol established by the Order of December 2, 2008. Thus, the service of this subpoena *duces tecum* did not follow the protocol established by the Order of December 2, 2008; therefore, in order to be consistent with the protocol, the Magistrate Judge has reviewed the subpoena *duces tecum* defendant Lawson served

---

[1] Marc S. Murphy, counsel for James Rummage, accepted service of the subpoena duces tecum on behalf of James Rummage.

to James Rummage and the thirty-five (35) items defendant Lawson requested James Rummage to produce. In the process of conducting that review, the Magistrate Judge has also considered the merits of the motion of the United States to quash the subpoena *duces tecum* served to James Rummage.

### Discussion/Analysis

At the outset, it must be kept in mind that Rule 17(c) subpoenas are not a substitute for Rule 16 discovery. They must be specific, not a fishing expedition. *United States v. Hughes*, 895 F.2d 1135 (6th Cir. 1990) (defendant's subpoena requesting comparative pharmaceutical records properly quashed); *United States v. Justice*, No. 00-1075, 2001 WL 820902, (6th Cir. June 25, 2001) (unpublished opinion). Rule 17(c) subpoenas may not require oppressive and abusive responses, and they must seek relevant documents, known to exist, and that are not privileged. *United States v. Shook*, No. 84-3626, 1985 WL 13808 (6th Cir. October 16, 1985) (unpublished opinion) (defendants not entitled to perusal of informant's file with ATF; request not specific).

In view of the foregoing applicable law, the Magistrate Judge has reviewed each of the thirty-five (35) document requests accompanying the subpoena *duces tecum* served to James Rummage. That review is set out in detail, as follows:

**Request No. 1** - All state and federal tax returns for Jim Rummage, Anita Rummage, and/or any dependent of Jim or Anita Rummage.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

**Request No. 2** - All W-2 and 1099-Series tax forms issued to Jim Rummage, Anita Rummage, or any dependent of Jim or Anita Rummage.

2

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

> **Request No. 3** - All financial statements issued for any bank, checking, savings, stock, brokerage, 401(k), pension, retirement, IRA, Roth IRA, 529 Plan, mortgage, loan, line of credit, or business account owned by Jim Rummage, Anita Rummage, any dependent of Jim or Anita, or any business in which Jim or Anita Rummage are officers, directors, partners, members, or owners.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

> **Request No. 4** - All credit card statements for credit cards issued in the name of Jim Rummage, Anita Rummage, or any dependent of Jim or Anita Rummage.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

> **Request No. 5** - All records of purchases of items greater than $100 in value by Jim Rummage, Anita Rummage, or a dependent of Jim or Anita Rummage.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

> **Request No. 6** - All professional licenses or certifications issued by any public agency or professional licensing board to Jim or Anita Rummage since January 1, 1998.

This request appears to be relevant to Lawson's claim that Rummage has made false statements concerning his engineering license and would otherwise go to Rummage's credibility. Rummage is expected to comply with this request.

**Request No. 7** - All documents of cash withdrawals, Automated Teller Machine transactions, split deposits, IOUs, personal or business loans, or any other records of currency generated by or available to Jim Rummage from any source.

This request appears to be relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory in that it would show whether Rummage had additional income during the 14-month time period. Rummage is expected to comply with this request.

**Request No. 8** - All documents of cash withdrawals, Automated Teller Machine transactions, split deposits, IOUs, personal or business loans, or any other records of currency generated by or available to Anita Rummage from any source.

This request appears to be relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory in that it would show whether Rummage had additional income during the 14-month time period. Rummage is expected to comply with this request.

**Request No. 9** - All cancelled or returned checks on any checking account opened in the name of Jim Rummage and/or Anita Rummage, or any dependent of Jim or Anita Rummage.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

**Request No. 10** - A listing and all corresponding records of charitable contributions or donations.

This request appears to be marginally relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory in

that it would show whether Rummage had additional expenditures that were tax-deductible during the 14-month time period. Rummage is expected to comply with this request.

>**Request No. 11** - A listing and all corresponding records of any donations or contributions solicited or received by Jim or Anita Rummage in currency or any other form.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

>**Request No. 12** - All records of political contributions or in-kind political donations made to any candidate, party, political action committee, public question, or other special interest group by Jim Rummage, Anita Rummage, or any dependent of Jim or Anita Rummage.

This request appears to be marginally relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory in that it would show whether Rummage had additional expenditures that were tax-deductible during the 14-month time period. Rummage is expected to comply with this request.

