UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 08-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEONARD LAWSON, CHARLES WILLIAM NIGHBERT, and BRIAN RUSSELL BILLINGS, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the joint motion for reconsideration filed by the Defendants Leonard Lawson, Charles Nighbert, and Brian Billings ("Defendants"). [Record No. 224]  The Defendants request that the Court reconsider its decision in a December 24, 2008, Memorandum Opinion and Order ("December Order").  [Record No. 179]  For the reasons discussed below, the Court will deny the Defendants' motion.

In its December Order, the Court addressed the issue of whether the public availability of a search warrant affidavit violated the grand jury secrecy requirements contained in Rule 6(e) of the Federal Rules of Civil Procedure.  Finding that no Government agent had violated Rule 6(e), the Court denied the Defendants' motion to dismiss the indictment and declined to order production of the grand jury transcripts for the Defendants' viewing.  Additionally, the Court declined to sanction any of the Government agents involved in the case.  However, recognizing the *mere possibility* of prejudice to the Defendants absent any Rule 6(e) violation, the Court

stated that it would review the grand jury transcripts *in camera*. The Defendants now request that the Court reconsider its opinion and give the defense counsel access to the grand jury transcripts.

Motions for reconsideration, or, motions to alter or amend a judgment, are governed by Rule 59(e) of the Federal Rules of Civil Procedure. Courts have "considerable discretion" in ruling on Rule 59(e) motions. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The Sixth Circuit has consistently ruled that very few grounds support the grant of such a motion: (1) clear errors of law; (2) newly discovered evidence; (3) intervening changes in controlling law; or (4) a need to prevent manifest injustice. *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). None of these grounds are implicated by the Defendants' motion. The Defendants' initial argument on reconsideration is that a reduced need for secrecy entitles the Defendants to production of the grand jury transcript. Second, the Defendants argue that defense counsel, rather than the Court, is in a better position to determine what is "prejudicial" to the Defendants. These arguments were most certainly taken into consideration in the Court's December Order. They do not represent newly discovered evidence or changes in the law, nor do they contradict any issues of law determined by this Court.

Concerning the last ground for Rule 59(e) reconsideration, the Defendants may argue that production of the grand jury transcript is necessary to prevent manifest injustice; however, after viewing the transcript *in camera*, the Court does not agree. The transcript reveals no indication that the public availability of the search warrant had any prejudicial effect on the Defendants. The Defendants' rights in the grand jury proceeding were not compromised and the Court is

unable to conclude that the grand jury would not have indicted in the absence of publicity surrounding the affidavit. This determination strikes at the heart of the Defendants' earlier motion to dismiss the indictment and the instant motion for reconsideration. Absent such prejudice, the Defendant has no need to review the grand jury transcript. As a result, the Defendants have failed to allege any ground necessary to support altering or amending the Court's earlier determination. Accordingly, it is hereby

**ORDERED** that the Defendants' motion for reconsideration [Record No. 224] is **DENIED**. The grand jury transcripts previously produced for the undersigned's review shall be returned to the Assistant United States Attorney assigned to this matter.

This 26th day of January, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge