UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3: 08-21-DCR |
| ) | |
| V. ) | |
| ) | |
| LEONARD LAWSON and ) | **MEMORANDUM OPINION** |
| CHARLES WILLIAM NIGHBERT, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants Leonard Lawson's and Charles William Nighbert's joint motion to dismiss Count 1 of the Indictment to the extent that it charges both Defendants with conspiracy to misapply property in violation of 18 U.S.C. § 666(a)(1)(A) and 18 U.S.C. § 371. In addition, Nighbert has moved the Court to dismiss Count 2 of the Indictment, which charges him with misapplication of property in violation of 18 U.S.C. § 666(a)(1)(A).[1] [Record Nos. 96, 97] The Defendants contend that Counts 1 and 2 must be dismissed because the government cannot prove misapplication of property since the Indictment does not allege "a legitimate but unauthorized use of property" as required by the statute. [Record No. 96, pp. 1–2] The United States disputes this contention and argues that its theory of the case supports the misapplication of property charges. [Record No. 141] For the reasons

---

[1]  On January 28, 2009, the United States was granted a 20-day extension to file an amended Indictment in compliance with the Court's January 8, 2009 Order [Record No. 205] to strike surplusage. [Record No. 232] However, the amendment should not affect this motion because the surplusage to be stricken relates to Count 6.

discussed below, the Court will grant the Defendants' motion and will dismiss Counts 1 and 2 to the extent that they allege violations of 18 U.S.C. § 666(a)(1)(A).

### I.   Background

Defendants Lawson and Nighbert, along with Defendant Russell Billings, were named in an eight-count Indictment on September 3, 2008. Count 2 charges Nighbert with (1) intentional misapplication of confidential engineer's estimates, and (2) intentional misapplication of "the funds to pay road contracts," because the disclosure of the engineer's estimates "compromised the bidding process and artificially increased the amount of the contracts." [Record No. 1, pp. 5–6] Count 1 charges both Nighbert and Lawson with conspiring to commit the substantive charges in Count 2. [*Id.* at 3–5]

The conspiracy charge in Count 1 and the substantive charges in Count 2 relate to misapplication of property in violation of 18 U.S.C. § 666(a)(1)(A). This statute provides:

> Whoever . . . embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or *intentionally misapplies*, property that is valued at $5,000 or more, and is owned by, or is under the care, custody, or control of such organization, government, or agency . . . shall be fined under this title, imprisoned not more than 10 years, or both.

*Id.* (emphasis added).

The Defendants contend that to sustain a charge of intentional misapplication of property, the government must allege that the Defendants "misapplied the property for an *unauthorized* but otherwise *legitimate* use." [Record No. 97, p. 2] (emphasis original). In support, they note

that the Sixth Circuit[2] has adopted the holding in *United States v. Urlacher*, 979 F.2d 935, 938 (2nd Cir. 1992), in which the Second Circuit concluded that:

> Section 666(a)(1)(A) prohibits embezzling, stealing, obtaining by fraud, converting, or intentionally misapplying funds. The first four prohibitions cover any possible taking of money for one's own use or benefit. *Intentional misapplication, in order to avoid redundancy, must mean intentional misapplication for otherwise legitimate purposes; if it were for illegitimate purposes, it would be covered by the prohibitions against embezzlement, stealing, obtaining by fraud, or conversion.*

*Id.* (emphasis added). The Defendants argue that the Indictment does not properly allege this element of misapplication of property (*i.e.*, that the property was misapplied for an unauthorized but otherwise legitimate use). Thus, they assert that Counts 1 and 2 must be dismissed to the extent that they allege violations of 18 U.S.C. § 666(a)(1)(A).

