UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3: 08-21-S-DCR |
| ) | |
| V. ) | |
| ) | |
| LEONARD LAWSON, CHARLES ) | |
| WILLIAM NIGHBERT, and BRIAN ) | **MEMORANDUM OPINION** |
| RUSSELL BILLINGS, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion to dismiss Counts Six, Seven, and Eight of the Indictment and superseding Indictment filed by Defendants Leonard Lawson, Charles William Nighbert, and Brian Russell Billings. [Record No. 102] The Defendants argue that dismissal is warranted because these counts fail to state criminal offenses. The United States counters that each of the disputed counts tracks the statutory language and states an offense. [Record No. 143] For the reasons discussed below, the Court will deny the Defendants' motion.

**I.    Background**

In January 2008, the Office of the Inspector General ("OIG") of the Kentucky Transportation Cabinet ("KTC") commenced an investigation into allegations that the Defendants had conspired with others to leak engineering estimates and rig the bids on highway project contracts. At the time, Defendant Billings was employed by a road construction company owned and operated by Defendant Lawson, while Defendant Nighbert had previously

served as Secretary of the KTC.  The following month, the FBI, in conjunction with state authorities, began an investigation involving many of the same allegations that the OIG had investigated.  In early March 2008, James Rummage, an executive with the KTC, retained legal counsel and admitted to the FBI that he had given KTC engineer estimates to Lawson at the direction of Nighbert and, in turn, received cash from Lawson.  Rummage then began to cooperate with the FBI by providing information about, and recording conversations with, the Defendants.  Generally, these conversations concern Rummage's decision to testify before the grand jury and his choice of counsel.

On September 3, 2008, the United States charged the Defendants with various crimes in an eight-count Indictment.  The counts at issue – Counts 6 through 8 – charge the Defendants with attempting to influence Rummage's testimony before a federal grand jury and attempting to persuade Rummage not to cooperate with federal law enforcement officials, all in violation of Title 18 of the United States Code, §§ 1503, 1512, and 371.  These counts are based on the recorded conversations all three Defendants had with Rummage on a number of different occasions.  In the instant motion, the Defendants contend that the facts alleged in the Indictment do not constitute violations of any of the above code provisions.  They further argue that their actions were legal efforts to inform Rummage of his constitutional rights.

### II.   Standard of Review

An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. PRO. 7(c)(1).  Further, the count need not allege the means by which the defendant committed the offense.  *Id*.  Two factors govern an

inquiry into the sufficiency of an indictment: "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *see also United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997). An indictment is usually sufficient "if it states the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *Monus*, 128 F.3d 388.

### III.  Analysis

Count Seven of the Indictment and superseding Indictment charge the Defendants with violation of 18 U.S.C. § 1503, which states, in part, that: "[w]hoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished." 18 U.S.C. § 1503(a). The government alleges that the Defendants violated this statute by attempting to influence Rummage's grand jury testimony and by attempting to persuade him not to cooperate with federal law enforcement. Specifically, the Indictment refers to numerous conversations between Rummage and the Defendants in which:

1. Nighbert instructed Rummage to falsely state that he had obtained engineer's estimates solely for the use of determining the economic feasibility of the project.

2. Lawson reassured Rummage that the investigation was not going anywhere and attempted to persuade Rummage to stick with an allegedly false story;

3. Billings encouraged Rummage to drop his current lawyer and hire one paid for by Lawson;

4. Lawson advised Rummage to change lawyers and refuse to cooperate or accept immunity from the FBI; and

5. Lawson warned Rummage that testifying against Lawson would cause problems for Lawson and have consequences for Rummage's future.

[Record No. 246][1]

The Defendants first argue that they had no knowledge of a grand jury proceeding at the times of these conversations. Their argument rests on the fact that § 1503 requires knowledge of a pending judicial proceeding. However, the Indictment and superseding Indictment allege that Rummage, on March 12, 2008, told Lawson that he had been served a subpoena to testify before a federal grand jury. [Record No. 246] In subsequent conversations, Lawson refers to the detrimental effects of Rummage's testifying – such references would not be made unless Lawson understood that a judicial proceeding involving testimony was underway.

The Defendants also argue that the Indictment itself does not actually allege that a grand jury proceeding was pending. As the government also noted, Count 7 clearly charges the Defendants with "attempting to influence the testimony of James Rummage before a federal grand jury." [Record No. 246] This language is sufficient to allege that a grand jury proceeding

---

[1] These conversations are drawn from the superseding Indictment filed February 11, 2009. The parties' motion and briefs referred to the first Indictment; however, all parties agreed and requested that the Court address the pending motions without the necessity of the motions being renewed to include specific references to the recently-filed superseding Indictment.

was pending and Lawson's conversation is sufficient to infer that all Defendants also knew of the proceeding.

Second, the Defendants contend that the Indictment and superseding Indictment do not allege that the Defendants actually "endeavored" to obstruct justice. In support, they state that the Indictment and superseding Indictment "merely charge[] that the defendants responded to inquiries or requests from or initiated by Rummage, all stage-managed by the government to create an obstruction charge." [Record No. 102] This argument is without merit. Grand jury indictments are not detailed disclosures of the government's case before the trial. Instead, they serve "to provide specification of the evidence upon which the government intends to rely in proving the offenses charged in the indictment." *United States v. Gioiosa*, No. 90-3097, 1991 WL 15149, at *3 (6th Cir. Feb. 7, 1991) (unpublished) (citing *United States v. Pandilidis*, 524 F.2d 644, 647 (6th Cir. 1975)). An indictment "must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000).

