UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3: 08-21-S-DCR |
| ) | |
| V. ) | |
| ) | |
| LEONARD LAWSON, CHARLES ) | |
| WILLIAM NIGHBERT, and BRIAN ) | **MEMORANDUM OPINION** |
| RUSSELL BILLINGS, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendant Leonard Lawson's ("Lawson") motion for reconsideration. [Record No. 242] Lawson requests that the Court revisit Magistrate Judge Todd's February 2, 2009 Order [Record No. 239] denying him access to documents produced by James Rummage ("Rummage") in response to Subpoena Request Nos. 33 and 34. For the reasons discussed herein, the Court will grant the Defendant's motion to allow production of certain redacted documents.

Lawson served Rummage with a third-party subpoena *duces tecum* in September 2008. The relevant requests made in that subpoena are listed below:

> Request No. 33:  All records of proof of payment, including cancelled [sic] checks, check stubs, invoices, receipts, reports, letters, documents, correspondence, of legal fees and expenses incurred by Jim Rummage, Anita Rummage, or any dependent of Jim or Anita Rummage.

>Request No. 34: All engagement letters for legal services between Stites & Harbison law firm and Jim Rummage, Anita Rummage, and any individuals paying for the legal fees of Jim or Anita Rummage.

[Record No. 197] Through his attorney, Marc S. Murphy of Stites & Harbison, Rummage provided responsive documents to Magistrate Judge Todd. In his February 2, 2009 Order, Magistrate Judge Todd denied Lawson access to these documents on the ground that they were protected by the attorney-client privilege. Specifically, Magistrate Judge Todd stated that these documents were

>"communications concerning Mr. Rummage's engagement of Stites & Harbison as his counsel and statements for professional services performed by Stites & Harbison concerning work performed on his behalf subsequent to his retention of that law firm to represent him. Therefore, these documents are protected by the attorney/client privilege and will not be provided to defendant Lawson."

[Record No. 239] Lawson filed the instant motion to reconsider the Magistrate Judge's Order on February 6, 2009, arguing that the documents are not protected by the attorney-client privilege. This Court held a subsequent hearing in which both Lawson and the United States presented arguments on the motion. [Record No. 262]

Based on arguments presented at the hearing, the Court finds that the documents may be relevant for impeachment purposes. Further, they are only protected by the attorney-client privilege to the extent that they do not reveal the communications involving confidential legal advice.[1] After viewing the documents produced by Rummage *in camera*, the Court has determined that they do contain some information that is either not relevant or privileged.

---

[1] During the recent hearing, Lawson's counsel indicated that he was not seeking production on the specific description of legal services rendered. Therefore, this information will be redacted prior to production of the documents. The contents of Rummage's engagement letter will also be redacted.

However, the Court will redact this information, and the redacted documents will be made available to Lawson's counsel.

Accordingly, it is hereby

**ORDERED** that Defendant Lawson's motion for reconsideration is **GRANTED,** to the extent that it requests redacted documents. The motion will be denied in all other respects.

This 17th day of February, 2009.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge