UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 08-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEONARD LAWSON, CHARLES | ) | |
| WILLIAM NIGHBERT and BRIAN | ) | **MEMORANDUM OPINION** |
| RUSSELL BILLINGS, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Defendants Leonard Lawson, Charles William Nighbert, and Brian Russell Billings have filed a joint motion to sever Counts 1–5 from Counts 6–8 of the Indictment pursuant to either Rule 8 or Rule 14 of the Federal Rules of Criminal Procedure. [Record No. 117] The Court will grant the Defendants' motion and sever the counts pursuant to Rule 14, because a joint trial would create a serious risk of substantial prejudice to Nighbert.

### I.    Background

In January 2008, the Office of the Inspector General ("OIG") of the Kentucky Transportation Cabinet ("KTC") began an investigation into allegations that the confidentiality of the KTC engineer estimates may have been compromised. The following month, the FBI, in conjunction with state authorities, began an investigation into the potential misapplication of the funds and property of a federally-funded state government agency involving many of the same allegations that the OIG had investigated. In early March 2008, James Rummage, an executive

with the KTC, retained legal counsel and admitted to the FBI that he had given KTC engineer estimates to Lawson at the direction of Nighbert, and in turn, received cash from Lawson. Beginning on or about March 12, 2008, Rummage began cooperating with the FBI by recording his conversations with Lawson and Billings.

Counts 1–5 of the Superseding Indictment charge Lawson and Nighbert with bribery, conversion, and conspiring to commit these offenses. [Record No. 246, pp 3–8] Counts 6–8 charge Lawson, Nighbert and Billings with two substantive and one conspiracy count of obstruction. [*Id.*, pp. 10–15] Although the Defendants' motion was submitted before a grand jury returned the Superseding Indictment, this has no effect on the parties' arguments or the Court's holding on this motion. The Defendants argue that Counts 1–5 and Counts 6–8 represent allegations of wholly different conduct that does not overlap and does not involve the same Defendants. The Defendants contend that they are entitled to severance as a matter of law pursuant to Rule 8 because the counts are improperly joined. Alternatively, the Defendants argue that there is a serious risk of substantial prejudice if Counts 1–5 and Counts 6–8 are jointly tried. Thus, the Defendants request that the Court exercise its discretion and sever Counts 1–5 from Counts 6–8 pursuant to Rule 14.

## II.     Discussion

The Court will grant the Defendants' motion to sever pursuant to Rule 14 because there is a serious risk that Nighbert would be substantially prejudiced by a joint trial. The Sixth Circuit has long held that, "[a]s a general rule, persons jointly indicted should be tried together." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (quoting *United States v. Causey*, 834

F.2d 1277, 1287 (6th Cir. 1987)). Despite this strong preference for jointly indicted defendants to be tried in a single trial, a district court does have the discretion to grant a motion to sever if joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). However, severance under Rule 14 is not mandatory. Rather, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

The Defendants present five reasons in favor of granting severance pursuant to Rule 14: (1) the potential application of bribery evidence to Billings; (2) the potential application of recorded Lawson/Billings conversations to Nighbert; (3) *Bruton/Crawford* issues; (4) the admissibility and limiting instructions on the recordings; and (5) the length and complexity of a joint trial. [Record No. 196, pp. 5–12]

### A.     Serious Risk of Substantial Prejudice to Nighbert

There is serious risk of substantial prejudice to Nighbert if the twenty recorded conversations between Rummage, Lawson, and Billings are admitted in a joint trial. These conversations may be admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence if the government demonstrates that (1) a conspiracy existed, (2) the defendant and declarant were co-conspirators, and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Conrad*, 507 F.3d 424, 429 (6th Cir. 2007). If admitted, limiting instructions explaining against whom and in relation to which counts this evidence could be considered would be necessary. In most circumstances, limiting instructions are sufficient to

-3-

cure any risk of prejudice to a defendant in a joint trial and federal courts generally presume that juries follow their instructions. *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)); *Hill v. Michael*, 400 F.3d 308, 325 (6th Cir. 2005). In addition, severance should be denied if a jury can properly compartmentalize evidence as it relates to the appropriate defendants. *Driver*, 535 F.3d at 427. However, given the intertwined nature of the two schemes and the fact that the recorded conversations are generally probative of both schemes, there is a substantial risk that the jury would be unable to compartmentalize this evidence even if limiting instructions were given. If the evidence against one defendant cannot be compartmentalized and the jury is likely to consider it to the prejudice of a defendant against whom it is not properly directed, then severance is warranted. *United States v. Inigo*, 925 F.2d 641, 655 (3d Cir. 1991); *United States v. Edmond*, 935 F.2d 1511, 1516 (7th Cir. 1991).

Here, there is a serious risk that a jury would be unable to compartmentalize the recorded conversations. If these conversations were admitted as co-conspirator statements, the jury would be instructed that they could consider the evidence as probative of Nighbert's guilt on Counts 6–8. However, the jury would also be instructed that they could not consider these conversations as probative of Nighbert's guilt on Counts 1–5, despite the fact that the alleged reason for the obstructive conduct was to thwart the investigation of the alleged bribery and conversion scheme. Due to the complexity of this issue and the instructions that would need to be given, there is a serious risk that the jury would be unable to compartmentalize this evidence and would likely consider it against Nighbert when assessing his guilt on Counts 1–5.

Severing Counts 1–5 from Counts 6–8 will largely eliminate this risk of substantial prejudice. In a trial on Counts 1–5 only, none of the sixteen recorded conversations between Billings and Rummage would be admissible under either FED. R. EVID 801(d)(2)(A) or (E), because Billings would not be a defendant and he is not alleged to be a co-conspirator in the bribery and conversion scheme. Although the four recorded conversations between Lawson and Rummage may still be admissible, there is a decreased risk of prejudice in this situation. This is because in a trial on just Counts 1–5, the jury would be instructed that they could not consider the Lawson–Rummage conversation against Nighbert at all. This instruction makes it easier for the jury to compartmentalize the evidence properly as compared to the more complex instruction that would need to be given in a joint trial, *i.e.*, that the recorded conversations could be considered against Nighbert when assessing his guilt on Counts 6–8, but could not be considered against Nighbert when assessing his guilt on Counts 1–5. Because separating Counts 1–5 from Counts 6–8 will reduce a serious risk of substantial prejudice to Nighbert, the Court will grant the Defendants' joint motion to sever.

## B.   Other Grounds Are Insufficient to Warrant Severance

The other grounds presented by the Defendants are insufficient to warrant severance. First, evidence of the alleged bribery and conversion scheme may still be admissible as *res gestae* evidence against the Defendants in a separate trial on Counts 6–8. *See United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Therefore, evidence related to the bribery and conversion scheme could still be admissible against Billings even in a trial just on Counts 6–8.

Second, the Court has already analyzed the recorded conversations in light of *Crawford v. Washington*, 56 U.S. 36 (2004), and held that these conversations are non-testimonial. [Record No. 264] Both the Supreme Court and the Sixth Circuit have held that the Confrontation Clause does not apply to non-testimonial statements. *Davis v. Washington*, 547 U.S. 813, 823–26 (2006); *Desai v. Booker*, 538 F.3d 424, 427 (6th Cir. 2008). Since the Confrontation Clause would not be implicated, an analysis under *Bruton* is unnecessary. *United States v. Pugh*, 273 F. App'x 449, 455 (6th Cir. Apr. 9, 2008) (unpublished).

Finally, since severance will be granted pursuant to Rule 14, the Court need not address whether the Defendants have a right to severance under Rule 8. However, it should be noted that the Sixth Circuit has held that "Rule 8(b) allows joinder of counts based on attempts to cover-up guilt for charged counts." *United States v. Frost*, 125 F.3d 346, 390 (6th Cir. 1997).

### III.    Conclusion

Being sufficiently advised, it is hereby

**ORDERED** that the Defendants' joint motion for severance [Record No. 117] is **GRANTED**. Defendants Leonard Lawson and Charles William Nighbert will be tried first on Counts 1–5 beginning on the date currently scheduled. Trial of the remaining counts will follow.

This 27th day of April, 2009.



Signed By:

*Danny C. Reeves*

United States District Judge

-6-