UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 08-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEONARD LAWSON, and | ) | **MEMORANDUM OPINION** |
| CHARLES WILLIAM NIGHBERT, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Count 2 of the superseding Indictment charges Nighbert with stealing, obtaining by fraud, and converting the Kentucky Department of Transportation ("KTC") funds for payment on various road contracts and the engineer estimates for those contracts. Count 1 of the superseding Indictment charges both Nighbert and Lawson with conspiring to steal, obtain by fraud, and convert the road contract funds and the engineer estimates. Defendants Lawson and Nighbert have moved to dismiss both Counts 1 and 2. [Record No. 329] They contend that the superseding Indictment is legally insufficient to support a charge under 18 U.S.C. § 666(a)(1)(A) regarding the engineer estimates because the estimates are not "property" under this statutory section. In addition, the Defendants argue that Counts 1 and 2 must be dismissed because the superseding Indictment does not allege facts sufficient to support a charge under § 666(a)(1)(A) regarding the road contract funds or the engineer estimates.

-1-

For the reasons discussed below, the Defendants' motion to dismiss these counts will be denied.

### I. Analysis

#### A. The Estimates are Property Within the Meaning of § 666(a)(1)(A).

Title 18 of the United States Code, § 666(a)(1)(A), specifies that the object of the "stealing, obtaining by fraud, or converting" must be "property." Although the superseding Indictment asserts that "the engineer's estimate was the confidential, proprietary property of the KTC," the Defendants contend that these estimates are not property within the meaning of § 666(a)(1)(A). Rather, they argue that the estimates are merely intangible information, *i.e.*, numbers estimated by KTC engineers. Resolution of this issue turns on whether the term "property" used in § 666(a)(1)(A) includes intangible, as well as tangible, property.

The Defendants rely on principles of statutory construction to support their argument that intangible property is not included within the definition of "property" in § 666(a)(1)(A). They note the term "anything of value" is used in § 666(a)(1)(B) and (a)(2) to describe the object given, offered, solicited, or demanded for a bribe. However, the less expansive term "property" is used in § 666(a)(1)(A) to describe the object that is stolen, obtained, by fraud, or converted. Where Congress included particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the legislative body acted intentionally and purposefully in this disparate inclusion or exclusion. *Russello v. United States*, 464 U.S. 16, 23 (1983). Thus, the Defendants argue that Congress must have intended for the term "property"

in § 666(a)(1)(A) and the term "anything of value" in § 666(a)(1)(B) and (a)(2) to have different meanings.

In addition, the Defendants note that the term "thing of value" used in 18 U.S.C. § 641 has been construed to encompass both tangible and intangible property. *United States v. Jeter*, 775 F.2d 670, 680 (6th Cir. 1985) (citing *Burnett v. United States*, 222 F.2d 426 (6th Cir. 1955)). As the Sixth Circuit explained, "Congress' very use of the more expansive "thing of value" rather than "property" strongly implies coverage beyond mere tangible entities." *Id.* By analogy, the Defendants urge the Court to conclude that, by using the less expansive term "property" instead of "anything of value" in § 666(a)(1)(A), Congress must have intended that "property" not include intangible property.

However, when addressing whether "property" in § 666(a)(1)(A) includes intangible property, the Sixth Circuit explained:

> it seems that Congress intended section 666[(a)(1)(A)] to augment the general theft statute of section 641. . . . By its literal terms, section 641's notion of property is broader than section 666[(a)(1)(A)]. Section 641 provides for prosecution of anyone who "knowingly converts . . . any . . . *thing of value*." We have previously found that the theft prohibition in section 641 applies both where intangible and tangible property has been stolen. Section 666[(a)(1)(A)] does not use the "thing of value" language of section 641. Nonetheless, Congress seems to have intended 666[(a)(1)(A)] to *expand* the ability of prosecutors to prosecute persons who were for technical reasons out of section 641's reach. Consequently, we find section 666[(a)(1)(A)]'s notion of "property"was intended to dovetail with the notion of property in section 641 and to be coextensive in its reach.

*United States v. Sanderson*, 966 F.2d 184, 188–89 (6th Cir. 1992) (internal citations omitted) (emphasis original). Based on this reasoning, the court held that "Sanderson's theft of employee

time is as much a theft of property as his theft of paint supplies, for the purposes of his section 666(a)(1)(A) conviction." *Id.* at 189.

The Defendants attempt to distinguish *Sanderson* by arguing that employee time and engineer's estimates are materially different types of intangible property. However, this argument takes an overly narrow view of the *Sanderson* holding. The Court interprets *Sanderson* as concluding that employee time is property within the meaning of this term in § 666(a)(1)(A) because this term includes both tangible and intangible property.

The Defendants acknowledge that holding that the engineer estimates do not constitute property within the meaning of § 666(a)(1)(A) would be inconsistent with *Sanderson*. However, they also argue that holding that the estimates are property would be inconsistent with the analysis in *Jeter*. In addition, it would also be inconsistent with the general rule of statutory construction that disparate inclusion or exclusion of a term is intentional, because such a holding would mean that there is no difference between the term "property" in § 666(a)(1)(A) and "anything of value" in § 666(a)(1)(B) and (a)(2).

Inconsistencies exist regardless of which holding is reached. However, in *Sanderson*, the Sixth Circuit was clear and direct in explaining why intangible property should be included within the meaning of "property" in § 666(a)(1)(A). Under this authority, the Court holds that engineer estimates constitute "property" within the meaning in § 666(a)(1)(A).

### B. The Indictment is Legally Sufficient.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7. In the present case, the superseding

-4-

Indictment alleges sufficient facts, which, if proven, would support the offenses charged under § 666(a)(1)(A).

### (1) § 666(a)(1)(A) Charges Related to Road Contract Funds

The superseding Indictment alleges sufficient facts to support a charge under § 666(a)(1)(A) regarding the road contract funds. It alleges that the "KTC has the responsibility of letting contracts to private entities for the construction or repair of state roads and highways," and that Nighbert was "the Secretary of the KTC, its chief administrative officer, and ultimately responsible for the process of letting the [road] contracts." Despite these factual assertions, the Defendants contend that Nighbert could not have violated § 666(a)(1)(A) because he never possessed the road contract funds. Rather, they argue that the KTC awards committee was tasked with awarding the funds to the winning bidder, and that Nighbert is not alleged to have been a member of the awards committee. Therefore, the Defendants contend that the KTC awards committee – and not Nighbert – was in possession of these funds.

This argument fails because it ignores the possibility that Nighbert, in his capacity as the chief administrative officer of the KTC, had *constructive* possession of road contract funds awarded by the committee. "Constructive possession exists when a person does not have physical possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Hunter*, 558 F.3d 495, 504 (6th Cir. 2009). If the government establishes at trial that Nighbert had power and intention to exercise dominion and control over the road contract funds awarded

to Lawson, then the government could establish that Nighbert was in constructive possession of these funds.

### (2)  § 666(a)(1)(A) Charges Related to Engineer's Estimates

The superseding Indictment alleges sufficient facts to support a charge of conversion under § 666(a)(1)(A) regarding the engineer estimates. Nighbert disputes this and argues that conversion can no longer be charged because of changed language in Count 2 of the superseding Indictment. The original Indictment alleged that Nighbert "caused to be provided to a bidder on road contracts confidential information *that* compromised the bidding process and artificially increased the amount of the contracts." (emphasis added). However, Count 2 of the superseding Indictment alleges that Nighbert "caused to be provided to a bidder on road contracts confidential information *that could* compromise the bidding process and artificially increase the amount of the contract." (Emphasis added.)

The Defendants contend that, because Count 2 no longer alleges that the estimates were actually used to inflate the bids and the prices of the road contracts, the superseding Indictment is legally insufficient to support a charge of conversion under § 666(a)(1)(A). This argument is without merit because the superseding Indictment does allege other facts which, if believed by a jury, would support the assertion that the estimates were actually used. Specifically, Count 1 alleges that:

> It was part of the conspiracy that on approximately ten occasions between the time period alleged above, LEONARD LAWSON used the KTC engineer's estimates to determine the amount of his bid on a particular contract. The total amount of these contracts was $129,969,573.58.

Count 2 avers that the factual allegations in Count 1 are restated and incorporated by reference. Thus, even though the language in Count 2 was changed from alleging affirmative use of the estimates to potential use of the estimates, other facts in the superseding Indictment allege that Lawson used these estimates to determine the amount to bid for particular contracts.

At this time, the Court need not address the parties' other arguments regarding whether substantial interference is a necessary element of conversion under § 666(a)(1)(A) or whether substantial interference can be established without proof that Lawson actually used the engineer estimates. Although the government has indicated that it does not believe proof of actual use of the estimates is necessary to sustain a charge of conversion, this is only the government's pre-trial theory. Whether the government actually chooses to try and establish this theory will not be known until evidence is presented at trial. However, the superseding Indictment alleges the estimates were actually used by Lawson, so the government may choose to attempt to establish this theory of conversion at trial. Therefore, the Defendants' argument that the superseding Indictment is legally insufficient due to its changed language is unavailing.

Finally, the argument that the superseding Indictment must allege that the KTC was deprived of the estimates for Nighbert to be charged under § 666(a)(1)(A) is also unavailing. Although to steal or to obtain property by fraud usually means that the rightful owner is deprived of that property, this definition does not make sense in the context of intangible property. Information can be stolen or obtained by fraud without depriving the rightful owner of the information. *See generally Carpenter v. United States*, 484 U.S. 19 (1987).

**II.     Conclusion**

Based on the foregoing analysis, it is hereby

**ORDERED** that the Defendants' motion to dismiss Counts 1 and 2 of the superseding Indictment [Record No. 329] is **DENIED**.

This 11th day of May, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge