UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 08-21-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEONARD LAWSON, CHARLES | ) | |
| WILLIAM NIGHBERT, and BRIAN | ) | **MEMORANDUM OPINION** |
| RUSSELL BILLINGS, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 26, 2009, the Court conducted a hearing to address several pretrial matters including: (1) the United States' motion for reconsideration of the Court's decision to sever charges [Record No. 346]; (2) Defendant Lawson's motion *in limine* to admit certain recordings into evidence [Record No. 212]; (3) the Defendants' joint motion to bar the United States from publicly disclosing potential evidence [Record No. 355]; and (4) Defendant Nighbert's motion to continue the trial date of June 23, 2009 [Record No. 373]. Each of these motions is addressed below.

### 1. Motion for Reconsideration of the Court's April 27, 2009, Memorandum Opinion and Order

The United States requests that the Court reconsider an earlier decision issued April 27, 2009, in which Counts 1-5 were severed from Counts 6-8 for purposes of trial. [Record No. 346]

This motion will be denied because severance of these counts is necessary to avoid the risk of jury confusion.

"A district court may grant a severance under Rule 14 if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In the present case, this risk stems from the existence of two alleged conspiracies: a conspiracy involving bribery and conversion, and a subsequent conspiracy to conceal the underlying conspiracy. Contrary to the United States' contentions, evidence of a "cover-up" conspiracy is not categorically evidence of consciousness of guilt on the part of the conspirators allegedly involved in the underlying conspiracy. *See Grunewald v. United States*, 353 U.S. 391 (1957 ("We cannot accede to the proposition that the duration of a conspiracy can be indefinitely lengthened merely because . . . the conspirators take steps to bury their traces . . . after the central criminal purpose has been accomplished.").

Cover-up measures, in words or actions, may only connote guilt as to the underlying conspiracy if the measures somehow further the aims of that underlying conspiracy. In other words, actions or statements cannot be attributed to a conspiracy unless they are committed or made in furtherance of that conspiracy. As the Supreme Court has stated:

> By no means does this mean that acts of concealment can never have significance in furthering a criminal conspiracy. But a vital distinction must be made between acts of concealment done in furtherance of the main criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up after the crime.

*Id.* at 405.

Severance prevents the jury from commingling any question of guilt on the part of each Defendant between the two conspiracies. This is an important concern since the evidence against each Defendant is not uniform. Billings is not charged with participating in the underlying conspiracy, and the bulk of the tape-recorded evidence the United States seeks to introduce related to the subsequent conspiracy does not explicitly include Nighbert. Where it appears to the Court that a jury cannot "properly compartmentalize the evidence as it relates to the appropriate defendants," severance is warranted. *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987). To the extent that the United States requests reconsideration of severance, the motion is denied.[1]

### 2. Motion to Admit Recordings of Rummage "Coaching Sessions"

Lawson seeks a pretrial ruling concerning the admissibility of tape recordings of so-called "coaching sessions" between government agents and James Rummage, a witness and potential accomplice. [Record No. 212] During these sessions, Rummage and the agents discussed the contents of undercover conversations he would undertake with Lawson and the other Defendants. The conversations that Rummage then eventually conducted with Lawson comprise a sizeable portion of the tape-recorded evidence against the Defendants. As a result, and given Rummage's position as a key witness for the United States, his credibility is central to the jury's determination of the Defendants' guilt.

---

1. The United States also raises a concern that the earlier opinion granting severance contained rulings on the admissibility of certain tape recordings. However, any ruling on the admissibility of evidence will be made explicitly, pursuant to an appropriate motion made by the parties. Simply put, not all evidentiary rulings can be made in advance of trial.

The recordings of the "coaching sessions" add to an understanding of his credibility because they provide a context for his motivations in cooperating with the government. As recognized by the Sixth Circuit, the basis for his cooperation is a not only appropriate, it is an essential factual issue for the jury to consider. Courts within the Sixth Circuit instruct jurors to consider the testimony of accomplices and individuals promised immunity[2] "with more caution than the testimony of other witnesses." *See* Sixth Circuit Pattern Criminal Jury Instructions 7.07, 7.08. Admission of the recordings does not imply that the government's investigative tactics were unlawful, and any such implication can be offset by an appropriate instruction to the jury.

Having considered the parties' arguments on this issue, the Court will adopt the Magistrate Judge's Report and Recommendation. [Record No. 353] The Magistrate Judge properly concluded that "the coaching session recordings are objective, compelling evidence from which a jury should be able to make a determination on its own of what was truthful and what was untruthful without having to rely on the government's assertions and Rummage's testimony." [Record No. 353, p. 7] In addition, the Magistrate Judge's conclusion that "the coaching session tapes [] have a tendency to impeach Rummage's testimony and to impact [] his credibility" is accurate. The tape recordings are relevant and admissible for use in the Defendants' cross-examination of Rummage. Thus, Lawson's motion will be granted.

---

2. The United States asserts that Rummage has not been promised immunity in exchange for his testimony. The Defendants, however, contest this point. The subject tapes will allow the jury to better assess whether Rummage believes that immunity has been implicitly promised in exchange for testimony favorable to the government.

### 3. Motion Barring United States From Public Disclosure of Evidence

The Defendants also request that the Court bar further public disclosure of evidence by the United States in pretrial filings. [Record No. 355] In support, they outline previous incidents of disclosure followed by the immediate publication of potential evidence by various press outlets. Based on arguments presented on this motion, as well as on the press's motion for leave to intervene concerning public rights of access to an earlier closed hearing, the parties will be directed to provide a explanation whenever they seek to file a document under seal which references evidence that might be offered during trial. This explanation should be detailed enough to supply any member of the public with sufficient information to determine whether a motion opposing the sealing would be appropriate. If any objection is made concerning a document sought to be filed under seal, or if a motion to intervene to contest a filing under seal is presented, the Court will review the relevant documents and make a determination at that time as to whether the document should remain sealed or whether further explanation should be given. A hearing will be scheduled if necessary.

This procedure ensures a level of transparency during the pretrial discovery period, while also affording the Defendants some protection from a publicity-tainted jury pool. Although the Court has considered other options (specifically, the filing of motions seeking to have a document filed under seal), time constraints prevent formal motion practice. However, this option still allows the Court to make the requisite "specific findings . . . on a document-by-document basis." *Application of Nat'l Broad. Co., Inc.*, 828 F.2d 340, 346 (6th Cir. 1987) (citing *Associated Press v. United States District Court*, 705 F.2d 1143, 1147 (9th Cir. 1983)). Further,

the United States and counsel for all Defendants have agreed to this procedure and believe it is a practical alternative to the practice followed previously. Therefore, the Defendants' motion for a blanket ban will be denied. The parties are directed to comply with the procedure outlined herein.

### 4. Motion to Continue Trial

Nighbert also requests a continuance of the June 23, 2009, trial date. [Record No. 373] In support, he argues that additional time is needed to conduct interviews and resolve pending motions. The additional interviews sought involve individuals recently identified in the United States' *Jencks* materials. Defendants Lawson and Billings have joined in the motion to continue for a variety of reasons, including scheduling conflicts of co-counsel.

As represented by the United States, most of these individuals identified in the recently produced FBI 302s will not be called as witnesses in the case and, in fact, do not appear to be essential to the case itself. In addition, the Court anticipates that the majority of the pending motions identified by the Defendants have been, or will be, resolved with sufficient time remaining for the Defendants to adequately prepare for trial. Finally, the Court notes that a substantial period of time has been afforded to the parties to conduct interviews with potential witnesses and prepare for trial. The matter cannot be delayed indefinitely and the public as well as the parties is entitled to a prompt resolution of the charges asserted in this action. Therefore, Nighbert's motion to continue the trial will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. The United States' motion for reconsideration [Record No. 346] is **DENIED**.

2.	Defendant Lawson's motion *in limine* [Record No. 212] is **GRANTED**. The Magistrate Judge's Report and Recommendation [Record No. 353] regarding this motion is **ADOPTED** and **INCORPORATED** herein by reference. The United States' objections to this Report and Recommendation are **DENIED**.

3.	The Defendants' joint motion for order barring the government from public disclosure of evidence [Record No. 355] is **DENIED**. However, the parties are directed to follow the procedure outlined in this Order with respect to future filings.

4.	Defendant Nighbert's motion to continue trial [Record No. 373] is **DENIED**.

This 29th day of May, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge