UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 08-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LEONARD LAWSON, CHARLES | ) | |
| WILLIAM NIGHBERT, and BRIAN | ) | **MEMORANDUM OPINION** |
| RUSSELL BILLINGS, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 27, 2009, United States Magistrate Judge James B. Todd issued a Report and Recommendation which recommended that, pursuant to Rule 404(b) of the Federal Rules of Evidence, the Court allow into evidence during the upcoming trial a 1983 conviction. [Record No. 393]  While the Report and Recommendation indicates that the proposed evidence relates to a guilty plea by Defendant Leonard Lawson, the plea and conviction actually relates to Mountain Enterprises, a company Lawson owned and/or operated. Defendant Lawson filed objections to this Report and Recommendation on June 4, 2009.  With respect to the 1983 conviction, Lawson argues that the Mountain Enterprises' plea is inadmissible for several reasons and that the Magistrate Judge erred in recommending that it be admitted during the upcoming trial.  In support of his arguments, Lawson attaches the affidavit of John Reed, currently a member of the Reed Weitkamp Shell & Vice law firm.

-1-

After reviewing the Magistrate Judge's Report and Recommendation and the Defendant's objections, the Court advised the parties that recusal of the undersigned may be required under 28 U.S.C. § 455(b)(2), based on the undersigned's prior association with Mr. Reed. [Record No. 427] The parties have now filed authorities concerning this issue. [Record Nos. ] However, the Court remains convinced that, under the governing statute, recusal is required. Accordingly, pursuant to the Court's standing Order of July 7, 2008, the undersigned will recuse from further participation in this matter and the case will be reassigned to another judge.

## I.    The Recusal Statute

Federal judges consult two statutory provisions in determining whether recusal is warranted in a particular case: 28 U.S.C. § 144 and 28 U.S.C. § 455. The first provision addresses recusal in circumstances where a party provides a sworn statement that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party.[1] The second provision pertains to disqualification in cases in which the

---

[1]      In *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995), the Tenth Circuit listed factors that are frequently alleged as a basis for, but which do not warrant, recusal under 28 U.S.C. § 455(a). They include:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding; or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.

*Id.* at 351. This subsection of § 455 is inapplicable to the issue under consideration.

-2-

judge's impartiality might reasonably be questioned and in certain other enumerated circumstances.  The facts presented here involve the latter part of the recusal statute.

More specifically, 28 U.S.C. § 455 provides, in relevant part, as follows:

**§ 455.  Disqualification of justice, judge, or magistrate judge**

**(a)**  Any justice, judge, or magistrate judge or the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)**  He shall also disqualify himself in the following circumstances:

　　　**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

　　　**(2)** While in private practice he served as a lawyer in the matter in controversy, or *a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter*, or the judge or such lawyer has been a material witness concerning it;

28 U.S.C. § 455 (emphasis added in italics).

While analysis under this statutory section is fact-intensive, the phrase "matter" as used in § 455(b)(2) is intended to have broader meaning than the specific case pending for resolution. *In re: Letters Rogatory From The Supreme Court of Ontario, Canada,* 661 F. Supp. 1168, 1174 (E.D. Mich. 1987);  *Hoffenberg v. United States*, 333 F.Supp.2d 166, 174 (S.D. N.Y. 2004); *In re Rodgers*, 537 F.2d 1196, 1198 (4th Cir. 1976) (rejecting the argument that "the matter in controversy" was restricted to the actual case before the court and holding that recusal was warranted where the defense asserted by the accused was likely to consist of evidence of matters in which the judge's former partner served as a lawyer).  Thus, under § 455(b)(2), recusal may

be required even if the matter which must be decided by the Court is technically separate and

distinct from the issue presented to the jury for resolution in the pending case.

> As the District Court for the Eastern District of Michigan has noted,

> Throughout the other provisions of section 455, Congress made disqualification
> depend upon the judge's suspect relationship with the narrow "case" or
> "proceeding" before him.  That Congress chose to ground disqualification in
> section 455(b)(2) on a judge's relation to service "concerning the matter" suggests
> that disqualification is required where the proceeding relates in any broad sense
> to the subject matter, even though such has not been made part of the current
> proceeding.  For example, where a claim or defense makes use of the testimony
> of the judge's former law partner as it relates to legal services he rendered on the
> transaction in which the issues litigated had their origins, the judge should recuse
> himself.

*In Re: Letters Rogatory,* 661 F. Supp. 1168, 1174  (E.D. Mich. 1987) (citation omitted).

> Further, it should be noted that, while a strict reading of subsection (b)(2) may seem to

produce a "silly" result, such is to be tolerated "to avoid casting a shadow over the individual

litigation and, as importantly, prevents injury to the public perception of the justice system . . ."

*Id.*   In summary, the undersigned concurs with this analysis of 28 U.S.C. § 455(b)(2) outlined

by the Michigan District Court.

## II.    Relevant Facts

> As set forth in the affidavit attached to the Defendant Lawson's Objection to the

Magistrate Judge's Report and Recommendation [Record Nos. 410, 411], John Reed was an

attorney in the Louisville, Kentucky, office of Greenebaum Doll & McDonald during the period

1974 though 1987.[2]  During the period 1981 through 1985, Reed and another Greenebaum

---

[2]     The undersigned worked in the Lexington, Kentucky, office of Greenebaum Doll & McDonald from
1983 through 2001.  Although the undersigned worked with Mr. Reed on occasion, those matters did not
include work for or in connection with Defendant Lawson or Mountain Enterprises.

attorney, Donald Balleisen, represented Mountain Enterprises, Inc., Defendant Lawson, and employees of Mountain Enterprises in connection with a coordinated state/federal investigation of the road construction and paving industry in Kentucky.

On May 27, 1983, Mountain Enterprises entered into a plea agreement with the United States, whereby the company agreed to waive indictment and enter a guilty plea to a one-count information charging a violation of the Sherman Act, 15 U.S.C. § 1.  As a part of this plea agreement, Mountain Enterprises agreed to cooperate with the government in connection with ongoing matters.[3]  Pursuant to the plea agreement, Reed, acting pursuant to a resolution of the board of directors of Mountain Enterprises, entered a guilty plea in United States District Court in Louisville, Kentucky on June 1, 1983. [*See United States v. Mountain Enterprises, Inc.*, U.S. Dist. Ct., Criminal No. 83-0042-01-L]    The judgment entered June 9, 1983, indicates that Mountain Enterprises was fined $150,000, plus interest, payable in three increments.  The cooperation provision of the plea agreement also led to Lawson testifying before various grand juries following the 1983 guilty plea by the company.  Additionally, the Reed affidavit recites that Lawson testified in an unspecified 1985 criminal trial of a paving company and its owners in the Eastern District of Kentucky.

According to Reed, Lawson and his attorneys understood that the agreement with the government provided that the information provided in interviews, statements and testimony would not be used against Lawson or Mountain Enterprises.  Reed further states that this "use

---

[3]      The parties dispute the exact contours of the immunity given in exchange for Lawson's subsequent testimony.  However, the Court finds it unnecessary to address this issue to resolve the question of recusal.

immunity" was memorialized in formal orders in some instances, but he is unable to recall how it was documented in connection with state proceedings.  In conclusion, Reed states that,

> I am confident based upon my general and specific recollection of the events and Mr. Balleisen's and my practice at the time in representing parties and witnesses in criminal antitrust investigations and prosecutions, that Mr. Lawson's cooperation in the form of interviews, statements and testimony was in fact conditioned upon the information he provided never being used against him in any criminal prosecution by the United States or the Commonwealth of Kentucky.

[Record Nos. 410, 411; attached affidavit]

Defendant Lawson asserts that the 1983 guilty plea of Mountain Enterprises is not admissible under Rule 404(b) for a variety of reasons, including its age, the fact that it is not probative of intent or any other relevant factor in the present case, because the Magistrate Judge failed to follow the appropriate legal standard for determining admissibility under the rule, and because the admission of such evidence would violate the use immunity provided to Lawson and Mountain Enterprises.  The United States has filed a cursory response in which it asserts that the Magistrate Judge's Report and Recommendation should be upheld concerning this evidentiary issue. [Record No. 428]

Under the circumstances presented, the Court believes that recusal is appropriate under 28 U.S.C. § 455(b)(2).  Although the undersigned judge did not have any involvement in the Mountain Enterprises anti-trust matter and did not perform any work for Defendant Lawson, other members employed by the same firm performed work which now constitutes a "matter in dispute" in this criminal proceeding.  Ultimately, the presiding judge in this criminal action will be called upon to decide the admissibility of the 1983 conviction handled by John Reed and other members of Greenebaum Doll & McDonald.  Representation concerning the anti-trust

matter did not end on the date a guilty plea was entered.  Instead, it continued for a significant period of time thereafter.

It also appears that the admissibility of subsequent testimony and information provided by Lawson and/or Mountain Enterprises during 1983 through 1985 may become an issue for resolution by the presiding judge.  Further due to the age of the conviction that the United States seeks to introduce, the presiding judge may be called upon to assess the extent of any immunity provided to Lawson, Mountain Enterprises, and its employees as explained by their attorney, John Reed.[4]  Thus, it may be necessary for the Court to make credibility determinations in light of the immunity issues recently raised by the parties' motions and objections.

## III.    Conclusion

Based on the foregoing analysis, it is hereby **ORDERED** that the undersigned recuses from further participation in this matter in accordance with 28 U.S.C. § 455(b)(2).

Pursuant to this Court's General Order No. 08-14, ¶ 2.b. (Case Assignment and Recusal Order) dated July 7, 2008, it is further **ORDERED** this matter is hereby **REASSIGNED** to the Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, for further proceedings.

---

[4]        Following the June 9, 2009, hearing, Defendant Lawson apparently withdrew his assertion that the government's efforts to use an August 5, 1983, statement was covered by a claim of use immunity. [Record No. 430, p. 3] The United States has responded by contending that a hearing will be needed to determine whether Lawson was given "use" or "transactional" immunity in connection with his testimony and that John Reed will be a material witness at this hearing. [Record No. 431, pp. 6-8]  According to the United States, the Defendant's decision to withdraw its argument concerning use immunity shifts the Court's focus from 28 U.S.C. § 455(b)(2) to § 455(a). Because the Court concludes that recusal is required under the statutory section the parties requested leave of court to address (*i.e.*, § 455(b)(2)), it is unnecessary to address the merit – or lack of merit – of government's assertions under § 455(a).

This 17th day of June, 2009.



Signed By:

*Danny C. Reeves*

United States District Judge