UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA PLAINTIFF

v. **OPINION & ORDER**

LEONARD LAWSON, et al. DEFENDANTS

* * * * * * * * *

This matter is before the court on the objections of the defendant, Leonard Lawson, to the Magistrate Judge's Report & Recommendation [DE 393] with regard to the defendant's Motion to Exclude certain evidence pursuant to Federal Rule of Civil Procedure 404(b).

**I. RELEVANT FACTS**

On May 27, 2009, Magistrate Judge Todd issued a Report & Recommendation with regard to Lawson's motion to exclude the following evidence:

(1) Evidence of a 1983 guilty plea regarding a conspiracy in restraint of trade among Kentucky road construction contractors;

(2) Information given to Kentucky Attorney General staff by a relative of a former Lawson employee alleging that Lawson caused documents to be falsified regarding a state highway contract; and

(3) The FBI interview of Tim Hill regarding Mr. Hill's suspicion and opinions regarding the letting of particular road projects in Kentucky.

Magistrate Judge Todd recommended the evidence of the1983 guilty plea be admitted pursuant to Rule 404(b) of the Federal Rules of Evidence. He also recommended not admitting the

information given to the Kentucky Attorney General as well as the Hill interview pursuant to Rule 404(b), but stated that they may be admissible for another purpose under another evidentiary rule. Lawson filed objections to the Magistrate Judge's Report & Recommendation. The United States did not file objections to the Report & Recommendation but responded to Lawson's objections. Since the government did not file objections, the court need not review Magistrate Judge Todd's factual or legal conclusions regarding the inadmissibility of the information given to the attorney general staff or the Hill interview. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II. ANALYSIS

A court must review *de novo* those portions of a magistrate judge's recommended disposition to which an objection is made. 28 U.S.C. § 636(b)(1)(C). Lawson objects to the Magistrate Judge's conclusion that evidence related to the antitrust violation is probative of his intent to commit the charged acts. In addition, if this evidence is probative of his intent, Lawson also objects to the Magistrate Judge's conclusion that the prejudicial effect of its admission would not substantially outweigh the probative value to the government.

The government plans to admit in its case-in-chief evidence related to a 1980 antitrust violation and a 1983 guilty plea entered by Mountain Enterprises, a company formerly owned by Lawson. According to the 1983 Information filed in the Western District of Kentucky, Mountain Enterprises was charged with one count of conspiring and engaging in anti-competitive behavior relating to road contract letting in violation of section 1 of the Sherman Act. The general conspiracy scheme was that Mountain Enterprises and other co-conspirator road construction companies colluded to allocate work on state road contracts in eastern Kentucky. Since the co-conspirators agreed to share the work once the contracts were awarded, they did not compete with one another

to be the sole winning bidder. The lack of truly competitive bids on these road contracts meant the lowest bid price was artificially high. Mountain Enterprises entered a guilty plea to the one count charged in the Information and was assessed a $150,000 fine for its role in the conspiracy. The government contends the evidence is probative of Lawson's intent and motive for committing the bribery, conversion, and obstruction acts charged in the superseding Indictment, and therefore, is admissible pursuant to Rule 404(b).

This Court must employee the following three-step analysis for determining whether evidence of other acts is admissible pursuant to Rule 404(b):

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*Bell*, 516 F.3d at 441. There is sufficient evidence to support the fact that the antitrust violation did occur. However, using the *Bell* analysis, it does not appear as if evidence related to the antitrust violation is being offered for a proper purpose, because the evidence is not probative of intent. Further, even if the evidence were probative of intent, the probative value to the government would be substantially outweighed by the prejudicial effect to Lawson.

Proffered evidence is offered for a proper purpose under Rule 404(b) if the evidence is probative of a material issue other than character. *See United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004). The Sixth Circuit established the following three-part analysis for courts to use when determining this issue:

> Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which it is offered is material or "in issue," and (3) the evidence is probative with regard to the purpose

for which it is offered.

*United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007). Evidence of the antitrust violation meets the first prong, because establishing either intent or motive is an admissible purpose for offering evidence of other acts. FED. R. EVID. 404(b). In addition, intent is an element of all charges asserted against Lawson in the superseding Indictment, so his intent is certainly "in issue." However, motive is not "in issue," because it is neither an element the government must prove nor is his motive something Lawson has placed in issue at this time. Whether motive is "in issue" at a later point will depend on Lawson's theory and the proof that develops at trial. *See United v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996). Thus, offering this antitrust evidence to demonstrate intent meets the second prong. However, to meet the third prong of this test, the antitrust violation evidence must be probative of Lawson's intent. The government contends that it is, and the Magistrate Judge agreed. Specifically, the Magistrate Judge concluded:

> The prior bad acts consist of working with others to allocate construction jobs among competitors by agreeing on territory boundaries and not bidding for particular jobs outside one's territories. The charged conduct consists of [the] defendant, through the aid of KTC officials, viewing competitors' bids to ensure that the defendant's bid would be the lowest. Both acts were concerned with ensuring the award of state highway contracts to defendant Lawson's road construction company. As a result, the 1983 plea is probative of the intent of the charge offense.

[Record No. 393, p. 7] However, this conclusion is based on incorrect facts and an incorrect application of law. Therefore, this conclusion will not be adopted by the Court.

For evidence of other acts to be probative of intent, the evidence must relate to conduct that is "substantially similar and reasonably near in time" to the specific intent offense at issue. *Bell*, 516 F.3d at 443 (citing *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002)). In reaching his conclusion that evidence of the antitrust violation was probative of Lawson's intent, the Magistrate

Judge did not apply the "substantially similar and reasonably near in time" principle. Rather, he found that it is "appropriate to confine the reach of *Bell* and *Haywood* to the type of intent charged in that case, intent to distribute illegal drugs." However, this principle is not limited to cases involving drug distribution. *See e.g., United States v. Cook*, 290 F. App'x 874 (6th Cir. Aug. 28, 2008) (unpublished) (involving uttering counterfeit bills); *United States v. Harris*, 200 F. App'x 472 (6th Cir. Oct. 10, 2006) (unpublished) (involving failure to file federal income taxes); *United States v. Collins*, No. 08-47, 2008 U.S. Dist. LEXIS 39846 (N.D. Ohio Apr. 21, 2008) (involving firearms). The decision to not apply the "substantially similar and reasonably near in time" principle to this case was incorrect.

There is no definite number of years that constitute "reasonably near in time," *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985), but the parties have not cited, nor has the Court found, cases holding that events occurring over twenty years apart are "reasonably near in time." However, the Court's holding need not turn on the number of years separating these events, because the antitrust violation is not substantially similar to the conduct alleged in the superseding Indictment. The fact that the antitrust violation and the current alleged conduct are factually related to road contract bids is simply a red herring. As discussed above, the antitrust violation involved several road construction companies agreeing not to compete with each other on certain project bids so that contracts would be awarded at costs higher than would be expected had the bidding process been truly competitive. There are no allegations of bribery or conspiring with state employees to get engineer's estimates in the 1983 information. In addition, there is no evidence that Lawson attempted to obstruct the FBI investigation into the antitrust violation. Rather, the evidence shows that he cooperated with the 1983 investigation. Although some similarities do exist, such

commonality does not make the antitrust violation and the current conduct substantially similar.[1]

In addition, even when the prior conduct is substantially similar or the same as charged conduct, evidence of the other acts is not necessarily probative of present intent. As the Sixth Circuit explained in *Bell*:

> While we have repeatedly recognized that prior drug distribution evidence is admissible to show intent to distribute, our cases have only found such evidence probative of present intent to possess and distribute when the prior distributions were part of the same scheme or involved similar *modus operandi* as the present case. Unless the past and present crimes are related by being part of the same scheme of drug distribution or by having the same *modus operandi*, the fact that a defendant has intended to possess and distribute drugs in the past does not logically compel the conclusion that he presently intends to possess and distribute drugs. Indeed, a person may be a distributor of drugs on one occasion, and a mere user on another. The only way to reach the conclusion that the person currently has the intent to possess and distribute based solely on evidence of *unrelated* prior convictions for drug distribution is by employing the very reasoning—*i.e.*, once a drug dealer, always a drug dealer—which 404(b) excludes. Thus, to be probative of a defendant's present intent to possess and distribute, his prior convictions for drug distribution must be related in some way to the present crime for which the defendant is on trial.

*Bell*, 516 F.3d at 443–444 (internal citations and quotations omitted) (emphasis original). Although *Bell* involved drug distribution, there is no reason that the Sixth Circuit's reasoning should not also be applicable in this case. Thus, the antitrust violation is not probative of Lawson's intent to commit the conduct alleged in the superseding Indictment because the two sets of conduct are completely unrelated.

For all the reasons discussed in this section, the evidence related to the antitrust violation is not probative of Lawson's intent. Accordingly, there is no admissible purpose for which the antitrust evidence could be admitted under Rule 404(b). The Magistrate Judge's finding that this evidence

---

[1] Although not a perfect example of distinguishing between similar and substantially similar conduct, the Sixth Circuit has drawn a distinction between personal drug use and drug distribution and found the former is not probative of intent to commit the later. *Bell*, 516 F.3d at 443 (listing examples).

should be admitted along with limiting instructions is incorrect and will not be adopted.

Finally, it should be noted that even if evidence relating to the antitrust violation was offered for an admissible purpose, the probative value to the government would likely be substantially outweighed by the prejudicial effect to Lawson. The Magistrate Judge concedes that with the admission of this evidence "the jury might conclude that he has never ceased engaging in illegal activities; therefore, he must have committed the acts with which he is charged in the present case." Yet, the Magistrate Judge concludes that proper limiting instructions will mitigate this possible prejudicial effect. However, any *legitimate* probative value gained from the admission of this evidence is likely going to be slight, whereas there is a high likelihood that the evidence would be considered for an inappropriate purpose, *i.e.* "once a crook; always a crook." Because of the likelihood that the prejudicial effect of admission would substantially outweigh its probative value, evidence of the antitrust violation does not meet the third prong of the *Bell* test for admissibility pursuant to Rule 404(b).

## III. CONCLUSION

Evidence related to the antitrust violation is not probative of Lawson's intent to commit the charged crimes. Therefore, this evidence cannot be admitted pursuant to Rule 404(b). In addition, the evidence shall not be admitted pursuant to Rule 404(b), because the danger of prejudice to Lawson substantially outweighs the probative value to the government.

Accordingly, **IT IS ORDERED** that Lawson's Motion to Exclude 404(b) Evidence [DE 130] is **GRANTED**. The portion of the Magistrate Judge's Report & Recommendation recommending that the evidence related to the antitrust violation be admitted with limiting instructions is **REJECTED**. Lawson's objections to the Report & Recommendation are **GRANTED** [DE 411].

Otherwise, the Magistrate Judge's Report & Recommendation [DE 393] is **ADOPTED** and **INCORPORATED** herein by reference.

This 1st day of July, 2009.




**Signed By:**

***Karl S. Forester*** KSF

**United States Senior Judge**