UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                            **OPINION & ORDER**

LEONARD LAWSON,
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendants, Leonard Lawson, William Nighbert and Brian Billings, ("Defendants"), for disclosure of law enforcement interview notes, draft memoranda, recordings or any other material taken during any interview of James Rummage [DE 400]. Defendants also request that the Court order the Government to preserve any and all other notes, documents, reports or other materials that were used to prepare memoranda related to a March 12, 2008, interview of Rummage. The Court hereby revokes the referral of this motion to Magistrate Judge James B. Todd, and, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and will deny it in part.

**I.     RELEVANT FACTS**

On March 12, 2008, the Assistant United States Attorney Kenneth Taylor, Special Agent Clay Mason of the FBI and Agent John Sparks of the Kentucky Attorney General's Department of Criminal Investigation interviewed James Rummage in conjunction with the criminal investigation that led to the charges in this case. During the interview, Special Agent Mason and Agent Sparks took notes regarding the interview. Special Agent Mason later set forth his account of the interview

on a formal Interview Form FD-302 and Agent Sparks prepared a memorandum of interview. When Taylor provided the 302 report and the memorandum to Defendants, he explained in the cover letter that Agent Sparks' report contained errors that made it inconsistent with Taylor's account and Mason's report. He enclosed his own notes as support for his belief that Agent Sparks' memorandum contained errors. Subsequently, Defendants requested copies of all handwritten notes, draft memoranda, recordings or any other material taken during any interview of Rummage before or after March 12, 2008, or other documents used to prepare the conflicting memoranda of the March 12 interview pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The Government declined to produce any notes arguing that they had complied with *Brady* by providing the documents demonstrating the inconsistencies. In this motion, Defendants argue that when the credibility of a witness is at issue and there are discrepancies between an agent's report and notes, the Government must disclose rough notes. Without citing authority, the Government simply contends that the motion should be denied.

II.     **STANDARD OF REVIEW AND ANALYSIS**

Federal Rule of Criminal Procedure 16 outlines items subject to discovery in criminal cases, including statements made by defendants, defendants' prior records and documents and objects that the Government intends to use in its case-in-chief. In addition to the requirements in Rule 16, pursuant to *Brady*, the Government must provide the defense with evidence favorable to an accused where the evidence is material either to guilt or punishment. *Brady*, 373 U.S. at 87. This duty extends to exculpatory or impeachment evidence. *United States v. Bagley*, 473 U.S. 667, 676 (1985). The Third, Ninth and D.C. Circuits have held an agents' rough interview notes, if they contain exculpatory evidence not otherwise disclosed, fall within the *Brady* disclosure obligation.

2

*United States v. Pellulo*, 105 F.3d 117 (3d Cir. 1997); *United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996); *United States v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975). In *Pelullo*, the court considered whether the Government failed to provide the defense with potential impeachment evidence, specifically the rough notes of agents and surveillance tapes. The court concluded that the Government failed to abide by its obligation under *Brady* to disclose potential impeachment evidence when it failed to provide the rough notes because the notes differed from the 302 report thereby having potential impeachment value to the defense. *Pelullo*, 105 F.3d 117.

The Sixth Circuit has not addressed the issue specifically; however, in *United States v. McCallie*, 554 F.2d 770 (6th Cir. 1977), the court considered a related issue. In *McCallie*, the court found that routine destruction of interview notes after preparation of a full 302 report did not violate the Jencks Act or the *Brady* doctrine. Recognizing the holdings by the D.C. and Ninth Circuits that an agent's rough notes must be preserved, the *McCallie* court declined to reconsider the Circuit's "settled case law on this subject." *McCallie*, 554 F.2d at 773. *McCallie* differs from the instant case because the court was not determining whether notes must be provided to a criminal defendant when the notes have not been destroyed and contain potential impeachment material. Instead, the *McCallie* court was determining whether destruction of rough interview notes violated *Brady* after the destruction occurred. This distinction is important. Given the discrepancies between Taylor's notes, Special Agent Clay's notes, Agent Sparks' notes, the 302 report and Agent Sparks' memorandum, the Court finds that the handwritten notes, draft memoranda, recordings or any other materials related to the March 12, 2008, Rummage interview should be preserved and provided to Defendants pursuant to *Brady* because they contain potential impeachment evidence. The Court declines to order that interview notes, draft memoranda, recordings or any other material related to

"any" interview of Rummage be provided because there is no suggestion that they contain potential *Brady* material but the Government shall preserve those notes, etc. in case such a claim arises.

**III. CONCLUSION**

Accordingly, the Defendants' request for the Court to compel disclosure of law enforcement interview notes, draft memoranda, recordings or any other material taken during the March 12, 2008, interview of James Rummage is **GRANTED,** and Defendants' request for the Court to compel preservation of any and all other notes, documents, reports or other material taken during any interview of Rummage or other documents used by law enforcement officials to prepare memoranda related to the March 12, 2008, Rummage interview is **GRANTED**. No later than August 1, 2009, the Government shall provide a copy of all existing law enforcement interview notes, draft memoranda, recordings or any other material taken during the interview of Rummage on March 12, 2008. Defendants' request that the court require disclosure of materials relating to any interview of Rummage is **DENIED**.

This 16th day of July, 2009.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**