UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.                                              **OPINION & ORDER**

LEONARD LAWSON
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                                                                                      DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendants, filed under seal, for an order modifying the Protective Order entered into between the defendants and the Kentucky Transportation Cabinet ("KTC") [DE #414]. The Court hereby revokes the referral of this motion to Magistrate Judge James B. Todd and notes that this matter is fully briefed and ripe for review.

On February 19, 2009, the Court approved a Protective Order and Confidentiality Agreement [DE #278] between the defendants and the KTC, and ordered that the Protective Order be filed under seal [DE # 275]. Pursuant to the Protective Order, any document designated as "Attorneys Eyes Only" is "not to be provided to or seen by any Defendant unless so ordered by the Court." It further provides that no "Confidential" document may be used in any pleading or at trial "unless the Parties have first formulated a written and agreed method of use which preserves privacy and confidentiality through redaction, seal or some other procedure or unless such disclosure is authorized by the Court." The Protective Order provides for modification of the Protective Order "by court order or ruling."

The defendants' motion to modify the protective order relates to two categories of documents. The first, listed in Exhibit A to the defendants' motion, are documents that were marked "Attorneys' Eyes Only" by the KTC and relate to the same 10 state highway contracts that the United States alleges were compromised by the defendants in the Second Superseding Indictment. These documents include the following categories or types of documents: (1) Bid Tab Award Sheets; (2) Itemized pricing lists; (3) Proposal Related Information/Estimated Proposal Amounts; (4) Handwritten notes reflecting contact between Government witness(es) and a Defendant or others affiliated with a Defendant; (5) Handwritten notes reflecting KTC calculations; (6) Asphalt Estimator; (7) Project Input Asphalt Data; and (8) Maintenance of Traffic and Pilot Truck Calculations.

The second category of documents, listed in Exhibit B to the defendants' motion, are the Bid Tab Award Sheets, including information regarding bidders' identities and bid information, as well as engineer's estimates for the specific contract. These Bid Tab Award Sheets were provided to the defendants by the United States during discovery have no markings or other indicators that they have been designated "Confidential" or "Attorneys Eyes Only." Nevertheless, the defendants have been advised by the KTC that these documents should be treated as confidential, and therefore, are not available for the defendants to prepare or use at trial.

The Court may modify a protective order upon a showing of good cause. Fed.R.Crim.P. 16(d)(1). The defendants acknowledge that they bear the burden of explaining why their need for the materials outweighs existing privacy concerns. *In Re Air Crash Disaster*, 130 F.R.D. 634, 638 (E.D. Mich. 1989). With respect to the documents listed in Exhibit B, the Court finds that the fact that the KTC released these documents to the United States without any "Confidential" or "Attorneys

Eyes Only" restriction satisfies the defendants' burden. The defendants received these documents from the United States during discovery, and the KTC has thus waived any privilege with respect to these documents based on its unrestricted disclosure to the United States.

With respect to the documents listed in Exhibit A, the Court finds that the defendants' rights to a fair trial are seriously jeopardized if they are not able to use the requested documents. The documents listed in Exhibit A relate to the same 10 state highway contracts that the United States alleges were compromised by the defendants in the Second Superseding Indictment. Several of the documents are handwritten notes of conversations between KTC employees and defendant Billings or Lester Wimpy, an employee and agent of defendant Lawson. These calls were initiated by Billings or Wimpy, individuals responsible for preparing the bids the United States alleges were fraudulently prepared, and are exculpatory to the extent that they allegedly reflect statements that individuals with knowledge of the engineer's estimates would not make. The Court is not aware of any statute or rule that would exempt these notes from discovery in this matter.

Moreover, Kentucky law requires that the engineer's estimates must be open to public inspection. Specifically, KRS 176.080 provides, in pertinent part, as follows:

> Bids shall be opened publicly at the time and place designated in the invitation for bids. At the time the bids are opened, the department shall announce the department's engineer estimate and make it a part of the department's records pertaining to the letting of any highway construction project contract for which bids were received. Each bid, together with the name of the bidder and the department's engineer estimate, shall be recorded and open for public inspection.

KRS 176.080(2). To the extent that the KTC objects to the public release of the information underlying the engineer's estimates, the Court finds that the KTC's privacy rights or the proprietary value of this information pales in comparison to the defendants' need to defend themselves in the

trial of this matter.  Because the heart of the United States' case against the defendants revolves around the engineer's estimates, the defendants need to have access to the documents listed in Exhibit A to address any similarities or differences between the bidder's itemized prices and the engineer's itemized estimates.  Furthermore, as the defendants point out, much of this information is either publicly available or no longer relevant due to the passage of time.

Accordingly, for the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the defendants' motion for leave to file sur-reply [DE #465] is **GRANTED**, and the tendered sur-reply shall be **FILED** by the Clerk;

(2) the defendants' motion to modify the Protective Order [DE #414] is **GRANTED;** and

(3) the Protective Order [DE ## 275 and 278] is **MODIFIED** to the extent that the "Attorneys Eyes Only" documents listed in Exhibit A of DE #414 and the Bid Tab Award Sheets listed in Exhibit B of DE #414 may be used in preparation for trial and at trial.

This July 16, 2009.



**Signed By:**

*Karl S. Forester* KSF
**United States Senior Judge**