UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | *Electronically Filed* |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:08-cr-21-KSF |
| | ) | |
| LEONARD LAWSON, | ) | |
| CHARLES WILLIAM "BILL" NIGHBERT, and | ) | |
| BRIAN RUSSELL BILLINGS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO SEVER**

The Defendants, Leonard Lawson, Charles William "Bill" Nighbert, and Brian Billings, through counsel, respectfully move the Court, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, to sever defendants. Specifically, the Defendants ask the Court to grant Defendant Billings a separate trial on all of those counts with which he has been charged in the Second Superseding Indictment. In support of this Motion, the Defendants file the attached Memorandum of Law and state:

1. On April 27, 2009, Judge Reeves granted the Defendants' Joint Motion for Severance of counts [Doc. 336] ruling that "severance is warranted" because "the evidence against one defendant cannot be compartmentalized and the jury is likely to consider it to the prejudice of a defendant against whom it is not properly directed."

2. On May 29, 2009, after being moved by the Government to reconsider his order granting severance, Judge Reeves again concluded that he believed "that a jury cannot 'properly compartmentalize the evidence as it relates to the appropriate defendants,'" and denied the

Government's Motion to Reconsider. *See* Doc. 396 at 3 (citing *U.S. v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987)).

3. The Government, unhappy with Judge Reeves' severance rulings, issued a new indictment eighteen days before the first trial, on counts 1-5 of the Superseding Indictment, was to begin that rejoined all three defendants into a single trial this time with a single conspiracy. *See* Doc. 415.

4. Rule 14(a) of the Federal Rules of Criminal Procedure says that "[i]f joinder of offenses or defendants in an indictment. . .appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

5. The U.S. Supreme Court has held that Rule 14 severance should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993).

6. Two specific examples cited by the Supreme Court that create a serious risk of wrongful conviction that would justify severance are: (1) "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability;" or (2) "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Zafiro*, 506 U.S. at 539.

7. In this case, both risks are present. The Government intends to present weeks of testimony and evidence in an already complex case related to the alleged bribery and conversion scheme that has no relation to Defendant Billings. In fact, Jim Rummage, the Government's star

witness, testified that Billings had no involvement in or *even knowledge of* the alleged bribery events. (Rummage, IV-21).

8. Additionally, the Government failed to prove by a preponderance of the evidence at a pre-trial evidentiary hearing conducted pursuant to *U.S. v. Enright*, 579 F.2d 980, 986 (6th Cir. 1978), that Defendant Billings was a member of any conspiracy, including the conspiracy charged in Count 1 of the Second Superseding Indictment, or that the alleged Count 1 conspiracy continued past December 10, 2007.

9. The failure to prove any one of these three predicate facts by the Government creates precisely the situation the Supreme Court warned of in *Zafiro*, where Billings' statements may be admitted against him as party-opponent admissions under Federal Rule of Evidence 801(d)(2)(A), but may not be admitted against Nighbert or Lawson as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). Similarly, none of Nighbert's or Lawson's statements may be admitted against Billings as co-conspirator statements.

10. At a joint trial then, all three defendants would be entitled to limiting instructions anytime an inadmissible co-defendant's statement is admitted against that party. *See* Fed. R. Evid. 105 ("When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, *shall* restrict the evidence to its proper scope and instruct the jury accordingly") (emphasis added).

11. This creates exactly the same scenario that Judge Reeves previously warned the Government about that "[d]ue to the complexity of the. . . instructions that would need to be given, there is a serious risk that the jury would be unable to compartmentalize this evidence." *See* Doc. 336 at 4.

12.  When this compartmentalization problem is combined with the huge disparity in evidence between Billings and his two co-defendants that is likely to result in a "spill-over" of that evidence that could taint the jury's view of Billings, there is a substantial risk that one of more of the defendants will be wrongfully convicted.

13.  While this Court can no longer grant precisely the same relief that Judge Reeves previously ordered, by severing Billings out into his own separate trial, none of Billings' statements could be admitted under Federal Rule of Evidence 801(d)(2)(E) or the verbal acts doctrine against Lawson and Nighbert and the risk that a jury would transfer guilt from Lawson and Nighbert is significantly reduced.

WHEREFORE, the Defendants jointly and respectfully move the Court to grant this motion for Rule 14 severance and order that Defendant Billings be set for a separate trial on a date that is a reasonable period of time after the first trial of Lawson and Nighbert is completed.

Respectfully submitted,

/s/ Larry A. Mackey
Larry A. Mackey
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 231-7236
Facsimile:  (317) 231-7433
e-mail:  lmackey@btlaw.com

/s/Howard O. Mann
Howard O. Mann
LAW OFFICES OF HOWARD O. MANN, P.S.C.
P.O. Drawer 1344
Corbin, Kentucky 40702

Attorney for Charles Williams (Bill) Nighbert

/s/ J. Guthrie True
J. Guthrie True
JOHNSON TRUE GUARNIERI
326 West Main Street
Frankfort, KY 40601

Attorneys for Leonard Lawson

/s/ Steven S. Reed
Steven S. Reed
J. Kent Wicker
Reed Wicker PLLC
321 West Main Street, Suite 2100
Louisville, Kentucky 40202

Attorneys for Brian Billings

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this 17th day of September, 2009, by the Court's electronic filing service to the following:

> Kenneth Taylor
> Kevin Dicken
> Assistant United States Attorney
> United States Attorney's Office
> 260 West Vine Street, Suite 300
> Lexington, KY  40507

> /s/ Larry A. Mackey
> Larry A. Mackey

INDS02 JBARCLAY 1070052v1