UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                                                        PLAINTIFF

v.                                        **OPINION & ORDER**

LEONARD LAWSON,
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                                                                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the joint motion of the Defendants, Leonard Lawson, Charles William "Bill" Nighbert, and Brian Russell Billings (collectively, the "Defendants") to grant a separate trial for defendant Billings pursuant to Rule 14 of the Federal Rules of Criminal Procedure [DE 498]. This motion is fully briefed and is ripe for review. The Court will grant the Defendants' motion and sever the trial of defendants Lawson and Nighbert from the trial of defendant Billings, because a joint trial would create a serious risk of substantial prejudice to the Defendants.

I.  BACKGROUND

The issue of severance previously came before this Court when the defendants filed their first joint motion [DE 117] to sever Count 1-5 of the Superseding Indictment, charging Lawson and Nighbert with bribery, conversion, and conspiring to commit these offenses, from Counts 6-8, charging Lawson, Nighbert, and Billings with two substantive and one conspiracy count of obstruction. At that time, Judge Danny C. Reeves determined that a severance of counts was necessary due to the potential application of recorded conversations between Rummage and Lawson, and Rummage and Billings, to Nighbert. Judge Reeves noted that these conversations may be

1

admissible under the coconspirator exception to the hearsay rule contained in Rule 801(d)(2)(E) of the Federal Rules of Evidence. In his Opinion & Order of April 27, 2009, Judge Reeves held that "given the intertwined nature of the two schemes and the fact that the recorded conversations are generally probative of both schemes, there is a substantial risk that the jury would be unable to compartmentalize this evidence even if limiting instructions were given" [DE 336, p. 4]. Accordingly, Judge Reeves ordered that the trial of Counts 1-5 be severed from the trial of Counts 6-8.

Less than two months later, and only eighteen days before the first trial was set to begin, a Second Superseding Indictment was returned charging one overlapping conspiracy [DE 415]. While the United States had never before claimed that Billings was implicated in the bribery and conversion conspiracy, the latest indictment combines both the bribery/conversion charges with the obstruction/witness tampering charges into one overarching conspiracy, essentially overriding Judge Reeve's ruling that there should be a severance of counts. Now Billings is faced with the same charges previously levied only against Lawson and Nighbert and a joint trial on all counts.

## II.   THE PARTIES' ARGUMENTS

The Defendants have moved the Court to grant Billings a separate trial on all those counts with which he has been charged in the Second Superseding Indictment. The Defendants' motion essentially sets forth two arguments. First, the defendants argue that this is a complex case involving allegations of bribery and conversion beginning over two years before Billings is even alleged to have joined the conspiracy. Because Billings has a "markedly different degree[] of culpability," the Defendants contend that a serious risk of wrongful conviction exists which justifies severance. *See Zafiro v. United States*, 506 U.S. 554, 539 (1993). Second, the Defendants argue that evidentiary

2

rulings arising out of the Court's *Enright* hearing in August 2009 will result in the same convoluted web of limiting instructions that Judge Reeves confronted before he previously granted severance. In order to prevent prejudice and the substantial risk of a wrongful conviction resulting from the confusion likely to result from the complex limiting instructions, the Defendants contend that a separate trial for Billings is necessary.

The United States opposes the Defendants' joint motion to sever. The United States contends that all the designated statements offered were made by coconspirators during and in furtherance of the conspiracy and are thus admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence. The United States also contends that a joint trial will not be any more confusing to the jury than any other case involving multiple defendants charged with conspiracy to violate the law. Finally, the United States argues that there is no wide-spread disparity of evidence necessitating a severance.

### III.   RULE 14 SEVERANCE STANDARDS

Rule 14(a) of the Federal Rules of Criminal Procedure provides as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a). While generally "persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial,'" *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002)(citing *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)), there are circumstances where prejudice to a party necessitates a severance. *Zafiro*, 506 U.S. at 537. As the Supreme Court has explained:

> when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would

3

> compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Id*. at 539.  In *Zafiro*, the Supreme Court cited two specific examples that create a serious risk of wrongful conviction: (1) "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability;" or (2) "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Id*. at 539.  According to the Sixth Circuit, severance motions under Rule 14 are left to the sound discretion of the trial court and reversal is warranted only after a strong showing of prejudice.  *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006).

## IV.   ANALYSIS

Both risks identified by the Supreme Court in *Zafiro* would be present in a joint trial with Lawson, Nighbert, and Billings.  The United States' allegations against the Defendants are inordinately complex, involving an alleged conspiracy which began in June of 2006 and did not end until September 2008.  Yet, Billings is not alleged to have even joined the conspiracy until the end of January 2008, and there is no allegation that he ever participated in the bid rigging or conversion component of the conspiracy.  In fact, from the date of the original indictment in September 2008 until June 5, 2009, the United States repeatedly informed the Court, at hearings and in pleadings, that Billings had no involvement in the bribery/conversion conspiracy.  Based on the evidence at the *Enright* hearing, the United States' proof of the bribery/conversion component of the conspiracy will involve evidence relating to nineteen months of conduct before Billings ever allegedly became involved, including six recorded conversations and multiple unrecorded conversations between

4

Nighbert and Rummage or Lawson and Rummage, none of which involve or relate to Billings. Given Billings' alleged late entry into the conspiracy and his limited involvement in the bribery/conversion portion of the conspiracy charge, there is a serious risk that he will be convicted not for his statements and conduct, but rather for the actions of others. *See United States v. McAnderson*, 914 F.2d 934, 949 (7th Cir. 1990)("[T]here is a danger in complex cases that the taint of the larger actors might spill over onto the smaller ones"). Moreover, based on this Court's finding that the United States failed to prove by a preponderance of the evidence that Billings was a member of any conspiracy, this potential "spill-over" effect is exacerbated. Due to the disparity in the quality and quantity of evidence against Billings on one hand, and Nighbert and Lawson on the other, the Court believes a severance of defendants is necessary to prevent a serious risk that Billings could be wrongfully convicted.

Additionally, as a result of this Court's finding that the United States' failed to meet its *Enright* burden of establishing that Billings was a member of any conspiracy, none of Nighbert's or Lawson's out-of-court statements can be admitted against Billings under the coconspirator hearsay exception found in Rule 801(d)(2)(E). Additionally, none of Billings' out-of-court statements can be admitted against Lawson and Nighbert under that exception, although they would be admitted against Billings as an admission of a party-opponent under Rule 801(d)(2)(A). As a result, limiting instructions would be necessary, directing the jury not to consider any of this evidence against Billings or Nighbert and/or Lawson for the truth of the matter asserted. *See* Fed.R.Evid. 105 ("When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, *shall* restrict the evidence to its proper scope and instruct the jury accordingly)(emphasis added). The Notes of the Committee on

5

the Judiciary (1974) specify that "[t]he Committee adopted this Rule without change on the understanding that it does not affect the authority of a court to order a severance in a multi-defendant case."

Courts have approved the granting of a severance in a case like this, where a minor defendant like Billings is faced with a substantial risk that inadmissible evidence, even with the proper limiting instruction, will "spill-over" and taint the jury's view of that defendant. *United States v. Lopez*, 915 F.Supp. 891, 901 (E.D.Mich. 1996)(granting severance because "less drastic measures, such as limiting instructions, will not suffice to cure this substantial risk of prejudice" to one defendant from the introduction of admissible evidence against another defendant). Such a risk was previously recognized by Judge Reeves when he granted the Defendants' original motion to sever prior to his recusal [DE #336]. Judge Reeves correctly recognized that severance was appropriate due to a serious risk that Nighbert would be substantially prejudiced by a joint trial. The same rationale applies in the current context. Although the United States has reformulated the charges in an effort to avoid Judge Reeves' severance order, the risk remains the same. Due to the large number of statements and the complexity of the case, there is a substantial risk that the jury would be unable to compartmentalize the evidence as between the defendants even if limiting instructions were given. Accordingly, the Court will grant the Defendants' joint motion for severance.

## V.     CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   the defendants' motion for leave to file an oversized reply brief [DE 504] is **GRANTED**, and the Clerk is directed to **FILE** the tendered reply brief; and

(2)     the defendants' motion to sever [DE 498] is **GRANTED**; defendants Leonard Lawson and Charles William Nighbert will be tried first on the date currently scheduled. Trial of Brian Russell Billings will follow immediately thereafter.

This October 19, 2009.

Signed By:

*Karl S. Forester*  KSF

United States Senior Judge