UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | *Electronically Filed* |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:08-cr-21-KSF |
| | ) | |
| LEONARD LAWSON, | ) | |
| CHARLES WILLIAM "BILL" NIGHBERT, and | ) | |
| BRIAN RUSSELL BILLINGS, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
INADMISSIBLE PORTIONS OF LAWSON RECORDING**

In their Joint Motion *in Limine* to Exclude Inadmissible Portions of Lawson Recordings [Doc. 518], the Defendants Lawson and Nighbert challenged as inadmissible those segments of four audio recordings made by Jim Rummage, three at the direction of the FBI, of Lawson in March, 2008 that violate the Federal Rules of Evidence and/or the U.S. Constitution. The Defendants have previously identified for the Court the growing list of the Government's changing positions in this case. While there is no need to belabor those here, the previous changes in position were typically prompted by an adverse evidentiary ruling against the Government. But now in filing its Response to the Defendants' Motion *in Limine*, the Government asserts the diametrically *opposite* position of one it asserted just weeks ago in an earlier pleading and on which the Court *ruled in the Government's favor*.

On July 28, 2009, the Government prepared a list of "Designations of Coconspirator Statements" of those hearsay statements that the Government was seeking to admit for the *truth of the matter asserted* under Federal Rule of Evidence 801(d)(2)(E). The Government listed the four Rummage-Lawson recordings on that list. In addition to asking that the statements on those

recordings be admitted for the *truth of the matter asserted* against Nighbert as co-conspirator statements, the Government additionally argued that the statements should be admitted against Lawson for the *truth of the matter asserted* as "admissions of a party opponent." *See* Doc. 511-1 at 8. The Court, in issuing its *Enright* Order, ruled in the Government's favor on this issue holding that the Lawson statements on these tapes would be admitted for their truth "as coconspirator statements under Rule 801(d)(2)(E) against Nighbert" and therefore presumably against Lawson also as party-opponent admissions. *See* Doc. 511 at 26.

Yet remarkably now just days after the Court's *Enright* ruling, the Government tells the Court "[*n]one* of the statements contained [on the Rummage-Lawson recordings] are admitted for their truth. They are not hearsay." Doc. 519 at 1 (emphasis added). The Government did not indicate, nor is it self-evident, how its earlier position, the Court's *Enright* Order, and the Government's newly-formed position can co-exist.[1] *Id.* at 3 ("Clearly, Lawson's statements about his prior exposure to criminal investigations cannot be used for its truth by the jury, and the defendants would be entitled to a limiting instruction"). The Government has also now argued that *every* statement on the four Lawson-Rummage recordings – totaling hundreds in number and over an hour in total recorded length – should *not* be admitted for their truth. *See Id.* at 1, 3. The Court should modify its prior *Enright* Order accordingly and instruct the jury (just as the Government has now requested), that *none* of the statements on the four Lawson-Rummage recordings can be used for the truth of the matter asserted against either Lawson or Nighbert.

For purposes of this motion, however, the Government's newly-formed position is irrelevant. Other than those objections to hearsay statements within other hearsay statements

---

[1] What makes the Government's recent reversal even more puzzling is in its July 28, 2009 Designations, the Government advanced alternative evidentiary grounds for admitting certain statements if the Court rejected the co-conspirator hearsay exception as a proper basis. *See e.g.*, Doc. 511-1 at 3-11. One of those alternative grounds was that certain statements were non-hearsay verbal acts. Yet the Government never asserted that argument, or any other non-hearsay basis, as an alternative legal argument for admitting the Lawson-Rummage recordings. *See id.* at 8, ¶26.

(which will be discussed in more detail below), none of the challenges in the Defendants' original motion *in limine* are based on the hearsay rule. Rather the Defendants' other evidentiary challenges fall into three categories: (1) statements about prior acts that should be excluded by either Rule 404(b) or Rule 403; (2) Rummage statements that are not "contextual," but rather highly prejudicial statements that will be used for their truth about the Defendants' guilt that should be excluded by Rule 403; and (3) all testimonial statements by Lawson that relate to Nighbert that violate the Sixth Amendment.

Federal Rules of Evidence 403 and 404 are independent grounds for excluding evidence. Even if the Court determines that certain evidence is relevant and not excluded by the hearsay rule, it must still exclude that evidence if it violates Rules 403 or 404. *See* Federal Rules of Evidence Manual § 403.02 (2009) ("When an out-of-court statement is offered for something other than its truth, then the Trial Court, upon appropriate objection, must [still] balance the probative value and the prejudicial effect of the statement under Rule 403"); *Id.* at § 404.02 (citing *Huddleston v. United States*, 485 U.S. 681, 688 (1988)). That is exactly the case for those statements identified in Exhibit A to the Defendants' original motion.

## I. Statements About Prior Acts Violate Federal Rules Of Evidence 403 And 404 Regardless Of What Non-Hearsay Purpose They May Be Used By the Government.

The Defendants have challenged only four statements, out of the hundreds on the Rummage-Lawson recordings, that should be excluded because they violate Federal Rules of Evidence 403 and 404. The Government concedes, by not even bothering to respond to, several key issues that make this a straightforward analysis for the Court.

For starters, the Government did not and cannot satisfy the criteria for admitting these statements under Rule 404(b). See *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008) ("First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the 'other acts' took place. The district court must then determine

3

whether those 'other acts' are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the 'other acts' evidence is more prejudicial than probative"). Rather than arguing that it can meet those criteria, the Government sidesteps them completely arguing that they simply do not apply. Doc. 519 at 2 ("The government does not seek the admission of these statements under FRE 404(b)").[2] As noted above, the Supreme Court has already determined that even if a court concludes a statement is admissible under the hearsay rule, it does not then relieve the Court of its duty to analyze that same evidence under Rules 403 and 404. *See Huddleston v. United States*, 485 U.S. 681, 688 (1988) ("If offered for such a proper [Rule 404] purpose, the evidence is [still]. . . subject to general strictures limiting admissibility"). Here, for instance, the Government never even attempts to show that Lawson's statements about payments to Byrant or Newman are true, nor does it contest Bryant and Newman's denials of such payments in the public record attached as Exhibit B to the Defendants' Motion.

Second, the Government cannot simply bypass Rule 404 as it relates to Lawson's statements about the antitrust investigation. This Court has already ruled not only that Rule 404 applies to the antitrust investigation, but in fact, that Rule 404(b) *prohibits* the introduction of that evidence at this trial. *See* Doc. 453 at 2. Nowhere in its Response does the Government bother to distinguish Lawson's statements about the investigation from the identical extrinsic evidence of the investigation this Court previously considered and rejected.

Nor did the Government seek reconsideration of the Court's prior finding in its earlier ruling that even if this "evidence [of the antitrust investigation] were probative of intent, the probative value to the government would be *substantially* outweighed by the prejudicial effect to Lawson." *Id.* at 3 (emphasis added). The Court's ruling means not only is this evidence

---

[2] The Government does not get to decide whether or not to opt out of the requirements of Rule 404; the evidence either complies or it does not with Rule 404.

prohibited by Rule 404, it is also excluded by Rule 403 because of its prejudicial impact and the potential it would "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. U.S.*, 519 U.S. 172, 180-181 (1997). The Government's extended discussion about all of the "probative [non-hearsay] use[s]" of this evidence in its Response is therefore irrelevant since the Government also does not explain how those uses are somehow more important than eliminating the substantial risk that Lawson and Nighbert will be wrongfully convicted by the inclusion of this evidence. The Court previously considered each of those probative uses and determined that the prejudicial impact of this evidence "substantially outweighs" those uses. Doc. 453 at 3.

Finally, the Government does not deny that the exclusion of these four brief statements will have a minimal – virtually null – impact on its ability to fully and completely present not only these four recordings, but its case as a whole. In fact, in its Response, the Government did not even bother to mention, let alone expound on, the importance of these *particular* statements to its case, instead simply discussing the recordings as a whole. The Defendants are not seeking exclusion of the recordings as a whole and even if the Court grants the Defendants request to redact these four segments, the Court will be left with hundreds of statements on the recordings and Rummage's (admissible) in-court testimony for the purposes it wants. The Sixth Circuit has long held that if the government has reasonable alternative ways to prove the same point that it seeks to prove with 404(b) evidence, the impact of that prior acts evidence necessarily outweighs its probative value. *See Bell* 516 F.3d at 445; *U.S. v. Merriweather*, 78 F.3d 1070, 1077-1078 (6th Cir. 1996).

## II. Rummage's Availability As A Witness Is Irrelevant To Whether His Recorded Incriminating Statements Should Be Excluded By Rule 403

The Defendants correctly argued that nonhearsay statements, including those offering context to other statements, may not directly incriminate the Defendants on ultimate issues of

fact that must decided by a jury. To do so would allow the Government to admit statements ostensibly not for the truth of the matter asserted but that everyone, including the Government, readily believes will nonetheless be used by the jury for their truth. Said otherwise, this category of Rummage statements are challenged based on the large body of caselaw that is well recognized in every circuit that in some cases a limiting instruction will be insufficient, and when that occurs proffered evidence must be altogether excluded under Rule 403. *See e.g., Carter v. District of Columbia*, 795 F.2d 116, 126 (D.C. Cir. 1986) (In suit claiming excessive force during an arrest, it was error to admit evidence of complaints filed against members of the police force who were not defendants in the case; although the Trial Court "gave adequate, if not model, instructions as to the limited purpose for which the evidence should be considered" those instructions were insufficient to protect against the danger of unfair prejudice).

In this case, the probative value of Rummage's statements is small since they are being offered to just provide "context" to other statements. Many of those statements identified as "context" are not "contextual" at all, but highly inflammatory statements such as "***I mean the money that you gave me***" and "***I mean Nighbert told me to do it***" and "***I've given you this stuff***" that the coaching session recordings confirm that the FBI coached Rummage to inject into his conversations with Lawson. The Government now even acknowledges in its Response what the Defendants have said all along: These statements are false and cannot be trusted. Doc. 519 at 6 ("Rummage's statements to Lawson also are non-hearsay. Most of these – like what the FBI has told him – are part of a fictional script designed to get Lawson to talk").

The prejudice to the Defendants, that this motion would remedy, is substantial. These recordings contain: (1) false statements; (2) made by Rummage after he became a cooperating witness; (3) that were created and coached by the FBI; (4) that directly implicate Nighbert and Lawson in the cash-for-estimates scheme that is the central subject of this entire trial; (5) that the

6

Court has already ruled may not be offered for the truth of the matter asserted; (6) that are not contextual at all; (7) that are likely to be used by a jury for their truth – or at the very least substantially confuse a jury; and (8) have never been cross examined and can never be cross examined.

The Government went exactly where it was predicted by the Defendants in their initial motion, namely right past the merits of Rule 403 to the argument that "because Rummage is available for cross examination" there is no prejudice to the Defendants. *See* Doc. 519 at 6. The Government's blow-by not only ignores the Defendants' motion, it bypasses the jurisprudential foundation upon which the Federal Rules of Evidence is based. It does not matter if a witness later takes the stand, his prior statement "must be deemed extra-judicial so long as the declarant was not testifying during the present trial when he or she made the statement. . . When a person makes a statement on Monday and testifies as a witness on Tuesday, Monday's statement is extra-judicial with respect to the trial." *See* Imwinkelreid, et. al., Courtroom Criminal Evidence § 1006 (2005). The fact that person may be later subject to cross-examination is irrelevant because "[c]ross examination now about the earlier statement may not be as effective as cross-examination would have been when the statement was made; the witness might endeavor to hide behind the claim that he or she now has a hazy recollection of the fact or event." *Id.* The prejudice to the Defendants from these false, out-of-court statements by Rummage that have never been cross-examined is compounded exponentially because of the facts unique to this case – these statements are recorded and the Government intends to make these recordings the center of its case, and presumably, for the recordings to be made available to the jury during its deliberations. These unique facts would give Rummage's out-of-court statements far more impact and potential for misunderstanding or misuse in the jury deliberations. Not a single court

in the county, that the Defendants could identify, has said a Rule 403 violation can be cured by a witness's subsequent in-court testimony.

While the Government is quick to dismiss and distinguish the Sixth Circuit cases involving investigators' nonhearsay testimony, precisely the same analysis applies to this case. In both *U.S. v. Goosby*, 523 F.3d 632, 638 (6th Cir. 2008) and *U.S. v. Powers*, 500 F.3d 500, 509 (6th Cir. 2007), the Sixth Circuit made clear that statements admitted as nonhearsay may "*not directly implicate the defendant in criminal activity.*" *Goosby*, 523 F.3d at 638. The fact, as the Government argues, that the nonhearsay in question in both cases was "background" information used to explain an investigators' actions is a distinction without a difference. There is no difference, either practically or as a matter of law, between nonhearsay statements offered as "background" and nonhearsay statements offered as "context." The import of the Sixth Circuit's analysis is broader. The Sixth Circuit's point in *Powers* and *Goosby* – and for that matter the analyses of the Seventh Circuit in *U.S. v. Gajo*, 290 F.3d 922, 930 (7th Cir. 2002), the Second Circuit in *U.S. v. Harwood*, 998 F.2d 91, 99 (2d Cir. 1993) and the First Circuit in *U.S. v. Mazza*, 792 F.2d 1210, 1215-1216 (1st Cir. 1986) – is that any form of nonhearsay should not directly implicate a defendant on the ultimate question of fact that is being decided by that jury. All such statements are types of out-of-court testimony that should always be subject to cross examination because of their inherent unreliability. Moreover, if Rummage is going to take the stand in this case and make the same statements, then there is no harm to the Government from redacting the statements from the recordings pursuant to Rule 403. In contrast, those unconfronted statements, if not redacted, pose a great danger of misuse and prejudice to the Defendants.

III. **The Government's New "Non-Hearsay" Position Only Solves One Link In the "Hearsay Within Hearsay" Chain**

The Advisory Committee described the hearsay within hearsay problem confronted by Federal Rule of Evidence 805 as "links in the chain" for which there must be a valid hearsay exception for each separate link. *See* Advisory Committee Notes to 1972 Proposed Rules, Fed. R. Evid. 805. The Government's arguments that Rummage's and Lawson's statements on these recordings are not being admitted for their truth only solve the first links of the Government's hearsay problem. The Government has not identified valid exceptions for the second links in the hearsay chain, especially for those statements made by Rummage about his conversations with the FBI and Billings. In this case, the Government is seeking to have those statements admitted for their truth -- for example, "***they're tellin' me that for so many months ever what it was that I never took any money out of the bank***" or "***he...he's* [Brian] *tellin' me I need to switch attorneys***" – and more importantly, for the truth of the fact that Rummage's conversations with the FBI and Billings and Lawson's conversations with Marc Williams or Governor Beshear, actually occurred. The Court therefore should hold the Government to its burden to prove that a valid hearsay exception applies to each statement challenged in Exhibit A, which it has not attempted to satisfy to this point.

**IV.     The Government Cannot Have It Both Ways; If Lawson Believed He Was Being Recorded And His Statements Would Be Used In Later Judicial Proceedings, Those Statements Are Testimonial and Subject To Nighbert's Sixth Amendment Rights**

The Government gets two critical issues wrong in its discussion about the Defendants' Sixth Amendment challenges to the Lawson-Rummage recordings. First, it says "[t]o be testimonial, Lawson would have to think he was *incriminating* Nighbert." Doc. 519 at 9 (emphasis added). The standard cited by the Government is no longer good law, as explained by the Sixth Circuit, which said that "[t]he Supreme Court's recent clarification of the scope of the Confrontation Clause *eliminates* any need to analyze the admissibility of the tape-recording under the rule established in *Bruton v. United States*, under which an accused is deprived of his

rights under the Confrontation Clause when the confession of a nontestifying codefendant that *implicates* the accused is introduced into evidence at their joint trial." *U.S. v. Johnson*, 581 F.3d 320, *9 (6th Cir. 2009) (emphasis added) (internal quotation omitted).

The Government also cites generically the proposition "that undercover recordings that contain co-conspirator statements are not violative of *Crawford*." Doc. 519 at 8. While the Government's Response lacks a reference to any authority, the discussion of undercover recording by informants in other Sixth Amendment cases always involves situations where the co-defendant *did not know he was being recorded*. In the *Johnson* case, the Sixth Circuit makes clear that the only issue for the Court is whether Lawson's statements are "testimonial." The test for whether Lawson's statements were testimonial, according to the *Johnson* decision, is if Lawson knew "his statements were being recorded" and he could "anticipate them being used in a criminal proceeding" involving Nighbert. *Johnson*, 581 F.3d at *7.

Judge Reeves did previously rule against Nighbert on this issue, but that was prior to the Sixth Circuit's decision in *Johnson* and before the Government conceded that "Lawson clearly believed he might be taped and carefully selected his words," Doc. 499 at 11, and now that "Lawson was afraid he was being recorded . . . and salted the conversation with exculpatory statements." Doc. 519 at 9. Those concessions by the Government satisfy the *Johnson* test for making Lawson's statements "testimonial." After all, the reason the statements are "exculpatory," according to the Government, is because Lawson "anticipated them being used in a [future] criminal proceeding" to help himself and the Government is now using those statements, under its perverse theory of "speaking in code," to try to convict both Defendants.

The Government also does not – and could not – contest that Nighbert has never had the opportunity to cross-examine these statements, and therefore, if Lawson's statements are testimonial, the *only* remedy is to exclude them from the trial altogether.

For the reasons set forth in this reply brief, the Defendants' motion in *limine*, and the initial supporting Memorandum, Lawson and Nighbert respectfully request that the Court grant their motion to redact those portions of the Lawson-Rummage recordings specified in Exhibit A to the Supporting Memorandum [Doc. 518-2].

Respectfully submitted,

 /s/ Larry A. Mackey\_\_
Larry A. Mackey
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 231-7236
Facsimile:  (317) 231-7433
e-mail:  lmackey@btlaw.com


 /s/ J. Guthrie True\_\_\_
J. Guthrie True
Johnson True Guarnieri
326 West Main Street
Frankfort, KY 40601
Telephone: (502) 875-6000
Facsimile: (502) 875-6008
E-mail: gtrue@jtgattorneys.com

Attorneys for Leonard Lawson


 /s/ Howard O. Mann
Howard O. Mann
104 N. Kentucky Avenue
P.O. Drawer 1344
Corbin, Kentucky 40702

Attorney for Charles William Nighbert

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served this 18th day of November, 2009, by electronic service filing to the following:

>Kenneth Taylor
>Assistant United States Attorney
>United States Attorney's Office
>110 West Vine Street, Suite 400
>Lexington, KY 40507
>
>Steven S. Reed
>J. Kent Wicker
>Reed & Wicker, PLLC
>321 West Main Street, Suite 2100
>Louisville, KY 40202

    /s/ Larry A. Mackey