UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

LEONARD LAWSON,
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                                                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the United States of America for partial reconsideration [DE #513] of the Court's previous Opinion and Orders of October 19, 2009 regarding severance and *Enright* findings [DE # 509, 511]. This motion is fully briefed and is ripe for review.

While the United States concedes that the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, it argues that reconsideration in this case is appropriate and necessary to correct errors, prevent manifest injustice, and present newly discovered evidence. First, the United States contends that the evidence is overwhelming that Billings joined an obstruction conspiracy. However, for the reasons explained in the Court's Opinion & Order of October 19, 2009 [DE #511], the Court continues to find that the United States has failed to establish its burden of proving, by a preponderance of the evidence, that Billings knew of, and agreed to join, any conspiracy. The newly cited evidence - the visitor's log from the District 7 office showing that Billings visited with Rummage for over 1 hour on March 7 - does not change the Court's conclusion.

Next, the United States argues that the Billings recordings have an independent basis for admissibility aside from the coconspirator rule. The Court's *Enright* ruling, however, only relates

to admissibility of the United States' designated statements under FRE 801(d)(2)(E). Whether or not these recordings are admissible under some other theory has yet to be determined, despite the defendants' arguments to the contrary.

Finally, the United States contends that the June 2006 request by Nighbert to Rummage to obtain an estimate is not hearsay, but rather a verbal act. Again, the Court has not yet made any rulings on the admissibility or non-admissibility of any statements outside of the coconspirator statement exception to the hearsay rule, so there is nothing to reconsider at this point. If the defendants seek a ruling excluding any evidence the United States may seek to admit, they are entitled to bring the matter before the Court in a motion in limine.

Accordingly, for the reasons set forth above, and the Court being fully and sufficiently advised, **IT IS HEREBY ORDERED** that the United States' motion for reconsideration [DE # 513] is **DENIED**.

This 19th day of November, 2009.



Signed By:
_Karl S. Forester_  KSF
**United States Senior Judge**