UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                    **OPINION & ORDER**

LEONARD LAWSON and
CHARLES WILLIAM "BILL" NIGHBERT                                          DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the Defendants to exclude portions of four recorded conversations between Jim Rummage and Leonard Lawson. The Court, having, reviewed the record and being otherwise sufficiently advised, will deny the motion.

The defendants, Leonard Lawson ("Lawson") and Charles William "Bill" Nighbert ("Nighbert") (collectively "Defendants"), ask the Court to order redaction of certain portions of telephone conversations between Lawson and the United States's cooperating witness, Jim Rummage ("Rummage"). Defendants argue that the portions of the conversations should be excluded because the statements: (1) constitute improper character evidence; (2) constitute hearsay within hearsay; (3) are offered for an improper purpose, i.e. truth and not context; and (4) constitute impermissible testimonial, out-of-court statements against Nighbert.

First, Defendants argue that the recordings contain improper character evidence which must be excluded pursuant to Federal Rule of Evidence 404(b). Specifically, Defendants argue that Lawson's statements in three segments of the recordings about a prior investigation and guilty plea must be excluded. The Court previously ruled that evidence of a 1980 antitrust violation and a 1983 prior guilty plea entered by Mountain Enterprise, a company formerly owned by Lawson, is not

admissible. Lawson's own statements about those events, however, are admissible as *res gestae*, the operative conduct constituting the crime charged in this case. These statements are evidence of Lawson's attempt to further the conspiracy by convincing Rummage to continue with his part in it. Since Lawson's statements about the prior violation and guilty plea are so inextricably intertwined with the crime on trial, such that the proof of the former proves an element of the crime charged, his statements are admissible. *See United States v. Dudek*, 560 F.2d 1288, 1294 (6th Cir. 1977). The Defendants are entitled to a limiting instruction regarding the mention of the prior violation and guilty plea if so requested.

Second, Defendants argue that several portions of the Lawson/Rummage recordings contain hearsay within hearsay and must be redacted. These statements fall into a couple of categories: (1) Rummage's statements about what the FBI said to him during its investigation; and (2) Rummage's statements about what Billings allegedly said to him during conversations between the two of them. Rummage's statements about what the FBI supposedly said to him during its investigation are not offered for the truth. In fact, all parties agree that the FBI did not actually tell Rummage the things that he claims in his conversation with Lawson. Rummage's statements about what Billings allegedly said to him are also admissible because they are not being offered for the truth. A limiting instruction can sufficiently set the parameters for consideration of these statements.

Third, Defendants argue that all of Rummage's statements in the recordings that are offered for the truth and not context should be redacted. The Court has examined each statement at issue and finds that all of his statements on the recordings may be admitted as context. An instruction will be given admonishing the jury that Rummage's statements are for context only and may not be used to prove the United States's case. "Where such a limiting instruction has been given . . . courts have

found that there is no violation of either the Confrontation Clause or the hearsay rules." *United States v. Hobbs*, 50 F.3d 11, 1995 WL 122786 *3 (6th Cir. Mar. 21, 1995)(table).

Fourth, Defendants argue that admitting Lawson's statements about Nighbert would violate the Confrontation Clause of the United States Constitution. A non-testimonial statement is not subject to Confrontation Clause scrutiny. *United States v. Johnson*, 581 F.3d 320, 325 (6th Cir. 2009). To determine if statements are testimonial, the Court asks "whether the declarant 'intend[ed] to bear testimony against the accused.' This, in turn, depends on 'whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime.'" *Id. citing United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004). As the Court previously found, although Lawson may have been suspicious about possibly being taped, "there is no indication that [he] intended to bear testimony against Nighbert during conversations with Rummage. In addition, the Court is doubtful that a reasonable person in Lawson's . . . position would anticipate that [his] statements would later be used *against Nighbert*, in a criminal investigation or prosecution." (DE 264 at 8).

Accordingly, **IT IS ORDERED** that the motion of the Defendants to exclude certain portions of recorded conversations between Jim Rummage and Leonard Lawson [DE 518] is **DENIED**.

This November 25, 2009.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**