UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA     PLAINTIFF

v.     **OPINION & ORDER**

LEONARD LAWSON
CHARLES WILLIAM "BILL" NIGHBERT and
BRIAN RUSSELL BILLINGS     DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendants, Leonard Lawson and Charles William "Bill" Nighbert (collectively "Defendants"), to admit the January 25, 2008 OIG interview of James Rummage. The Court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

The Office of Inspector General ("OIG") interviewed Rummage on January 25, 2008, and recorded the interview. Defendants claim that the recording evidences a calm, cool and collected Rummage responding to direct questions by investigators concerning his reasons for obtaining engineers' estimates from the Estimating Department. Defendants argue that it is "critical for the jury to hear the actual recording of the interview" so as to enable the fact finder to contrast the demeanor of Rummage on that date against his demeanor in subsequent recordings after he became a government informant. They argue that it has independent evidentiary value beyond simply impeaching Rummage and should be admitted pursuant to Federal Rule of Evidence 807. The United States argues that the recorded statements are hearsay and do not fall under Rule 807. The United States also argues that the recording should be excluded pursuant to Federal Rule of Evidence 403 because any probative value is outweighed by the potential for unfair prejudice, confusion of

the issues or misleading the jury as well as concerns regarding undue delay, waste of time or needless presentation of cumulative evidence.

>Rule 807 provides that:
>
>A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (c) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, the statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Since all of these requirements have been established, the recording is admissible.

The recording has sufficient particularized guarantees of trustworthiness to be admissible under Rule 807. Rummage was under oath when he made the statements and was not under duress when the recording was made. Although Rummage now claims that those statements were untrue, he acknowledges making them. Whether he was lying during the OIG interview or lying in his more recent testimony is a central issue in this case but it does not support the United States' argument that the recording of the OIG interview is untrustworthy. The recording has circumstantial guarantees of trustworthiness equivalent to those underlying hearsay exceptions.

First, Defendants seek to introduce the recording to prove material facts. The recording is admissible to establish Defendants' theory of the case – that Rummage is lying now but was telling the truth in his OIG interview. Second, the recording is the most probative evidence on the points for which it is offered that Defendants can procure through reasonable efforts. The United States does not mention what evidence could possible be more probative. Third, admitting the recording furthers the federal rules' paramount goal of making relevant evidence admissible. Finally,

Defendants have provided sufficient pretrial notice to the United States.

Accordingly, **IT IS ORDERED** that the Defendants' Motion to Admit the January 25, 2008 OIG Interview of James Rummage [DE 527] is **GRANTED**.

This 7th day of December, 2009.



Signed By:

*Karl S. Forester* KSF

United States Senior Judge