UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

LEONARD LAWSON
CHARLES WILLIAM "BILL" NIGHBERT and
BRIAN RUSSELL BILLINGS                                                                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the defendants, Leonard Lawson and Charles William "Bill" Nighbert (collectively "Defendants"), to admit specific Government "admissions." The Court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

Defendants argue that certain statements made by the prosecution in pleadings, oral argument and communications with Defendants' attorneys are admissible under Federal Rule of Evidence 801(d)(2)(D) as admissions of a party opponent. Rule 801(d)(2)(D) provides that "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment during the existence of the relationship" are admissible as non-hearsay. In some rare cases, statements by a prosecuting attorney have been construed as admissions of a party-opponent. Even when such statements have been admitted, however, the court has found that the statements are adverse to the government's position at trial. As the Sixth Circuit noted in *United States v. Harris*, 225 F.3d 660, 2000 WL 1033008 (6th Cir. July 21, 2000)(table), "[t]he clear language of the rule requires both that the admission be 'offered against a party' *and* that it be a statement reliably attributable to the party-opponent in one of five ways." Since the Court is unable to determine whether any of the offered

statements are adverse to the Government's position at trial, the statements are not admissible pursuant to Rule 801(d)(2) at this time. Further, the Court reserves ruling on whether the prosecutors' statements, even if adverse, constitute statements of a "party-opponent" for purposes of the Rule.

Accordingly, **IT IS ORDERED** that the Defendants' Motion to Admit Government Admissions [DE 529] is **DENIED WITHOUT PREJUDICE** to reassert at the appropriate time during trial.

This December 9, 2009.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge