UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                                                           PLAINTIFF

v.                                                          **OPINION & ORDER**

LEONARD LAWSON,
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                                                                                       DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the United States [DE #538] for a pretrial order authorizing the United States to offer into evidence in the Lawson-Nighbert trial the following: (1) recordings of conversations between the defendant Brian Russell Billings and the United States' cooperating witness, Jim Rummage; and (2) the June 2006 request by the defendant Charles William "Bill" Nighbert to Rummage to obtain a certain engineer's estimate. The United States further requests a pretrial order authorizing the United States to offer into evidence in the Billings trial the Lawson/Rummage recordings. The parties have complied with the Court's expedited briefing scheduling, and this matter is fully briefed and is ripe for review.

I.     PROCEDURAL BACKGROUND

After conducting an *Enright* hearing to determine whether certain out-of-court statements were admissible under the coconspirator exception to the hearsay rule codified in Rule 801(d)(2)(E) of the Federal Rules of Evidence, the Court entered its Opinion & Order on October 19, 2009 setting forth its pretrial rulings as to which designated statements met the requirements for coconspirator statements [DE #511]. The Court's *Enright* Order related only to the admissibility of the designated

1

statements under FRE 801(d)(2)(E); it did not completely exclude the statements on all grounds. In a separate Opinion & Order, the Court granted a motion to sever the trial of Billings from the trial of Lawson and Nighbert [DE #509].

The United States now has indicated its intent to take an interlocutory appeal of the Court's *Enright* ruling pursuant to 18 U.S.C. § 3731 [DE #538]. Because the Court has not yet completely ruled on the admissibility of the contested evidence at issue in this motion, the United States seeks this pretrial ruling.

## II. WHETHER THE RECORDINGS OF CONVERSATIONS BETWEEN BILLINGS AND RUMMAGE ARE ADMISSIBLE IN THE TRIAL OF LAWSON AND NIGHBERT

First, the Court must determine whether the recordings of conversations between Billings and Rummage are admissible in the trial of Lawson and Nighbert. The Court previously held that these conversations were not admissible as coconspirator statements under FRE 801(d)(2)(E) because Billings never joined the conspiracy and because Rummage had already withdrawn from the conspiracy. The United States now argues that Billings' statements are admissible as: (1) *res gestae* and/or verbal acts; or (2) statements of an agent under FRE 801(d)(2)(C) and/or 801(d)(2)(D).

### A. BILLINGS' STATEMENTS ARE NOT ADMISSIBLE AS *RES GESTAE* OR VERBAL ACTS

According to the Sixth Circuit, *res gestae* is a term used to describe "background" evidence or prior acts that are not otherwise admissible under the Federal Rules of Evidence. *See United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)("*Buchanan, Paulino* and other cases dealing with this issue teach that background or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts"). As the defendants point out, *res*

2

*gestae* is generally an exception to Rule 404, allowing the use of extrinsic prior act evidence to explain certain limited background circumstances. *See United States v. Dudek*, 560 F.2d 1228, 1294 (6th Cir. 1977); *United States v. Hardy*, 228 F.3d at 749 ("The above analysis of our prior cases on this subject reveal that, rather than providing unfettered rein, the definition of background or *res gestae* evidence evolved by those cases imposes severe limitations in terms of the temporal proximity, causal relationship, or spatial connections that must exist between the other acts and the charged offense"). However, in this case, the United States seeks to use *res gestae* not as a means of admitting some prior acts, but rather as a means for admitting the out-of-court statements of a third party, non-coconspirator (Billings) as the verbal acts of another party (Lawson).

The Sixth Circuit explicitly rejected this use of *res gestae* in *Higgins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050 (6th Cir. 1983). In that case, the Sixth Circuit refused to extend *res gestae* to include an exception to the hearsay rule, stating:

> The phrase "res gestae" has long been not only entirely useless, but even positively harmful. It is useless because every rule of evidence to which it has ever been applied exists as part of some other well-established principle and can be explained in terms of that principle.

*Id*. at 1056 (citing 6 J. Wigmore *Evidence*, § 1767 (J.Chadbourne rev. 1976). Other circuits agree. For instance, the Fifth Circuit has stated, "[t]he old doctrine of '*res gestae*' has been supplanted" by other rules of evidence. *FDIC v. Fidelity & Deposit Co. of Maryland*, 45 F.3d 969, 979 (5th Cir. 1995). The Third Circuit agreed, noting that

> [T]here is no such exception to the prohibition against hearsay. If admissible, the declaration must qualify under one of the genuine exceptions to the hearsay rule. The old catchall, "*res gestae*" is no longer part of the law of evidence.

*Miller v. Keating*, 754 F.2d 507, 509 (3rd Cir. 1985)(citations omitted). For these reasons, the Court

will not admit the recordings under any *res gestae* theory.

Alternatively, the United States asks the Court to admit the recordings under its "verbal acts" theory. The verbal acts doctrine is based on the Advisory Committee note to FRE 801(c), which states in pertinent part:

> If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay. . . The effect is to exclude from hearsay the entire category of "verbal acts" and "verbal parts of an act," in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights.

FRE 801(c), Advisory Committee Note. In other words, a statement is a verbal act, and thus nonhearsay, "where legal consequences flow from the fact that words were said, *e.g.*, the words of offer and acceptance which create a contract." *Preferred Prop. Inc. v. Indian River Estates, Inc.*, 276 F.3d 790, 799 n. 5 (6th Cir. 2002).

Courts which have allowed the admission of statements under the verbal acts theory have done so because the words themselves constituted a crime. *See e.g. United States v. Brewer*, 332 Fed. Appx. 296 (6th Cir. 18, 2009)(instructions to pave driveways for votes was a verbal act); *Pizano v. Davis*, 2006 WL 4975357 (E.D.Mich, March 8, 2006)(threats are verbal acts); *United States v. Burke*, 495 F.2d 1226 (5th Cir. 1974)(same); *United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008)(asking if a witness knew anyone who could kill someone was a solicitation and therefore a verbal act); *United States v. Hamilton*, 689 F.2d 1262, 1279 n.4 (6th Cir. 1982)(ordering explosives to be used in carrying out conspiracy were verbal acts). A review of the recordings the United States seeks to introduce reveals that none of Billings' statements have any independent legal significance. The statements alone simply do not constitute any crime, such as a threat, solicitation, the purchase of illegal goods, or obstruction of justice.

Nevertheless, the United States argues that Billings' statements are admissible because they "constitute part of the sequence of words and conduct through which Lawson attempts to obstruct justice" and because they "show the intent of Lawson." [DE #549, p.3] While the United States suggests that it is not offering any statements for their truth, these statements are indeed evidence of the crime charged. The fact that Billings made these statements has no legal significance; it is the content of the words that is relevant. However, the United States cannot use Billings' statements as substantive evidence of the guilt of the defendants. *United States v. Harris*, 200 Fed. Appx. 472, 487 (6th Cir. 2006)("the coconspirator exception allows statements to be introduced as proof of the matter asserted, while the verbal-acts doctrine does not"). For these reasons, Billings' statements are not admissible against Nighbert and Lawson under the verbal acts doctrine.

**B.     BILLINGS' STATEMENTS ARE ADMISSIBLE AS STATEMENTS OF AN AGENT UNDER FRE 801(d)(2)(D)**

Alternatively, the United States argues that Billings' statements are admissible because they are "statement(s) by a person authorized by the party (Lawson) to make a statement concerning the subject" and "statement(s) by the party's (Lawson) agent or servant concerning a matter within the scope or agency or employment, made during the existence of the relationship," within the meaning of FRE 801(d)(2)(C) and (D). Because the Federal Rules of Evidence do not define the terms "agent" or "servant," the Supreme Court has held that Congress intended to describe the traditional master/servant relationship as understood by common law agency doctrine. *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 739-40 (1989). As explained in the Restatement (Third), *Agency*, § 3.01 (2006), proof of authority must be based on the statements and acts of the alleged principal.

5

Before admitting an out-of-court statement under FRE 801(d)(2)(C) or (D), the United States must prove the required foundation by a preponderance of the evidence. Fed.R.Evid. 801, Advisory Committee Note, 1997 Amendment (citing *Bourjaily v. United States*, 483 U.S. 171 (1987)). While the Court may consider the content of the out-of-court statement when determining the declarant's authority under subdivision (C), or the agency/employment relationship under subdivision (D), it cannot rely on the statement alone. Fed.R.Evid. 801(d)(2).

Under FRE 801(d)(2)(D), a statement is not hearsay if: (1) the declarant is a servant or agent of the party against whom the statement is offered; (2) the statement is made during the course of an employment or agency relationship, and not before the declarant entered into the relationship or after the termination of the relationship; and (3) the statement concerns matters within the scope of the declarant's agency or employment. 12A Fed. Proc., L.Ed. § 33:417. Unlike FRE 801(d)(2)(C), under this rule the declarant need not have personal knowledge of the operative events. *United States v. Lauersen*, 348 F.3d 329, 340 (2nd Cir. 2003); *Union Mut. Life Ins. Co. v. Chrysler Corp*. 793 F.2d 1 (1st Cir. 1986); *Mahlandt v. Wild Canid Survival & Research Center, Inc.*, 588 F.2d 626, 630 (8th Cir. 1978). Additionally, the agent "need not have authority to make the statement at issue, but rather the subject of the statement must relate to the employee's area of authority. *United States v. Brothers Const. Co.*, 219 F.3d 300, 311 (4th Cir .2000).

Based on the evidence admitted at the *Enright* hearing, the Court finds, by a preponderance of the evidence, that Billings was acting as an agent of Lawson when he met with Rummage in March 2008. First, Billings was employed by Lawson as a licensed civil engineer and in the course of his employment regularly met with Rummage on various matters. He certainly had authority to speak to Rummage with respect to construction contracts and related matters. Second, phone records

reveal an extensive pattern of calls between Lawson, Rummage and Billings during the March 2008 time frame when Billings met with Rummage and the recordings were made. Finally, the Billings/Rummage recordings and the Lawson/Rummage recordings are evidence that Lawson was attempting to influence Rummage in part by using Billings to communicate with him with respect to the Government's investigation. For instance, during the March 12 recorded conversation between Lawson and Rummage, Lawson said "what if, uh, Brian called you . . . ." Then, in a later conversation on March 12, Lawson instructed Rummage to let Billings know the name of his attorney so that Rummage's attorney could talk with Lawson's attorneys: "You just have to let me, him, or Brian know." Additionally, during a meeting on March 25, Billings says to Rummage: "Leonard told me to tell you specifically that as far as . . . I did get an interesting email." Finally, on March 26, Rummage tells Lawson that he met with Brian yesterday, then Lawson says ". . . I can just tell ya what Brian told you." Rummage has testified that at various points during his meetings with Billings, Billings conveyed messages to Rummage from Lawson via email or text messages on his phone. From this evidence, the Court concludes that Billings was acting as an agent for Lawson during his meetings with Rummage and, therefore, Billings' statements during these recordings are admissible under FRE 801(d)(2)(D) against Lawson. Rummage's statements will be allowed as context.

The Court reserves ruling on whether the Billings/Rummage recordings are admissible against Nighbert. The Court will address this issue at the pretrial conference currently scheduled for December 11, 2009, and the parties may file a brief on this issue prior to the pretrial conference.

### III. WHETHER THE ALLEGED JUNE 2006 REQUEST BY NIGHBERT TO RUMMAGE TO OBTAIN A CERTAIN ENGINEER'S ESTIMATE IS ADMISSIBLE IN THE TRIAL AGAINST LAWSON AND NIGHBERT

Next, the Court must determine whether the alleged request by Nighbert in June 2006 for Rummage to obtain a certain engineer's estimate is admissible. In its *Enright* order, the Court determined that this request was not admissible under FRE 801(d)(2)(E) because it occurred before the beginning of the conspiracy. The United States now argues that Nighbert's request amounts to a verbal act, not offered for the truth, but rather to show the basis for Rummage's actions. The Court agrees. Therefore, Nighbert's June 2006 instruction to Rummage to obtain the engineer's estimate is admissible as a verbal act to explain Rummage's actions.

### IV. WHETHER THE RECORDINGS OF CONVERSATIONS BETWEEN LAWSON AND RUMMAGE ARE ADMISSIBLE IN THE TRIAL AGAINST BILLINGS

Finally, the United States argues that the recordings between Rummage and Lawson should be admissible in Billings' trial. Because this Court has previously excluded Billings from any deadlines for filing evidentiary objections, the Court will pass this portion of the United States' motion until a later time.

### V. CONCLUSION

For the foregoing the reasons, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)  the defendants' motion for leave to file oversized response memorandum [DE #546] is **GRANTED**, and the Clerk is directed to **FILE** the tendered memorandum;

(2)  the defendants' motion for leave to file a surreply [DE #551] is **GRANTED**, and the Clerk is directed to **FILE** the tendered memorandum; and

(3) the United States' motion *in limine* to admit recordings [DE #538] is **GRANTED** to the extent that:

    (a) the Billings/Rummage recordings are admissible in the trial of Nighbert and Lawson under FRE 801(d)(2)(D) against Lawson; the Court reserves ruling on whether the recordings are admissible against Nighbert; and

    (b) Nighbert's June 2006 request for Rummage to obtain an engineer's estimate is admissible against Nighbert only;

and **PASSED** with respect to the question of whether the Lawson/Rummage recordings are admissible in Billings' trial.

This December 9, 2009.

Signed By:
*Karl S. Forester*   KSF
United States Senior Judge