IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | *Electronically Filed* |
| Plaintiff,       ) | |
| ) | |
| vs.       ) | Cause No. 3:08-CR-21-KSF |
| ) | |
| LEONARD LAWSON, CHARLES       ) | |
| WILLIAM ("BILL") NIGHBERT, and       ) | |
| BRIAN RUSSELL BILLINGS,       ) | |
| ) | |
| Defendants.       ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
JOINT MOTION FOR EVIDENTIARY HEARING ON RECORDINGS
MADE BY GOVERNMENT WITNESS JAMES RUMMAGE
AND APPROPRIATE RELIEF**

The evidentiary hearing the Court tentatively scheduled for Friday, December 18, 2009 is necessary and should be held.

As Defendants showed, the Government earlier avoided an evidentiary hearing on questions surrounding recordings made by James Rummage – which had been in controversy since the beginning of this case – by representing to Judge Todd on February 10, 2009 that (1) the Government had produced to the Defendants all recordings created by Rummage, and (2) it had asked Rummage and he had said there were no other recordings that he had deleted or destroyed. Memorandum in Support of Defendants' Joint Motion for Evidentiary Hearing on Recordings Made by Government Witness James Rummage and Appropriate Relief (Doc. 560-28) ("Defendants' Memorandum") at 6-8 (*quoting* Motion Ex. G at 42, 65-66).

The Government's Response shows that it learned less than a month later that this representation to Judge Todd was not true. It learned that Rummage had recorded the OIG

interview on January 25, 2008, which recording had *not* been disclosed to Defendants.  Response to Defendants' Motion for Evidentiary Hearing Related to Recordings of OIG Interview of Rummage (Doc. 565) ("Government Response"), Attachment 1 (e-mail string between Marc Murphy and Ken Taylor dated March 2, 2008 and March 4, 2008).  The other e-mail attached to the Government Response further indicates that at some date thereafter a copy of the OIG recording made by Rummage was provided to the prosecutors.  Doc. 565, Attachment 2 at ¶ 3.  Despite so learning and despite apparently obtaining a copy, the Government never corrected its representation to Judge Todd nor disclosed the existence of this Rummage recording to the Defendants.[1]

Rummage's secret recording of the OIG interview is hugely significant for several reasons.  First, as Defendants previously stated, it calls into even greater question whether Rummage also secretly recorded but deleted or destroyed other conversations, and particularly the critical meeting between Rummage and Defendant Nighbert about the OIG interview on the same morning as and just before the OIG interview itself.  Defendants' Memorandum (Doc. 560-28) at 10.

Second, and as Defendants had speculated in moving for the evidentiary hearing, Rummage's recording of the interview contains material that the OIG investigators' recording

---

[1] The Government's attempt to attribute the Defendants' ignorance of Rummage's OIG interview recording to their "own" "inadvertence or mistake" is indefensible.  Government Response (Doc. 565) at 2.  Like Judge Todd, the Defendants were entitled to rely on the Government's representation at the February 10, 2009 hearing – and, like Judge Todd, should have been informed when the Government learned that representation was untrue.  Furthermore, while Lawson's counsel was permitted in mid-March, 2009 to have "mirror images" taken of Rummage's personal laptop and desktop computers, counsel did not have permission to search for recordings other than those known about at the time (as stated in Marc Murphy's e-mail which is attachment 2 to the Government's Response).  Murphy speculates in the e-mail that he might have later given Lawson's counsel permission for a "full search" of the computer imaging, but in fact that did not occur.  [Affidavit of Larry A. Mackey.]  Importantly, Murphy's e-mail also makes clear that Rummage's response to Lawson's September, 2008 subpoena "did not . . . provide or identify [Rummage's] OIG tape."  *Id.*

does not. [Affidavit of Larry A. Mackey.][2] In particular, after the interview part of the meeting the OIG investigators recorded, Rummage's recording shows the investigators then discussed with Rummage an ongoing investigation involving a former KTC employee who Rummage was considering hiring. [*Id*. at Ex. C.] Importantly, the subject matter and tone of that subsequent conversation indicates the OIG investigators believed that Rummage had told the truth during his interview about Bill Nighbert and Leonard Lawson. In addition, Rummage's recording runs for several seconds after the meeting ends and as Rummage apparently is walking away from the OIG meeting [Affidavit of Wendy Asbury at B], which is a strong indication that Rummage secretly recorded the meeting without the OIG investigators' knowledge.

Third, we now know from Anita Rummage that her husband told her he recorded the OIG interview so that his words could not be misrepresented. Motion Ex. B at 2 (¶ 6). That would be a concern of a person who told the truth during the OIG interview, not someone who had lied to the OIG investigators as Rummage later claimed to have done.

The Government gives no reason for its own failures to (1) inform Judge Todd that its representation at the February 10, 2009 hearing that there were no other Rummage recordings was untrue, or (2) disclose to Defendants the existence of Rummage's recording of the OIG interview. Rather, instead of addressing these matters within its personal knowledge, the Government makes unsworn representations about *Rummage's* intention and state of mind in not disclosing the OIG recording for nearly a year after the Government's investigation began. Whether Rummage "had forgotten about the OIG interview recording," and "was answering in good faith based on his memory at the time," Government Response (Doc. 565) at 1-2, are

---

[2] The Affidavit of Larry A. Mackey provides a transcription of the spoken parts of Rummage's recording of the OIG interview that are not contained in the OIG's own recording of that interview. The Defendants are also sending to the Court by overnight courier copies of both Rummage's and the OIG's audio recordings of the OIG interview for its own comparison.

matters for *Rummage* to address at the evidentiary hearing, when he is under oath and subject to cross-examination.

The evidentiary hearing should also address a number of related matters. First, the Government Response does not even purport to say what *device* Rummage used to record the OIG interview. Among other things, did Rummage use yet another recording device that has not been disclosed to Defendants? Discovery of his OIG recording on his personal laptop does not explain how it got there. Second, if Rummage's testimony is that he "forgot" the OIG interview recording, how can that be explained when he had the OIG recording on the same personal laptop computer as the other recordings we know about? Third, does Rummage acknowledge that he secretly recorded the OIG interview without the OIG investigators' knowledge? Fourth, Rummage should be examined on the representations he made to the prosecutors who in turn misinformed Judge Todd.

Fifth, the evidentiary hearing should address the longstanding question whether Rummage failed to disclose his many cell phone recordings even to the Government before the September 30, 2008 discovery conference examining the recording devices he used (and the truthfulness of his testimony at the *Enright* hearing on the issue). *See* Defendants' Memorandum (doc. 560-28) at 15. The Government Response ignores this issue and appears to be carefully drafted to attempt to evade it. *Se*e Doc. 565 at 1 ("By *late September*, 2008, [Rummage] handed over to the Government what he thought were all of the recordings") (emphasis added).

Sixth, the Government's Response stands silent on the extraordinary "co-incidence" where both Rummage and the Government claim they failed to record on separate recording devices the exculpatory phone call between Rummage and John Woodall. *Se*e Defendants' Memorandum at 15-16. The evidentiary hearing should address this matter as well.

In sum, the Court should proceed with the evidentiary hearing tentatively scheduled for December 18, 2009.

                                                                                       Respectfully submitted,

/s/Larry A. Mackey
Larry A. Mackey
Jason R. Barclay
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 231-7236
Facsimile:   (317) 231-7433
E-mail:  lmackey@btlaw.com

/s/ J. Guthrie True
J. Guthrie True
Johnson True Guarnieri
326 West Main Street
Frankfort, KY 40601
Telephone: (502) 875-6000
Facsimile: (502) 875-6008
E-mail: gtrue@jtgattorneys.com

Attorneys for Leonard Lawson


/s/Howard O. Mann
Howard O. Mann
LAW OFFICES OF HOWARD O. MANN, P.S.C.
P.O. Drawer 1344
Corbin, Kentucky 40702

Attorney for Charles Williams (Bill) Nighbert


/s/Steven S. Reed
Steven S. Reed
Kent Wicker
REED WICKER PLLC
2100 Waterfront Plaza
321 West Main Street
Louisville, Kentucky 40202

Attorneys for Brian Russell Billings

- 6 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this 15th day of December, 2009, by electronic filing service to the following:

>Kenneth Taylor
>Kevin Dicken
>Assistant United States Attorneys
>United States Attorney's Office
>110 West Vine Street, Suite 400
>Lexington, Kentucky 40507

>/s/Larry A. Mackey
>Larry A. Mackey

INDS02 SCF 1084928v1