UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

LEONARD LAWSON,
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                                                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

By its Order dated December 9, 2009, the Court held that the recordings of conversations between the defendant, Brian Russell Billings, and the government's witness, James Rummage, are admissible against the defendant Leonard Lawson based upon Rule 801(d)(2)(D) of the Federal Rules of Evidence [DE #556]. The Court, however, reserved ruling on whether the recordings where admissible against the defendant Charles William "Bill" Nighbert. Currently pending are Nighbert's objections to the admission of these recordings against him [DE #561], and Lawson's motion for partial reconsideration of the Court's order with respect to admission of the videotape of the meeting between Billings and Rummage on March 25, 2008 [DE #559].

Turning first to the admissibility of the Billings/Rummage recordings against Nighbert, the Court notes that it has previously found, by a preponderance of the evidence, that Lawson and Nighbert were engaged in a conspiracy [DE #511]. One object of this conspiracy was to obstruct state and federal investigations of their illegal activity, including an effort to get Rummage to stick with the alleged "cover story" - that Rummage gave the engineer's estimates only to Nighbert for budgetary purposes and that he never gave any engineer estimates to Lawson - and to encourage

Rummage to switch attorneys. The Court further found support for the United States' allegations that Nighbert was still a member of this conspiracy during March 2008 when Lawson enlisted Billings' assistance in an effort to control the attorney chosen by Rummage and the information that Rummage may give to the authorities. While there was insufficient evidence that Billings was a conspirator, the Court has ruled that Billings was acting as an agent of Lawson, pursuant to FRE 801(d)(2)(D), when he met with Rummage in March 2008 [DE #556].

The conversations between Billings (Lawson's agent) and Rummage involve discussions about Rummage's cooperation with law enforcement, his choice of attorney, and whether he was going to stick with the cover story, all which clearly advance the obstruction component of the alleged conspiracy between Lawson and Nighbert. From the evidence, it is within the reasonably foreseeable scope of the conspiratorial agreement between Lawson and Nighbert that Lawson might use Billings or another agent to communicate with Rummage. As the United States points out, the fact that Lawson chose to use Billings as his agent for communications with Rummage, instead of meeting with Rummage personally or delivering a message by phone or letter, is irrelevant. Under FRE 801(d)(2)(D), the actions of the agent (Billings) are imputed to the principal (Lawson) as if they were the principal's own statements and are admissible as a party-opponent admission. Furthermore, Lawson's statements through his agent Billings are imputed to Nighbert as non-hearsay co-conspirator statements under Rule 801(D)(2)(E) since they were made during the course of and in furtherance of the conspiracy. Accordingly, the Court finds that the Billings/Rummage recordings are admissible against both Lawson and Nighbert.

Lawson has moved for partial reconsideration of the Court's order admitting the Billing/Rummage recordings. Specifically, Lawson contends that the March 25, 2008 videotape of the meeting between Billings and Rummage should be excluded: (1) because there is no evidence

that Lawson gave Billings the authority to act in the "fishy" manner evidenced on the videotape as required by FRE 801(d)(2)(D); and (2) based upon Rule 403 of the Federal Rules of Civil Procedure, because the probative value of Billings' actions on the videotape outweigh its prejudicial effect. The Court disagrees.

The evidence at the *Enright* hearing reveals that by March 2008 Lawson was concerned that his conversations may be recorded by wiretaps and that he was making an effort to be careful about what he said. The evidence further reveals that Lawson, at least implicitly, approved and authorized Billings' secretive conduct. For example, when confronted by Rummage on March 26, 2008 and asked why Billings was acting in this manner, Lawson said ". . .Brian can't come to you and tell you to do stuff like this because he can't obstruct justice. You've probably never been around all this stuff before." As a result, the Court finds sufficient evidence to conclude that Lawson authorized Billings to communicate in a nonverbal manner that could not be captured on an audio recording.

Billings' conduct on the videotape, while indeed prejudicial, is relevant to the charge that Lawson and Nighbert conspired to obstruct state and federal investigations of their illegal conduct and to influence Rummage's testimony. Under FRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. "[U]nfair prejudice means an undue tendency to suggest decision on an improper basis. FRE 403 Advisory Committee Notes.

In this case, the conduct of Billings, as an agent of Lawson, is relevant because it is probative of Lawson's intent. By speaking of one topic, then non-verbally asking Rummage not to speak out loud, to nod his head if he is willing to switch attorneys, and telling him that his attorney would be

paid for if he switched to the attorney recommended by Lawson, his conduct directly relates to the alleged conspiracy between Lawson and Nighbert to get Rummage to stick with the cover story and change attorneys. Certainly the manner in which Billings acts in communicating the information from Lawson to Rummage is "fishy;" however, the Court cannot find that it is "unfairly prejudicial" since it goes directly to the charges against Lawson and Nighbert. Accordingly, Lawson's motion for partial reconsideration will be denied.

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   Nighbert's objections [DE #561] to the admission of the Billings/Rummage recordings against him are **OVERRULED**; and the United States' motion in limine to admit the Billings/Rummage recordings against Lawson and Nighbert [DE #538] is **GRANTED**;

(2)   Lawson's motion for partial reconsideration [DE #559] is **DENIED.**

This December 16, 2009.



Signed By:

*Karl S. Forester*   KSF

**United States Senior Judge**