UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                            PLAINTIFF

v.                          **OPINION & ORDER**

LEONARD LAWSON,
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                          DEFENDANTS

\* \* \* \* \* \* \* \*

Currently before the Court is the motion in limine of the Defendant, Leonard Lawson, to exclude Government Exhibit 81 pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence [DE #584]. This motion is fully briefed and is ripe for review.

Government Exhibit 81, originally presented at the *Enright* hearing, is a listing of "Lawson Family Entities" with 41 separate entities listed. Lawson contends that many of the entities are owned by his son and grandchildren and are wholly unrelated to this case, and that several of the entities that Lawson does own are not implicated in the indictment so they are not relevant. Further, Lawson argues that the list is so broad that it includes personal trusts for his son and grandchildren, thereby implicating the privacy rights of third parties not connected to the case.

The Government contends the motion should be denied without prejudice to renew. The document was seized during execution of a search warrant at the accounting offices of Archie Marr, who performs accounting services for several of the entities. The Government intends to use the Exhibit to show that Marr is biased in favor of Lawson if Marr testifies at trial because he does so

much work for him. While the Government agrees that it should redact the grandchildren's names from the trusts, it argues that the fact that Marr did accounting for those Lawson created entities is relevant to his bias. Further, any information about the ownership interest of Lawson's son in any of the entities is relevant, according to the Government, because Lawson allegedly received engineer's estimates on projects which were awarded to such entities which demonstrates why Lawson would have requested those estimates.

In his Reply, Lawson argues that redacting the Exhibit does little to address the prejudice it will have on the jury. Since Marr will admit that his accounting firm has done work for Lawson and the Lawson family businesses for years, it is unnecessary. Also, Lawson argues that the Exhibit is inaccurate because Mountain Enterprises is listed even though Lawson does not own any portion of it.

After reviewing Government Exhibit 81 and the parties' arguments, the Court agrees that because the exhibit contains many entities not implicated in the indictment and over which Lawson has no ownership or control, its admission would violate Rules 401 and 402 by injecting facially irrelevant evidence into the case. Additionally, by including entities owned by Lawson's son and grandchildren, the exhibit is overly broad and contains wholly irrelevant information having no bearing on the case, thereby inviting prejudicial juror confusion in violation of Rule 403. Even redacting the exhibit, as proposed by the Government, does not fully cure the inaccurate, irrelevant, and prejudicial effect on Lawson. While evidence that Marr has a business relationship with the Lawson family may be relevant to show bias, Government Exhibit 81 goes too far and will be excluded from use at trial.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that Lawson's motion in limine to exclude Government Exhibit 81 [DE # 584] is **GRANTED**.

This January 6, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge