# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### FRANKFORT

**CRIMINAL NO. 08-21-KSF**                           *ELECTRONICALLY FILED*

**UNITED STATES OF AMERICA**                              **PLAINTIFF**

**VS.**          <u>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**</u>

**LEONARD LAWSON and**
**CHARLES WILLIAM "BILL" NIGHBERT**                    **DEFENDANTS**

\* \* \* \* \*

      The plaintiff, United States of America (United States), by counsel, files its Proposed Jury Instructions.  The United States believes that the following instructions will be appropriate in light of the expected testimony, however, the United States reserves the right to propose additions, deletions, and changes to these proposed instructions should the evidence and events at trial warrant.

INSTRUCTION NO. ___

**INTRODUCTION**

(1)  Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)  I will start by explaining your duties and the general rules that apply in every criminal case.

(3)  Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

(4)  Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)  Please listen very carefully to everything I say.

See Sixth Circuit, Pattern Criminal Jury Instructions §1.01 (2005).

INSTRUCTION NO. ___

**JURORS' DUTIES**

(1)  You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard  here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)  Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)  The lawyers may talk about the law during their closing arguments.  But if what they say is different from what I have said, you must follow what I have said.  What I say about the law controls.

(4)  Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

<u>See</u> Sixth Circuit, <u>Pattern Criminal Jury Instructions</u> §1.02 (2005).

INSTRUCTION NO. ___

**PRESUMPTION OF INNOCENCE**

**BURDEN OF PROOF**

**REASONABLE DOUBT**

(1)  As you know, each of the defendants has pleaded not guilty to the crimes charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2)  Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)  This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)  The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the

evidence, the lack of evidence, or the nature of the evidence.

(5)  Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

See Sixth Circuit, Pattern Criminal Jury Instructions §1.03 (2005).

INSTRUCTION NO. ___

**EVIDENCE DEFINED**

(1)  You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)  The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

(3)  Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)  During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)  Make your decision based only on the evidence, as I have defined it here, and nothing else.

See Sixth Circuit, Pattern Criminal Jury Instructions §1.04 (2005).

INSTRUCTION NO. ___

## CONSIDERATION OF EVIDENCE

(1)  You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

See Sixth Circuit, Pattern Criminal Jury Instructions §1.05 (2005).

INSTRUCTION NO. ___

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

See Sixth Circuit, Pattern Criminal Jury Instructions §1.06 (2005).

INSTRUCTION NO. ___

**CREDIBILITY OF WITNESSES**

(1)  Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)  Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)    Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)  These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

See Sixth Circuit, Pattern Criminal Jury Instructions §1.07 (2005).

INSTRUCTION NO. ___

**NUMBER OF WITNESSES**

(1)  One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

See Sixth Circuit, Pattern Criminal Jury Instructions §1.08 (2005).

INSTRUCTION NO. ___

**LAWYERS' OBJECTIONS**

(1)  There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)  And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

See Sixth Circuit, Pattern Criminal Jury Instructions §1.09 (2005).

INSTRUCTION NO. ___

## INTRODUCTION

(1)  That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the each of the defendants is accused of committing.

(2)  But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

(3)  Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved either of these defendants guilty.  Do not let the possible guilt of others influence your decision in any way.

<u>See</u> Sixth Circuit, <u>Pattern Criminal Jury Instructions</u> §2.01 (2005).

INSTRUCTION NO. ___

**SEPARATE CONSIDERATION -- MULTIPLE DEFENDANTS**

**CHARGED WITH DIFFERENT CRIMES**

(1) The defendants have been charged with different crimes. I will explain to you in more detail shortly which defendant has been charged with which crimes. But before I do that, I want to emphasize several things.

(2) The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(3) Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on the other defendant or charges.

See    Sixth Circuit, Pattern Criminal Jury Instructions §2.01D (2005).

INSTRUCTION NO. ___

**ON OR ABOUT**

(1)    Next, I want to say a word about the dates mentioned in the indictment.

(2)    The indictment charges that the crimes happened "on or about" certain dates.

The government does not have to prove that the crimes happened on or between these exact

dates.  But the government must prove that the crimes happened reasonably close to these

dates.

<u>See</u>    Sixth Circuit, <u>Pattern Criminal Jury Instructions</u> §2.04  (2005).

INSTRUCTION NO. ___

**INFERRING REQUIRED MENTAL STATE**

(1)  Next, I want to explain something about proving a defendant's state of mind.

(2)  Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)  But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)  You may also consider the natural and probable results of any acts that a defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

See    Sixth Circuit, Pattern Criminal Jury Instructions §2.08  (2005)

INSTRUCTION NO. ___

**CONSPIRACY TO COMMIT AN OFFENSE -- BASIC ELEMENTS**

(1)   Count 1 of the indictment charges the defendants, Charles William "Bill" Nighbert and Leonard Lawson, along with other persons, with conspiracy to commit five federal crimes.  One, theft from a program receiving federal funds.  Two, bribery of an agent of a state agency receiving federal funds.  Three, solicitation of a bribe by an agent of a state agency receiving federal funds.  Four, obstructing the administration of justice.  Five, obstruction of justice by tampering with a witness.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)  A conspiracy is a kind of criminal partnership.  For you to find either one of the defendants guilty of a conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A)  First, that two or more persons conspired, or agreed, to commit one of the following five crimes: One, theft from a state agency receiving federal funds.  Two, bribery of an agent of a state agency receiving federal funds.  Three, solicitation of a bribe by an agent of a state agency receiving federal funds.  Four, obstructing the administration of justice.  Five, obstruction of justice by tampering with a witness.

(B)   Second, that the defendant knowingly and voluntarily joined the conspiracy.

(C) Third, the government must prove that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(3)  You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find either one of these defendant guilty of the conspiracy charge.

See    Sixth Circuit, Pattern Criminal Jury Instructions §3.01A    (2005).

INSTRUCTION NO. ___

**AGREEMENT**

(1)  With  regard  to  the  first element in Count 1, that is, a criminal agreement, the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the charged crime.

(2)  This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

(3)  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the charged crime. This is essential.

(4)  An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(5) One more point about the agreement.  The indictment accuses the defendants of conspiring to commit several federal crimes.  The government does not have to prove that the defendants agreed to commit all these crimes.  But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

*See* Sixth Circuit, <u>Pattern Criminal Jury Instructions</u> §3.02 (2005).

INSTRUCTION NO. ___

**DEFENDANT'S CONNECTION TO**

**THE CONSPIRACY**

(1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that either of these defendants knowingly and voluntarily joined that agreement.  You must consider each defendant separately in this regard.  To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(2)   This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

(3)   But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  These are all things that you may consider in deciding whether the government has proved that a defendant joined the conspiracy.  But without more they are not enough.

(4)   What the government must prove is that a defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.  This is essential.

(5)  The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case. See Sixth Circuit, Pattern Criminal Jury Instructions §3.03 (2005).

INSTRUCTION NO. ___

**DEFENDANT'S CONNECTION TO**

**THE CONSPIRACY**

(1)  The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2)  The indictment lists several overt acts.  The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3)  But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy.  This is essential.

See Sixth Circuit, Pattern Criminal Jury Instructions §3.04 (2005).

INSTRUCTION NO. ___

**UNINDICTED, UNNAMED OR SEPARATELY**

**TRIED CO-CONSPIRATORS**

(1)  Now, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

(2)      Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

See Sixth Circuit, Pattern Criminal Jury Instructions §3.06 (2005).

INSTRUCTION NO. ___

**PINKERTON LIABILITY FOR SUBSTANTIVE**

**OFFENSES COMMITTED BY OTHERS**

(1) Counts 6 and 7 of the indictment accuses the defendants of committing the crimes of obstructing the administration of justice and obstruction of justice by tampering with a witness, respectively.

(2)  There are two ways that the government can prove the defendants guilty of this crime.  The first is by convincing you that they personally committed or participated in this crime.  The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(3)  In other words, under certain circumstances, the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

(4)  But for you to find any one of the defendants guilty of obstructing the administration of justice or obstruction of justice by tampering with a witness based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)  First, that the defendant was a member of the conspiracy charged in Count 1 of

the indictment.

(B)  Second, that after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of obstructing the administration of justice or obstruction of justice by tampering with a witness.

(C)  Third, that this crime was committed to help advance the conspiracy.

(D)  And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project.  The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

(5)  This does not require proof that each defendant specifically agreed or knew that the crime would be committed.  But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.  No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

(6)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply. See Sixth Circuit, Pattern Criminal Jury Instructions §3.10 (2005).

INSTRUCTION NO. ___

**IMPOSSIBILITY OF SUCCESS**

(1) One last point about conspiracy.  It is no defense to a conspiracy charge that

success was impossible because of circumstances that the defendants did not know about.

This means that you may find the defendants guilty of conspiracy even if it was impossible

for them to successfully complete the crime that they agreed to commit.

See Sixth Circuit, Pattern Criminal Jury Instructions §3.13 (2005).

INSTRUCTION NO. ___

## COUNT 2 – THEFT CONCERNING A PROGRAM RECEIVING

## FEDERAL FUNDS

(1) Count 2 of the indictment charges that the defendant, Charles William "Bill" Nighbert, with theft from a federally funded state agency, which is a violation of federal law.

(2) In order to find the defendant guilty of this offense, you must find that the government proved each of the following five elements beyond a reasonable doubt:

First: That at the time alleged in the indictment, Charles William "Bill" Nighbert, was an agent of the Kentucky Transportation Cabinet;

Second: That in a one-year period the Kentucky Transportation Cabinet received federal benefits in excess of $10,000;

Third: That Charles William "Bill" Nighbert stole, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied property;

Fourth: That the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied was in the care, custody or control of the Kentucky Transportation Cabinet; and

Fifth: That the value of the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied was at least $5,000.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A (2008).

INSTRUCTION NO. ___

**COUNT 2 – THEFT CONCERNING A PROGRAM**

**RECEIVING FEDERAL FUNDS –**

**AGENT OF ORGANIZATION OF GOVERNMENT DEFINED**

The first element the government must prove beyond a reasonable doubt is that at the time in the indictment, Charles William "Bill" Nighbert was an agent of the Kentucky Transportation Cabinet.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-1 (2008).

INSTRUCTION NO. ___

**COUNT 2 – THEFT CONCERNING A PROGRAM**

**RECEIVING FEDERAL FUNDS –**

**RECEIVED FEDERAL FUNDS DEFINED**

The second element the government must prove beyond a reasonable doubt is that in a one-year period, the Kentucky Transportation Cabinet received federal benefits in excess of $10,000.

To prove this element, the government must establish that the Kentucky Transportation Cabinet received, during a one-year period beginning on July 1, 2006, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, load, guarantee, insurance, or some other form of federal assistance.

The one-year period must begin no more than 12 months before the defendant began committing the offense and must end no more than 12 months after the defendant stopped committing the offense. The one-year period may include time both before and after the commission of the offense.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-2 (2008).

INSTRUCTION NO. ___

## COUNT 2 – THEFT CONCERNING A PROGRAM

## RECEIVING FEDERAL FUNDS –

## STOLE, EMBEZZLED, OBTAINED BY FRAUD, KNOWINGLY

## CONVERTED, and INTENTIONALLY MISAPPLIED DEFINED

The third element the government must prove beyond a reasonable doubt is that Charles William "Bill" Nighbert stole, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied property.

To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive the owner of the value of that money or property.

To embezzle money or property means to intentionally take or convert to one's own use or the use of another money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment, or position of trust.

To obtain by fraud means to intentionally take something by false representations, suppression of the truth, or deliberate disregard for the truth.

To knowingly convert money or property means to knowingly appropriate or use such money or property without proper authority for the benefit of oneself or any other person who was not the rightful owner with the intent to deprive the rightful owner of the money or property.

Property includes other things of value besides money and tangible objects.  It also includes intangible things like the value of an employee's time and services.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-3 (2008).

INSTRUCTION NO. ___

**COUNT 2 – THEFT CONCERNING A PROGRAM**

**RECEIVING FEDERAL FUNDS –**

**IN THE CARE, CUSTODY, OR CONTROL DEFINED**

The fourth element the government must prove beyond a reasonable doubt is that the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied was in the care, custody, or control of the Kentucky Transportation Cabinet.

Although the words "care," "custody," and "control" have slightly different meanings, for the purposes of this element they express a similar idea. That is that the Kentucky Transportation Cabinet had control and responsibility for the property.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-4 (2008).

INSTRUCTION NO. ___

## COUNT 2 – THEFT CONCERNING A PROGRAM

## RECEIVING FEDERAL FUNDS –

## DETERMINING VALUE OF PROPERTY

The fifth and final element the government must prove beyond a reasonable doubt is that the value of the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied was at least $5,000. The government is not required to prove the exact amount of money or the value of the property at issue, but the government must prove beyond a reasonable doubt that the value of the money or property was $5,000 or more.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a will buyer would pay a willing seller at the time the property was stolen.

If you find that Charles William "Bill" Nighbert devised a scheme or plan to take sums of money or property from the Kentucky Transportation Cabinet, on a recurring basis through a series of acts, you may aggregate or add up the value of property obtained from this series of acts by Charles William "Bill" Nighbert to meet this $5,000 requirement so long as those acts occur within the same one-year period.

The government does not have to prove that the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied by Charles William "Bill" Nighbert was received by the Kentucky Transportation Cabinet as federal benefits or derived from the federal benefits received by the Kentucky Transportation Cabinet. What the

government must prove beyond a reasonable doubt is that the defendant stole, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied from the Kentucky Transportation Cabinet at the same time that the Kentucky Transportation Cabinet received federal benefits in excess of $10,000 during a one-year period.  In other words, the government does not need to establish a connection between the criminal activity and the federal funds.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-5 (2008).

INSTRUCTION NO. ___

## COUNT 3 – BRIBERY OF AN AGENT OF A
## PROGRAM RECEIVING FEDERAL FUNDS

Count 3 of the indictment charges the defendant, Leonard Lawson, with bribing an agent of a federally funded state agency, which is a violation federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following five elements beyond a reasonable doubt:

First: That at the time alleged in the indictment, James Rummage was an agent of the Kentucky Transportation Cabinet;

Second: That the Kentucky Transportation Cabinet received federal benefits in excess of $10,000 in a one-year period;

Third: That Leonard Lawson gave something of value to James Rummage;

Fourth: That Leonard Lawson acted corruptly with the intent to influence or reward James Rummage with respect to the business, a transaction, or a series of transactions of the Kentucky Transportation Cabinet; and

Fifth: That the value of the business, transaction, or series of transactions to which the payment related was at least $5,000.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A2 (2008).

INSTRUCTION NO. ___

**COUNT 3 – BRIBERY OF AN AGENT OF A PROGRAM**

**RECEIVING FEDERAL FUNDS –**

**AGENT OF ORGANIZATION OF GOVERNMENT DEFINED**

The first element the government must prove beyond a reasonable doubt is that at the time in the indictment, James Rummage was an agent of the Kentucky Transportation Cabinet.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-1 (2008).

INSTRUCTION NO. ___

**COUNT 3 – BRIBERY OF AN AGENT OF A PROGRAM**

**RECEIVING FEDERAL FUNDS –**

**RECEIVED FEDERAL FUNDS DEFINED**

The second element the government must prove beyond a reasonable doubt is that in one-year period, the Kentucky Transportation Cabinet received federal benefits in excess of $10,000. This element is previously defined in Instruction No. _____.

INSTRUCTION NO. ___

## COUNT 3 – BRIBERY OF AN AGENT OF A PROGRAM

## RECEIVING FEDERAL FUNDS –

## THING OF VALUE DEFINED

The third element the government must prove beyond a reasonable doubt is that Leonard Lawson gave something of value to James Rummage.

The thing of value may be tangible property, intangible property, or services, of any dollar value, so long as it has value.

The government is not required to prove that the thing of value that the defendant allegedly illegally gave directly affected the federal benefits that the entity received. Rather, the government is required to prove only that the defendant illegally gave a thing of value to an agent of an entity that received in excess of $10,000 in federal benefits. Finally, the government is not required to show that Leonard Lawson knew that the entity received in excess of $10,000 in federal benefits.

*See* Pattern Crim. Jury Instr. 3rd Cir  6.18.666A2-1 (2008).

INSTRUCTION NO. ___

**COUNT 3 – BRIBERY OF AN AGENT OF A PROGRAM**

**RECEIVING FEDERAL FUNDS –**

**CORRUPTLY WITH INTENT TO INFLUENCE DEFINED**

The fourth element the government must prove beyond a reasonable doubt is that Leonard Lawson gave something of value to James Rummage knowingly and corruptly and with intent to influence or reward James Rummage's actions in connection with some business, transaction, or series of transactions of the Kentucky Transportation Cabinet.

To act corruptly means simply to act knowingly and intentionally with the purpose either of accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result by influencing or rewarding James Rummage's actions.

Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit to another.

In considering this element, remember that the government must prove that Leonard Lawson intended at least in part to influence James Rummage's actions, but the government is not required to prove that James Rummage or the Kentucky Transportation Cabinet took any particular action. The government does not have to prove that James Rummage accepted the bribe offer or that the bribe actually influenced the final decision of the Kentucky Transportation Cabinet. It is not even necessary that James Rummage had the authority to perform the act which the defendant sought.

Also, if you find that the defendant acted with the intent to reward James Rummage

for a decision already made, it does not matter that the payment was not made or offered until after the business, transaction, or series of transactions occurred.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A2-2 (2008).

INSTRUCTION NO. ___

## COUNT 3 – BRIBERY OF AN AGENT OF A PROGRAM

## RECEIVING FEDERAL FUNDS –

## DETERMINING VALUE OF TRANSACTION

The fifth and final element the government must prove beyond a reasonable doubt is that the value of the business, transaction, or series of transactions to which the payment related was at least $5,000.

To establish this element, the government must prove that Leonard Lawson intended to influence or reward James Rummage in connection with any business or transaction or series of transactions of the Kentucky Transportation Cabinet involving anything of value of $5,000 or more. If you find that the business, transaction, or series of transactions in question had a value of at least $5,000, this element is satisfied.

The government is not required to prove that Leonard Lawson paid or offered at least $5,000. It is the value of the business or transaction that the bribe was intended to influence or reward that is important for the purposes of this element.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A2-3 (2008).

INSTRUCTION NO. ___

**COUNT 4 – BRIBERY OF AN AGENT OF A**

**PROGRAM RECEIVING FEDERAL FUNDS**

Count 4 of the indictment charges the defendant, Leonard Lawson, with bribing an agent of a federally funded state agency, which is a violation federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following five elements beyond a reasonable doubt:

First: That at the time alleged in the indictment, Charles William "Bill" Nighbert was an agent of the Kentucky Transportation Cabinet;

Second: That the Kentucky Transportation Cabinet received federal benefits in excess of $10,000 in a one-year period;

Third: That Leonard Lawson gave something of value to Charles William "Bill" Nighbert;

Fourth: That Leonard Lawson acted corruptly with the intent to influence or reward Charles William "Bill" Nighbert with respect to the business, a transaction, or a series of transactions of the Kentucky Transportation Cabinet; and

Fifth: That the value of the business, transaction, or series of transactions to which the payment related was at least $5,000.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A2 (2008).

INSTRUCTION NO. ___

## COUNT 4 – BRIBERY OF AN AGENT OF A PROGRAM

## RECEIVING FEDERAL FUNDS –

## AGENT OF ORGANIZATION OF GOVERNMENT DEFINED

The first element the government must prove beyond a reasonable doubt is that at the time in the indictment, Charles William "Bill" Nighbert was an agent of the Kentucky Transportation Cabinet.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-1 (2008).

INSTRUCTION NO. ___

## COUNT 4 – BRIBERY OF AN AGENT OF A PROGRAM

## RECEIVING FEDERAL FUNDS –

## RECEIVED FEDERAL FUNDS DEFINED

The second element the government must prove beyond a reasonable doubt is that in one-year period, the Kentucky Transportation Cabinet received federal benefits in excess of $10,000.

To prove this element, the government must establish that the Kentucky Transportation Cabinet received, during a one-year period beginning on July 1, 2006, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, load, guarantee, insurance, or some other form of federal assistance.

The one-year period must begin no more than 12 months before the defendant began committing the offense and must end no more than 12 months after the defendant stopped committing the offense. The one-year period may include time both before and after the commission of the offense.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-2 (2008).

INSTRUCTION NO. ___

## COUNT 4 – BRIBERY OF AN AGENT OF A PROGRAM

## RECEIVING FEDERAL FUNDS –

## THING OF VALUE DEFINED

The third element the government must prove beyond a reasonable doubt is that Leonard Lawson gave something of value to Charles William "Bill" Nighbert.

The thing of value may be tangible property, intangible property, or services, of any dollar value, so long as it has value.

The government is not required to prove that the thing of value that the defendant allegedly illegally gave directly affected the federal benefits that the entity received.  Rather, the government is required to prove only that the defendant illegally gave a thing of value to an agent of an entity that received in excess of $10,000 in federal benefits.  Finally, the government is not required to show that Leonard Lawson knew that the entity received in excess of $10,000 in federal benefits.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A2-1 (2008).

INSTRUCTION NO. ___

## COUNT 4 – BRIBERY OF AN AGENT OF A PROGRAM

## RECEIVING FEDERAL FUNDS –

## CORRUPTLY WITH INTENT TO INFLUENCE DEFINED

The fourth element the government must prove beyond a reasonable doubt is that Leonard Lawson gave something of value to Charles William "Bill" Nighbert knowingly and corruptly and with intent to influence or reward Charles William "Bill" Nighbert's actions in connection with some business, transaction, or series of transactions of the Kentucky Transportation Cabinet.

To act corruptly means simply to act knowingly and intentionally with the purpose either of accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result by influencing or rewarding Charles William "Bill" Nighbert's actions.

Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit to another.

In considering this element, remember that the government must prove that Leonard Lawson intended at least in part to influence Charles William "Bill" Nighbert's actions, but the government is not required to prove that Charles William "Bill" Nighbert or the Kentucky Transportation Cabinet took any particular action. The government does not have to prove that Charles William "Bill" Nighbert accepted the bribe offer or that the bribe actually influenced the final decision of the Kentucky Transportation Cabinet. It is not even

necessary that Charles William "Bill" Nighbert had the authority to perform the act which the defendant sought.

Also, if you find that the defendant acted with the intent to reward Charles William "Bill" Nighbert for a decision already made, it does not matter that the payment was not made or offered until after the business, transaction, or series of transactions occurred.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A2-2 (2008).

INSTRUCTION NO. ___

## COUNT 4 – BRIBERY OF AN AGENT OF A PROGRAM

## RECEIVING FEDERAL FUNDS –

## DETERMINING VALUE OF TRANSACTION

The fifth and final element the government must prove beyond a reasonable doubt is that the value of the business, transaction, or series of transactions to which the payment related was at least $5,000.

To establish this element, the government must prove that Leonard Lawson intended to influence or reward Charles William "Bill" Nighbert in connection with any business or transaction or series of transactions of the Kentucky Transportation Cabinet involving anything of value of $5,000 or more. If you find that the business, transaction, or series of transactions in question had a value of at least $5,000, this element is satisfied.

The government is not required to prove that Leonard Lawson paid or offered at least $5,000. It is the value of the business or transaction that the bribe was intended to influence or reward that is important for the purposes of this element.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A2-3 (2008).

INSTRUCTION NO. ___

**COUNT 5 – SOLICITATION OF A BRIBE BY**

**AN AGENT OF A PROGRAM RECEIVING FEDERAL FUNDS**

Count 5 of the indictment charges the defendant, Charles William "Bill" Nighbert, with accepting a bribe while acting as an agent for a federally funded state agency, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following five elements beyond a reasonable doubt:

First: That at the time alleged in the indictment, Charles William "Bill" Nighbert was an agent of the Kentucky Transportation Cabinet;

Second: That the Kentucky Transportation Cabinet received federal benefits in excess of $10,000 in a one-year period;

Third: That Charles William "Bill" Nighbert accepted or agreed to accept something of value from Leonard Lawson;

Fourth: That Charles William "Bill" Nighbert acted corruptly with the intent to be influenced or rewarded in connection with the business, a transaction, or a series of transactions of the Kentucky Transportation Cabinet; and

Fifth: That the value of the business, transaction, or series of transactions to which the payment related was at least $5,000.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1B (2008).

INSTRUCTION NO. ___

**COUNT 5 – SOLICITATION OF A BRIBE BY**

**AN AGENT OF A PROGRAM RECEIVING FEDERAL FUNDS –**

**AGENT OF ORGANIZATION OF GOVERNMENT DEFINED**

The first element the government must prove beyond a reasonable doubt is that at the time in the indictment, Charles William "Bill" Nighbert was an agent of the Kentucky Transportation Cabinet.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-1 (2008).

INSTRUCTION NO. ___

**COUNT 5 – SOLICITATION OF A BRIBE BY**

**AN AGENT OF A PROGRAM RECEIVING FEDERAL FUNDS –**

**RECEIVED FEDERAL FUNDS DEFINED**

The second element the government must prove beyond a reasonable doubt is that in one-year period, the Kentucky Transportation Cabinet received federal benefits in excess of $10,000.

To prove this element, the government must establish that the Kentucky Transportation Cabinet received, during a one-year period beginning on July 1, 2006, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, load, guarantee, insurance, or some other form of federal assistance.

The one-year period must begin no more than 12 months before the defendant began committing the offense and must end no more than 12 months after the defendant stopped committing the offense. The one-year period may include time both before and after the commission of the offense.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1A-2 (2008).

INSTRUCTION NO. ___

**COUNT 5 – SOLICITATION OF A BRIBE BY**

**AN AGENT OF A PROGRAM RECEIVING FEDERAL FUNDS –**

**THING OF VALUE DEFINED**

The third element the government must prove beyond a reasonable doubt is that Charles William "Bill" Nighbert accepted or agreed to accept something of value from Leonard Lawson. The thing of value may be tangible property, intangible property, or services, of any dollar value, so long as it has value.

The government is not required to prove that the thing of value that the defendant allegedly illegally accepted or agreed to accept was "federal benefits," or that the illegal acts directly affected the federal benefits that the entity received. Rather, the government is required to prove only that the defendant illegally accepted or agreed to accept a thing of value while he was an agent of an entity that received in excess of $10,000 in federal benefits. Finally, the government is not required to prove that the defendant knew that the entity received in excess of $10,000 in federal benefits.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1B-1 (2008).

INSTRUCTION NO. ___

## COUNT 5 – SOLICITATION OF A BRIBE BY

## AN AGENT OF A PROGRAM RECEIVING FEDERAL FUNDS –

## CORRUPTLY WITH INTENT TO BE INFLUENCED DEFINED

The fourth element the government must prove beyond a reasonable doubt is that Charles William "Bill" Nighbert accepted or agreed to accept something of value corruptly and with the intent to be influenced or rewarded in connection with some business or transaction of the Kentucky Transportation Cabinet.

To act corruptly means simply to act knowingly and intentionally with the purpose either of accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result influenced by the receipt of the thing of value.

Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit of another.

In considering this element, remember that the government must prove that Charles William "Bill" Nighbert intended at least in part to be influenced or rewarded, but the government is not required to prove that Charles William "Bill" Nighbert or the Kentucky Transportation Cabinet took any particular action. The government does not have to prove that the defendant received the bribe or that the bribe actually influenced the Kentucky Transportation Cabinet. It is not even necessary that the defendant had the authority to perform the act sought.

Also, if you find that the defendant accepted the payment with the intent to be

rewarded for a decision already made, it does not matter that the payment was not accepted or solicited until after the transaction occurred.

*See* Pattern Crim. Jury Instr. 3rd Cir 6.18.666A1B-2 (2008).

INSTRUCTION NO. ___

**COUNT 5 – SOLICITATION OF A BRIBE BY**

**AN AGENT OF A PROGRAM RECEIVING FEDERAL FUNDS –**

**DETERMINING VALUE OF TRANSACTION**

The fifth element the government must prove beyond a reasonable doubt is that the value of the business, transaction, or series of transactions to which the payment related was at least $5,000.

To establish this element, the government must prove that Charles William "Bill" Nighbert intended to be influenced or rewarded in connection with any business or transaction or series of transactions of the Kentucky Transportation Cabinet involving anything of value of $5,000 or more.  If you find that the business, transaction, or series of transactions in question had a value of at least $5,000, this element is satisfied.

The government is not required to prove that Charles William "Bill" Nighbert received at least $5,000.  It is the value of the business, transaction, or series of transactions that the bribe was intended to influence or reward that is important for the purposes of this element.

*See* Pattern Crim. Jury Instr. 3rd Cir. 6.18.666A1B-3 (2008).

INSTRUCTION NO. ___

## COUNT 6 – CORRUPTLY OBSTRUCTING
## THE ADMINISTRATION OF JUSTICE

Count 6 of the indictment charges the defendants, Charles William "Bill" Nighbert and Leonard Lawson, with corruptly endeavoring to influence, obstruct, or impede the due administration of justice in connection with a pending judicial proceeding, which is a violation of federal law.

In order to find either one of the defendants guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That at the time alleged in the indictment there was a proceeding before a federal grand jury;

Second: That the defendant knew of the pending judicial proceeding and endeavored to influence, obstruct, or impede the due administration of justice in that proceed; and

Three: That the defendant's act was done "corruptly," that is, that the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.

The government does not have to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which he knew was likely to influence, obstruct, or impede the due administration of justice as the natural and probable effect of the defendant's actions.

The term "administration of justice" means the performance of acts required by lawful discharge of duties such as appearing as a witness and giving truthful testimony when subpoenaed.

*See* Pattern Crim. Jury Instr. 5th Cir. 2.65 (2001).

INSTRUCTION NO. ___

## COUNT 7 – OBSTRUCTION OF JUSTICE BY

## TAMPERING WITH A WITNESS

Count 7 of the indictment charges the defendants, Charles William "Bill" Nighbert and Leonard Lawson, with tampering with a witness, which is a violation of federal law.

In order to find either of the defendants guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That the defendant knowingly attempted to corruptly persuade James Rummage;

Second: That the defendant acted with intent to hinder, delay, or prevent James Rummage from communicating to law enforcement authorities information relating to the commission or possible commission of an offense;

Third: That the offense was a federal offense; and

Fourth: That the defendant believed that James Rummage might communicate with federal authorities. However, the government does not need to prove that an official proceeding was actually pending or about to be instituted at the time of the alleged offense.

To "corruptly persuade" means the defendant acted knowingly, dishonestly, and with intend to hinder, delay, or prevent the communication.

The government does not have to prove that the defendant succeeded in the effort to tamper with the witness; the government need not prove that the witness changed or withheld

his or her testimony.  What the government must prove beyond a reasonable doubt is that the

defendant acted with intent to influence a witness' testimony.

*See* Pattern Crim. Jury Instr. 3rd Cir. 6.18.1512B-1 (2008).

INSTRUCTION NO. ___

**INTRODUCTION**

(1)  That concludes the part of my instructions explaining the elements of the crimes.

Next I will explain some rules that you must use in considering some of the testimony and

evidence.

<u>See</u> Sixth Circuit, <u>Pattern Criminal Jury Instructions</u> §7.01(2005)

INSTRUCTION NO. ___

**DEFENDANT'S FAILURE TO TESTIFY**

(1)  A defendant has an absolute right not to testify [or present evidence].  The fact that he did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)  Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

See Sixth Circuit, Pattern Criminal Jury Instructions §7.02A (2005).

INSTRUCTION NO. ___

**DEFENDANT'S TESTIMONY**

(1)   You have heard the defendant testify.   Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.   And I suggested some things for you to consider in evaluating each witness's testimony.

(2)   You should consider those same things in evaluating the defendant's testimony.

<u>See</u> Sixth Circuit, <u>Pattern Criminal Jury Instructions</u> §7.02B (2005).

INSTRUCTION NO. ___

**IMPEACHMENT BY PRIOR INCONSISTENT**

**STATEMENT NOT UNDER OATH**

(1)  You have heard the testimony of James Rummage. You have also heard that before this trial he made a statement that may be different from his testimony here in court.

(2)  This earlier statement was brought to your attention only to help you decide how believable his testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his testimony here in court.

See Sixth Circuit, Pattern Criminal Jury Instructions §7.04 (2005).

INSTRUCTION NO. ___

**TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY**

**OR REDUCED CRIMINAL LIABILITY**

(1) You have heard the testimony of James Rummage. You have also heard that while the government has made no explicit promise to him that he will not be prosecuted for his involvement in the criminal conduct charged in the indictment, the government did tell him "the sky is the limit" in exchange for his cooperation.

(2) It is permissible for the government to make such a promise. But you should consider Rummage's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

(3) Do not convict the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

See Sixth Circuit, Pattern Criminal Jury Instructions §7.07     (2005).

INSTRUCTION NO. ___

**TESTIMONY OF AN ACCOMPLICE**

(1)  You have heard the testimony of James Rummage.  You have also heard that he was involved in some of the same crimes that the defendants are charged with committing.  You should consider Rummage's testimony with more caution than the testimony of other witnesses.

(2)  Do not convict the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe their respective testimony beyond a reasonable doubt.

See Sixth Circuit, Pattern Criminal Jury Instructions §7.08 (2005).

INSTRUCTION NO. ___

**SUMMARIES NOT ADMITTED IN EVIDENCE**

(1)  You have seen some charts and summaries that may help explain the evidence. That is their only purpose, to help explain the evidence.  They are not themselves evidence or proof of any facts.

See Sixth Circuit, Pattern Criminal Jury Instructions §7.12 (2005).

INSTRUCTION NO. ___

**SECONDARY-EVIDENCE SUMMARIES**

**ADMITTED IN EVIDENCE**

(1) During the trial you have seen counsel use a summary in the form of a chart or calculation that has been admitted in evidence. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

See Sixth Circuit, Pattern Criminal Jury Instructions §7.12A (2005).

INSTRUCTION NO. ___

**TRANSCRIPTIONS OF AUDIO RECORDINGS**

(1)  You have heard some audio recordings that were received in evidence, and you were given some written transcripts of the audio recordings.

(2)    Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The audio recordings themselves are the evidence.  If you noticed any differences between what you heard on the audio recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the audio recordings, you must ignore the transcripts as far as those parts are concerned.

<u>See</u> Sixth Circuit, <u>Pattern Criminal Jury Instructions</u> §7.17 (2005).

INSTRUCTION NO. ___

**JUDICIAL NOTICE**

(1)    I have decided to accept as proved the fact that Franklin, Fayette, and Rowan Counties, are within the Eastern District of Kentucky, even though no evidence was presented on this point.  You may accept this fact as true, but you are not required to do so.

<u>See</u> Sixth Circuit, <u>Pattern Criminal Jury Instructions</u> §7.19 (2005); 28 U.S.C. §97(a).

INSTRUCTION NO. ___

**INTRODUCTION**

(1)  That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)  The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)  Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)  If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

(5)  One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished. See Sixth Circuit, Pattern Criminal Jury Instructions §8.01 (2005).

INSTRUCTION NO. ___

**EXPERIMENTS, RESEARCH AND INVESTIGATION**

(1)  Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)  For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)  Make your decision based only on the evidence that you saw and heard here in court.

See Sixth Circuit, Pattern Criminal Jury Instructions §8.02 (2005).

INSTRUCTION NO. ___

**UNANIMOUS VERDICT**

(1)  Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)  To find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3) To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)  Either way, guilty or not guilty, your verdict must be unanimous.

See Sixth Circuit, Pattern Criminal Jury Instructions §8.03 (2005).

INSTRUCTION NO. ___

**UNANIMITY NOT REQUIRED – MEANS**

(1) One more point about the requirement that your verdict must be unanimous. Counts _____ of the indictment accuse the defendant of committing the crime of _____ in more than one possible way. The first is that he _____. The second is that he _____.

(2) The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

<u>See</u> Sixth Circuit, <u>Pattern Criminal Jury Instructions</u> §8.03B (2005).

INSTRUCTION NO. ___

**DUTY TO DELIBERATE**

(1)  Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the

defendants guilty beyond a reasonable doubt.

See Sixth Circuit, Pattern Criminal Jury Instructions §8.04 (2005).

INSTRUCTION NO. ___

**PUNISHMENT**

(1)  If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)  Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)  Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

See Sixth Circuit, Pattern Criminal Jury Instructions §8.05 (2005).

INSTRUCTION NO. ___

**VERDICT FORM**

(1)  I have prepared a verdict form that you should use to record your verdict.

(2)  If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

See Sixth Circuit, Pattern Criminal Jury Instructions §8.06 (2005).

INSTRUCTION NO. ___

**VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

(1)  Remember that the defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

(2)  Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved either of these defendants guilty.  Do not let the possible guilt of others influence your decision in any way.

See Sixth Circuit, Pattern Criminal Jury Instructions §8.08 (2005).

INSTRUCTION NO. ___

**COURT HAS NO OPINION**

(1)  Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendants guilty beyond a reasonable doubt.

See Sixth Circuit, Pattern Criminal Jury Instructions §8.09 (2005).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL NO. 08-21-KSF**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**


**VS.**                                    **<u>VERDICT</u>**



**LEONARD LAWSON and**
**CHARLES WILLIAM "Bill" NIGHBERT**                                    **DEFENDANTS**


\* \* \* \* \*


We, the jury, find the defendant, LEONARD LAWSON, as to:

COUNT 1          GUILTY ____          NOT GUILTY _____

COUNT 3          GUILTY ____          NOT GUILTY _____

COUNT 4          GUILTY ____          NOT GUILTY _____

COUNT 6          GUILTY ____          NOT GUILTY _____

COUNT 7          GUILTY ____          NOT GUILTY _____

We, the jury, find the defendant, CHARLES WILLIAM "Bill" NIGHBERT, as to:

COUNT 1          GUILTY ____          NOT GUILTY _____

COUNT 2          GUILTY ____          NOT GUILTY _____

COUNT 5          GUILTY ____          NOT GUILTY _____

COUNT 6          GUILTY ____          NOT GUILTY _____

COUNT 7          GUILTY ____          NOT GUILTY _____


_____
DATE


_____
FOREPERSON

Respectfully submitted,

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY


BY:    /s/Kevin C. Dicken
       Kevin C. Dicken
       Assistant United States Attorney
       260 West Vine Street, Suite 300
       Lexington, KY  40507-1612
       (859) 685-4888


Certificate of Service

I hereby certify that on January 8, 2010, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

The foregoing document will be served via the CM/ECF system on all counsel of record.

/s/Kevin C. Dicken
Kevin C. Dicken
Assistant United States Attorney