UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL ACTION NO. 08-21-KSF

UNITED STATES OF AMERICA                                                                            PLAINTIFF

v.                                           **OPINION & ORDER**

LEONARD LAWSON,
CHARLES WILLIAM "BILL" NIGHBERT, and
BRIAN RUSSELL BILLINGS                                                                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion in limine of the Defendants, Leonard Lawson and Charles William "Bill" Nighbert, for an order pursuant to Rule 402 and 403 of the Federal Rules of Evidence excluding all evidence of, and any reference to, the following: (1) the fact that Guthrie True, attorney of record for Lawson, previously represented Marc Williams, a former commissioner in the Kentucky Department of Transportation who may be called as a witness at trial; and (2) the fact that Kent Wicker, attorney of record for Nighbert, also represents Defendant Brian Russell Billings [DE #589]. The Government has filed its response objecting to the motion in limine, and also its own motion in limine for an order allowing it to introduce additional evidence that Lawson has selected or is funding multiple attorneys for both witnesses and defendants [DE #593]. The Court will address each motion separately.

I.   **THE DEFENDANTS' MOTION IN LIMINE REGARDING ATTORNEY REPRESENTATION [DE #589]**

In 2007-2008, True represented Williams in an ethics investigation in which Williams was ultimately cleared. He also represented Williams in 2008, in conjunction with Williams setting up

and participating in an interview with the FBI related to the investigation leading to this prosecution. According to the defendants, True has obtained the necessary waivers and received an ethics opinion from the Kentucky Bar Association that his representation of Lawson, subsequent to his representation of Williams, is ethical and proper. Wicker, who has represented Billings in this proceeding, has recently entered his appearance for Nighbert. According to the defendants, Wicker has obtained the necessary waivers related to his joint representation, and obtained an ethics opinion from the Kentucky Bar Association that his joint representation is consistent with the ethical rules.

The defendants argue that the Government has taken no formal action to challenge True's appearance for Lawson or Wicker's appearance for Nighbert. Moreover, they argue that these representation issues are not only irrelevant under FRE 402, but that any "probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury . . ." under FRE 403. Injecting the ethical and legal arguments related to waivers and ethics rules, according to the defendants, would be time consuming, confusing, and prejudicial.

The Government objects, arguing that it is entitled to introduce evidence of a concerted effort by Lawson to select and provide, at his expense, attorneys for his co-defendants and witnesses. According to the Government, this evidence is proper impeachment material, evidence of prior or present association, and also evidence of a consciousness of guilt. In their Reply, Defendants state that Lawson is not paying for Nighbert's representation and the Government has no evidence to the contrary so it should not be able to make insinuations to that effect.

**II.    THE GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE ADDITIONAL EVIDENCE OF ATTORNEY REPRESENTATION AND FEES [DE # 593]**

In response to the defendants' motion, the Government has filed its own motion in limine for an order allowing it to introduce evidence that Lawson has selected or is funding multiple

attorneys for both witnesses and defendants. According to the Government's theory of the case, during the early stages of the investigation Lawson and his attorneys began systematically providing attorneys for individuals in and around the critical facts for the purposes of informing himself and his attorneys of the development in the investigation and in order to control the message from the defense side of the case. In response, Defendants state that Lawson has not paid for representation of any witness, nor has he done anything to "control" or affect the testimony of any witness, and any claim to the contrary is completely speculative and is an attempt to mislead or prejudice the jury. If the Court is inclined to permit such questioning, Defendants request an evidentiary hearing at which the Government must establish that it has a factual basis to make statements before the jury or to ask the witnesses about their representation or the payment of costs of their representation.

### III.    ANALYSIS

The Court agrees with the Government that a defendant's funding of a witnesses' representation is proper impeachment evidence. *United States v. Coviello*, 225 F.3d 54 (1st Cir. 2000). The evidence of payment of witnesses' attorney fees by a defendant is probative of motive to slant testimony in a manner favorable to the defendant. *United States v. Frazier*, 944 F.2d 820 (11th Cir. 1991). Accordingly, the Court will allow the Government to question **witnesses** about the source of funds to pay for his or her attorney, the manner in which his or her attorney was selected, and evidence of any prior association with an attorney for a party. An evidentiary hearing is unnecessary; however, the Government must have a good faith, reasonable basis for such questioning and Counsel should be advised that the Court will not tolerate a fishing expedition. The Court also has concerns about the issues that this line of questioning raises with regard to whether Lawson actually has control over certain corporations or entities that the Government may contend paid for witnesses' attorneys. Counsel should tread carefully when posing these questions and the Court may

find that an evidentiary hearing is necessary at a later time.

Due to the potential prejudice to Defendants, the Court will not permit the Government to question any witness about whether Lawson is paying for Nighbert's defense unless the Government can present convincing evidence to the Court that this contention is valid prior to asking any such question. Finally, the Court finds that Mr. Wicker's representation of Billings is wholly irrelevant to the matters in this case and the Government may not introduce evidence regarding this issue.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Motion in Limine Regarding Attorney Representation [DE 589] is **GRANTED IN PART AND DENIED IN PART** in accordance with this Opinion & Order.

**IT IS FURTHER ORDERED** that the Government's Motion in Limine to Introduce Additional Evidence of Attorney Representation and Fees [DE 593] is **GRANTED IN PART AND DENIED IN PART** in accordance with this Opinion & Order.

This 8th day of January, 2009.



Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**