>**Request No. 13** - All communications, including written correspondence, e-mail, audio or video recordings, phone messages, text messages, or electronic facsimile transmissions, between Jim Rummage and the FBI, the Attorney General's office, the Office of the Inspector General for the Kentucky Transportation Cabinet, the Kentucky State Police, the United States Attorney's Office, or the United States Department of Justice.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

>**Request No. 14** - All communications, including written correspondence, e-mail, audio or video recordings, phone messages, text messages, or electronic facsimile transmissions, between Jim Rummage and Tom Loftus, Leonard Lawson, Bill Nighbert, Brian Billings, Henry Hinkle, Rex Greer, Robert Russell, Jim Scott, Mac Yowell, Ryan Griffith, Steve Waddle, Marc Williams, Marcie Mathews, Sam

5

> Beverage, Gilbert Newman, Joe Prather, Donnie Miracle, Katrina Bradley, Steve Beshear, Mike Duncan, David Ray, Maxwell Bailey, or Chuck Knowles.

This request appears to request evidence that may be relevant to the government's contention that the estimates were exchanged in a series of meetings and/or communications with the defendants, and the request would adduce evidence to corroborate this contention and would identify the dates and occasions when these events allegedly occurred.  Rummage is expected to comply with this request; however, Rummage need not produce any statements or summaries prepared by or for the United States.

> **Request No. 15** - All Kentucky Transportation Cabinet records, files, documents, communications, contracts, bid estimates, permits, or change orders since January 1, 1998.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory.  This request appears to be a "fishing expedition."  James Rummage need not comply with this request.

> **Request No. 16** - Copies of any currency in the possession of Jim or Anita Rummage or any dependent of Jim or Anita Rummage that Jim Rummage alleges was provided by Leonard Lawson.

This request appears to be relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory in that it would show whether Rummage had additional income during the 14-month time period.  Rummage is expected to comply with this request.

> **Request No. 17** - Copies of any currency in the possession of Jim or Anita Rummage or any dependent of Jim or Anita Rummage that Jim Rummage alleges was provided by Bill Nighbert.

This request appears to be relevant to Rummage's claim that he received cash payments and to the government's "ATM withdrawal pattern" corroboration theory in that it would show

6

whether Rummage had additional income during the 14-month time period. Rummage is expected to comply with this request.

> **Request No. 18** - Copies of any currency in the possession of Jim or Anita Rummage or any dependent of Jim or Anita Rummage that Jim Rummage alleges was provided by Brian Billings.

This request appears to be relevant to Rummage's claim that he received cash payments and to the government's "ATM withdrawal pattern" corroboration theory in that it would show whether Rummage had additional income during the 14-month time period. Rummage is expected to comply with this request.

> **Request No. 19** - Copies of any bank receipts, deposit slips, or other notices or verifications for any currency placed into a financial account that Jim Rummage alleges was provided by Leonard Lawson.

This request appears to be relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory in that it would show whether Rummage had additional income during the 14-month time period. Rummage is expected to comply with this request.

> **Request No. 20** - All video and audio recordings created by Jim Rummage involving employees or former employees of the Kentucky Transportation Cabinet or any individual who, either on their own behalf or on the behalf of a company or contractor, conducted business with the Kentucky Transportation Cabinet.

This request appears to be request evidence that may be relevant to the government's contention that the estimates were exchanged in a series of meetings and/or communications with the defendants, and the request would adduce evidence to corroborate this contention and would identify the dates and occasions when these events allegedly occurred. Rummage is expected to comply with this request.

> **Request No. 21** - All phone records for any cell phones, home phones, car phones, business phones, or any other telephones used by or in the possession of Jim Rummage, Anita Rummage, or any dependent of Jim or Anita Rummage.

This request appears to be request evidence that may be relevant to the government's contention that the estimates were exchanged in a series of meetings and/or communications with the defendants, and the request would adduce evidence to corroborate this contention and would identify the dates and occasions when these events allegedly occurred. Rummage is expected to comply with this request; however, he is only required to provide those phone records showing phone calls made to or from the defendants.

**Request No. 22** - All invoices or receipts for artwork sold by Anita Rummage.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

**Request No. 23** - All work or personal calendars for Jim Rummage, Anita Rummage, or any dependent of Jim or Anita Rummage.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

**Request No. 24** - All correspondence, applications, resumes, communications, or other documents submitted or created for the purpose of trying to secure a political appointment with the Beshear administration by Jim or Anita Rummage, including any documents used to attempt to secure Jim Rummage's appointment as District Engineer, Deputy State Highway Engineer, Commissioner of Highways, or Transportation Secretary.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

**Request No. 25** - All payments, checks, reimbursements, advances, check stubs pay stubs, electronic deposits, or other notifications of payment made by the Kentucky Transportation Cabinet to Jim Rummage or Anita Rummage.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

**Request No. 26** - All pension or retirement payments, checks, check stubs, pay stubs, electronic deposits, bank records, or other notifications received by Jim Rummage from January 1, 2006 to the present.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

**Request No. 27** - All paper work completed by Jim Rummage to receive pension or retirement benefits from the State of Kentucky or the Kentucky Transportation Cabinet.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

**Request No. 28** - All records, including any notes, documents, or memoranda, kept by Jim Rummage of bid estimates provided to Bill Nighbert, Leonard Lawson, Brian Billings, Rex Greer, Sam Beverage, Henry Hinkle, Jim Scott, or any other contractor, vendor, bidder, or agent or employee of the same.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

> **Request No. 29** - Make available for inspection or identify by name all artwork of any employee or former employee of the Kentucky Transportation Cabinet or any individual, who either on their own behalf or on behalf of a business or contractor, conducted business with the Kentucky Transportation Cabinet, including but not limited to, Joe Prather, Gilbert Newman, Sam Beverage, Maxwell Bailey, Henry Hinkle, Bill Nighbert, Leonard Lawson, Rex Greer, Jim Scott, Marc Williams, Brian Billings, Ryan Griffith, Steve Waddle, or Robert Russell.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

> **Request No. 30** - Make available for inspection any recording device used by Jim Rummage to prepare audio recordings of Leonard Lawson, Bill Nighbert, or Brian Billings.

It being undisputed that Jim Rummage made various recordings of conversations he had with the defendants, Jim Rummage is expected to comply with this request.

> **Request No. 31** - All records, including any notes, documents, or memoranda, of meetings Jim Rummage attended with Bill Nighbert, Leonard Lawson, Brian Billings, Rex Greer, Sam Beverage, Henry Hinkle, Jim Scott, or any other contractor, vendor bidder, or agent or employee of the same.

This request appears to be relevant to the government's contention that Jim Rummage provided confidential estimates to Lawson, and the request may adduce evidence that is "reasonably calculated to produce impeachment materials." *United States v. Compton*, 1994 WL 328303 @ *3 (6th Cir. July 1, 1994). Jim Rummage is expected to comply with this request.

> **Request No. 32** - All records, including engagements, correspondence, agreements, contracts, letters, documents, invoices, or other materials, arranging for the payment of legal fees and expenses on behalf of Jim Rummage, Anita Rummage, or any dependent of Jim or Anita Rummage.

This request appears to be relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. James Rummage is expected to comply with this request; however, the Magistrate Judge will determine the relevancy of any documents produced in compliance with this request.

10

>    **Request No. 33** - All records of proof of payment, including cancelled checks, check stubs, invoices, receipts, reports, letters, documents, correspondence, of legal fees and expenses incurred by Jim Rummage, Anita Rummage, or any dependent of Jim or Anita Rummage.

This request appears to be relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. James Rummage is expected to comply with this request; however, the Magistrate Judge will determine the relevancy of any documents produced in compliance with this request.

>    **Request No. 34** - All engagement letters for legal services between Stites & Harbison law firm and Jim Rummage, Anita Rummage, and any individuals paying for the legal fees of Jim or Anita Rummage.

This request appears to be relevant to the government's claim that Lawson attempted to pay for Rummage's attorney to obstruct the investigation. Lawson is entitled to discover all evidence relating to the engagement letters for Rummage's legal services, as well as the payments made to Rummage's counsel and the source of those payments. James Rummage is expected to comply with this request; however, the Magistrate Judge will determine the relevancy of any documents produced in compliance with this request.

>    **Request No. 35** - All transcripts, memoranda, notes, or other documents prepared of statements provided to the FBI, U.S. Attorney's Office, Department of Justice, Office of the Inspector General for the Kentucky Transportation Cabinet, Kentucky State Police, or Kentucky Attorney General's Office by Jim Rummage, Anita Rummage, or any dependent of Jim or Anita Rummage.

The Magistrate Judge is unpersuaded by Lawson's argument that this request is relevant to Rummage's claim that he received cash payments from Lawson and to the government's "ATM withdrawal pattern" corroboration theory. This request appears to be a "fishing expedition." James Rummage need not comply with this request.

Accordingly, **IT IS HEREBY ORDERED** that the motion of the United States to quash a third-party subpoena *duces tecum* which defendant Leonard V. Lawson served to James Rummage [DE #33] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

11

1. The motion to quash is **GRANTED** as to Item Nos. 1, 2, 3, 4, 5, 9, 11, 12, 13, 15, 22, 23, 24, 25, 26, 27, 28, 29, and 35 of the list attached to the subpoena *duces tecum.*

2. The motion to quash is **DENIED** as to Item Nos. 6, 7, 8, 10, 12, 14, 16, 17, 18, 19, 20, 21, 30, 31, 32, 33, and 34 of the list attached to the subpoena *duces tecum.*

3. Defendant Leonard Lawson is directed to provide counsel for James Rummage with a copy of the Order Relating to Procedure for Responding to Subpoena Duces Tecum dated December 17, 2008, and James Rummage is directed to comply therewith in producing the documents he is required to produce, as detailed in the foregoing numerical paragraph 2.

This 5th day of January, 2009.

Signed By:
*James B. Todd*
United States Magistrate Judge