The Defendants also argue that the charges in Counts 1 and 2 "stem solely from allegations that Lawson paid bribe money to Nighbert and James Rummage in return for the engineer's estimates (and the related conspiracy), *not* allegations of an unauthorized but otherwise legitimate use of property." [Record No. 97, p. 2] (emphasis original). The Defendants assert that, because the government does not allege any legitimate but unauthorized use of property, "the charges under 18 U.S.C. § 666(a)(1)(A) serve only to improperly duplicate the bribery charges under 18 U.S.C. §§ 666(a)(1)(B) and (a)(2)." [*Id.*, p. 3]

In response to the motion to dismiss, the United States concedes that misapplication of property under 18 U.S.C. § 666(a)(1)(A) means "diverting property in [a] manner that is unauthorized, though otherwise lawful." [Record No. 141, p. 3] The government also argues

---

[2] *See United States v. Freeman*, 86 Fed. Appx. 35, 41 (6th Cir. 2003) (noting that the Second Circuit's analysis was proper).

that there are two different misapplications of property taking place: (1) the delivery of the engineer estimates to Lawson, and (2) the overarching loss of road contract money that resulted from the compromised bidding process. [*Id.*] However, it asserts that Counts 1 and 2 should not be dismissed, because:

> It is the government's position that Secretary Nighbert had the authority to award road contracts through his cabinet. The awarding of the contract to Leonard Lawson was "otherwise lawful." In awarding the contracts there was no theft, embezzlement, or diversion to a person other than the rightful owner. However, because the contracts were awarded in a manner (with rigged bids) that was unauthorized, there was an intentional misapplication of them.

[*Id.*] Thus, the government argues that it has properly alleged the necessary elements of misapplication of property. However, it also concedes that there is a fine line between whether Nighbert's alleged sharing of the confidential engineer's estimates with Lawson constitutes misapplication of property or conversion. Therefore, the government claims that it will amend its Indictment to add a charge of conversion. [*Id.*, p. 4–5]

Finally, while the United States acknowledges the conduct leading to the misapplication of property charges in Counts 1 and 2 are inextricably intertwined with the conduct leading to the bribery charges in Counts 1, 3, 4 and 5, it argues that these charges are conceptually distinct. It argues that the jury could conclude that Nighbert's payments to Rummage were unrelated to the delivery of the confidential engineer's estimates. Thus, the jury could acquit the Defendants on the bribery charges while still finding them guilty on the charges for misapplication of property. [*Id.*, p. 5]

In their reply, the Defendants reassert that charges related to 18 U.S.C. § 666(a)(1)(A) cannot be sustained because the Indictment does not allege that any property was used in an

unauthorized, but otherwise legitimate manner. [Record No. 175, p. 2] The Court agrees with the Defendants' analysis and holds that Counts 1 and 2 must be dismissed to the extent that these counts allege violations of 18 U.S.C. § 666(a)(1)(A).

## II.   Standard of Review

An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Pro. 7(c)(1). Two factors govern an inquiry into the sufficiency of an indictment: "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *see also United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997).

## III.   Analysis

The parties acknowledge that *United States v. Urlacher*, 979 F.2d 935 (2nd Cir. 1992), is the seminal case involving misapplication of property. In *Urlacher*, the former Rochester, New York, police chief used police funds designated for other department expenditures to purchase food for police conferences, meals for on-duty officers, and electronic equipment needed for major investigations. *Urlacher*, 979 F.2d at 937. Urlacher was convicted of misapplication of property because the funds were for an unauthorized, but otherwise legitimate, use. *Id.*[3]

---

[3] Similarly, *United States v. Frazier*, 53 F.3d 1105 (10th Cir. 1995) (*superseded on other grounds*), provides another example of an act that constitutes misapplication of property. In *Frazier*, the president of the United Tribe Service Center ("UTSC") was tasked with securing funding from the United States Department of Labor ("DOL") for the expressed purpose of training UTSC participants in job-search skills

In adopting the holding in *Urlacher*, the Sixth Circuit held that a charge of misapplication of property requires that there be an otherwise legitimate purpose for a particular action. *United States v. Freeman*, 86 Fed. Appx. 35, 41 (6th Cir. 2003). The case before the Court is materially distinguishable from both *Urlacher* and *Frazier*, because none of the acts alleged by the government fall within this definition of misapplication of property. Here, the United States has not alleged or shown that there is an otherwise legitimate purpose for disclosing confidential engineer's estimates to a contractor. Therefore, Nighbert's claimed disclosure to Lawson cannot be a misapplication of property. The government appears to acknowledge this point by noting that they plan to amend the Indictment to include a charge for conversion.

The second diversion alleged in the Indictment is the misapplication of the funds for payment on various road contracts. [Record No. 1, p. 3, 5] As to this issue, the government contends that, "[i]n awarding the contracts there was no theft, embezzlement, or diversion to a person other than the rightful owner. However, because the contracts were awarded in a manner (with rigged bids) that was unauthorized, there was an intentional misapplication of them." [Record No. 141, p. 3] The Defendants argue that this statement incorrectly identifies the "property" that is the object of the alleged misapplication. [Record No. 175, p. 2] The Defendants argue that the object of the alleged misapplication is not the road contracts

---

and techniques. *Frazier*, 53 F.3d at 1108. These funds could be used to purchase computer equipment, but any such expenditure over $500 required prior DOL approval. *Id.* The defendant was convicted for misapplication of property, because he used over $8,000 in DOL funds to purchase computer equipment for the UTSC without getting prior DOL approval. *Id.* at 1111. Again, as was the case in *Urlacher*, the defendant's acts constituted an unauthorized, but otherwise legitimate, use of funds.

themselves, but rather the loss of road contract money caused by the allegedly compromised bidding process. [*Id.*]

The Court notes that Count 1 charges both Defendants with "intentionally misapplying property within the care, custody, and control of the KTC . . . that is, *the funds* for payment on various road contracts . . . " [Record No. 1, p. 3] (emphasis added). In addition, Count 2 charges Nighbert with "intentionally misapply[ing] property in the care, custody and control of [the KTC], that is, *the funds* to pay road contracts . . ." [*Id.*] (emphasis added). Based on the language in the Indictment, the Court agrees with the Defendants that the proper object of the misapplication is the funds paid by the KTC on road contracts and not road contracts themselves.

The Defendants also argue that it is not the entire funds which were allegedly misapplied, but the amount by which the funds were artificially increased because of the allegedly compromised bidding process. [Record No. 175, p. 3] The Defendants assert that their point is supported by the language in Count 2 alleging that the disclosure of the confidential engineer's estimates "compromised the bidding process and artificially increased the amount of the contracts." [Record No. 1, p. 6] Again the Court agrees with the Defendants. The Indictment does not assert that the funds for road contacts were misapplied because the bids were awarded to Lawson. Instead, the Indictment alleges that the funds were misapplied because a corrupt bidding process caused the bids to be artificially increased. Thus, it is only the amounts by which the bids were allegedly increased that are the objects of the misapplication.

As with the issue of disclosure of the confidential engineer's estimates, the government has not shown under what circumstances the payment of an excess amount would be a *legitimate*

expenditure. Thus, if there is not an otherwise legitimate purpose for the payment, the payments alleged in the Indictment cannot constitute a misapplication of property.

### IV.   Conclusion

Neither the disclosure of confidential engineer's estimates nor the payment of the artificially increased amount on the bid contracts can legally constitute misapplication of property. That is not to say that the alleged acts may not constitute another crime or crimes. However, because the Indictment does not allege elements required by the statute, Counts 1 and 2 must be dismissed to the extent that they allege violations of 18 U.S.C. § 666(a)(1)(A).[4]

Accordingly, it is hereby **ORDERED** as follows:

(1)   Defendants Leonard Lawson's and Charles William Nighbert's motion to dismiss [Record No. 96] is **GRANTED**.

(2)   Count 1, to the extent that it charges Defendants Leonard Lawson and Charles William Nighbert with conspiracy to misapply property in violation of 18 U.S.C. § 666(a)(1)(A) and 18 U.S.C. § 371, is **DISMISSED**.

(3)   Count 2, which charges Defendant Charles William Nighbert with misapplication of property in violation of 18 U.S.C. § 666(a)(1)(A), is **DISMISSED**.

This 10th day of February 2009.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge

---

[4]   Since the charges of misapplication of property must be dismissed, the Court need not address whether the misapplication of property charges improperly duplicate the bribery charges in the Indictment.