Here, the government has asserted that the Defendants, with the aim to influence his testimony or discourage him from cooperating with the FBI, have threatened, deceived, and attempted to bribe Rummage. The facts and circumstances detailed in the Indictment and superseding Indictment support these assertions. If true, they are certainly more than passive activity and constitute "endeavors" for purposes of § 1503. The Defendants' arguments here are hardly appropriate for a motion to dismiss the count of an indictment. Rather, they appear to be

a vehicle for stating the Defendants' theory of the case. Such arguments cannot support the dismissal of Count 7.

Count 8 of the Indictment and superseding Indictment charge the Defendants with violating 18 U.S.C. § 1512(b)(3), which states, in part, that "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so . . . with intent to hinder, delay, or prevent the communication to a law enforcement officer . . . of information relating to the commission . . . of a federal offense." 18 U.S.C. § 1512(b)(3). The facts substantiating Count 7 underpin this count as well. The Defendants contend that they were simply informing Rummage of his constitutional rights (*i.e.*, to retain an attorney and to refuse to incriminate himself) and thus cannot be charged with witness tampering. In other words, they argue that an otherwise lawful act, even if done with the intent to hinder a federal investigation, cannot constitute a violation of § 1512(b)(3). They present the legislative history of § 1512 in an effort to portray the facts alleged in the Indictment and superseding Indictment as ambiguous and encourage the Court to adopt the rule of lenity in interpreting these allegedly ambiguous facts. However, taking the Indictment on its face, the Defendants threatened Rummage financial and reputational harm if he chose to cooperate with the FBI. They informed Rummage that he would face consequences for choosing to cooperate with the FBI, and that his cooperation with the FBI would cause problems for them. [Record No. 246] This evidence, if taken to be true, is sufficient to constitute a threat for purposes of § 1512(b)(3).

Although threats are sufficient to invoke § 1512(b)(3), the Indictment and superseding Indictment allege that the Defendants violated the statute only through corrupt persuasion.

Specifically, the government contends that the Defendants lied to Rummage concerning: (1) the quality of Rummage's attorney; (2) Lawson's conversation with Governor Beshear; and (3) the Defendants' support of Rummage's initial statements to the OIG.  The Defendants counter that the Indictment and superseding Indictment do not specifically allege that these statements were lies.  However, the documents state that "Lawson falsely told James Rummage that Rummage's attorney was incompetent and unstable."  [Record No. 246]  This is certainly an allegation that Lawson lied to Rummage.  In any case, the allegations in an indictment serve to "fairly inform[] a defendant of the charge against which he must defend."  *Maney*, 226 F.3d at 663.  The government is not required to lay out the minutiae of its case theory and courts must "utilize a common sense construction in determining whether an indictment sufficient informs a defendant of an offense."  *United States v. Bowker*, 372 F.3d 365, 376 (6th Cir. 2004).  The facts outlined from the conversations Defendants held with Rummage apprise the Defendants of the evidence that will be used to prove a charge of witness tampering against them.  Further, Count 8 properly tracks the language of 18 U.S.C. § 1503.  There is no need for the Court either to delve in to the legislative history behind § 1512, or to employ canons of statutory interpretation.

Finally, Count 6 charges the Defendants with a conspiracy to commit the above two offenses of witness tampering and obstructing justice.  The same relevant facts apply here as well.  The Defendants argue that Nighbert was not part of the conspiracy because he only spoke with Rummage on one occasion, alone.  The Indictment and superseding Indictment state that Nighbert met with Rummage and "instructed him to falsely state that he had obtained the engineer's estimates solely for . . . determining the economic feasibility of the project."  [Record

No. 246] In a subsequent conversation between Lawson and Rummage, Lawson reassured Rummage that Nighbert "would not capitulate." [*Id.*]

The Defendants argue that these statements are not enough to implicate Nighbert in the conspiracy. However, the two alleged circumstances provide evidence that Nighbert wanted Rummage to stick with a certain interpretation of events, and that Nighbert was in communication with Lawson and Billings. This evidence may not be overwhelming, but it is sufficient to establish the conspiracy charge. *See United States v. Price*, 258 F.3d 539, 545 (6th Cir. 2001) ("[A] defendant can be connected to a conspiracy through evidence about his interactions with another coconspirator, . . . as long as there was evidence to connect the . . . coconspirator to the conspiracy.").

## IV.   Conclusion

Counts 6 through 8 each allege a criminal offense. They track the statutory language and contain supporting facts and circumstances that sufficiently inform the Defendants of the evidence that will be used against them. The Defendants' disagreement with the light in which these facts and circumstances have been portrayed does not affect the legal sufficiency of the counts. Accordingly, it is hereby

**ORDERED** that the Defendants' motion to dismiss Counts 6 through 8 [Record No. 102] of the original and superseding Indictment is **DENIED**.

This 12th day of February, 2009.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge